UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GINA ANNE NOEL PANE,

               Plaintiff,

    -against-

THE TOWN OF GREENBURGH, JOHN KAPICA,
in his capacity as CHIEF OF THE GREENBURGH
NEW YORK POLICE DEPARTMENT, ERIK WARD,
POLICE OFFICER MICHAEL MUSSER, SERGEANT
ROBERT GRAMAGLIA, SERGEANT FRANCIS
PUMILLO, DETECTIVE FERTIG, JOHN DOE
POLICE OFFICERS 1-10, SO NAMED
AS THEIR IDENTITIES HAVE YET TO
BE ESTABLISHED

               Defendants.
------------------------------------------------------------------x

Case Number:
07 CV 3216
(WP4) (LMS)

**ANSWER AND
AFFIRMATIVE
DEFENSES**

Assigned Judge:
Hon Lisa Margaret Smith
U.S.M.J.

      The Defendants, TOWN OF GREENBURGH, and JOHN KAPICA, in his capacity as Chief of the Greenburgh New York Police Department (hereinafter collectively referred to as "Town Defendants") by their attorneys MURPHY STECICH & POWELL, LLP, answers the Complaint in the above-captioned action, as follows:

### I.  PRELIMINARY STATEMENT

    1.    Town Defendants deny knowledge or information to form a belief as to the truth or accuracy of the allegations contained paragraphs 1-5 of the Complain

## II.  JURISDICTION

2. Paragraphs 6, 7, 8, 9 and 10 set forth the jurisdictional limitations to which no response is required. To the extent that a response is required, Town Defendants deny the allegations therein.

## III.  Parties

3. Town Defendants deny knowledge or information to form a belief as to the truth or accuracy of the allegations contained in paragraph 11 of the Complaint.

4. Town Defendants admit the allegations contained in paragraphs 12, 13, and 15 of the Complaint.

5. Town Defendants admit the allegations contained in paragraph 14 of the Complaint that Erik Ward was a police officer employed by the Town. The remainder of the allegations in paragraph 14 are denied.

6. Town defendants admit the allegations contained in paragraph 16 of the Complaint that Michael Muesser was a police officer employed by the Town. The remainder of the allegations in paragraph 16 of the Complaint are denied.

7. Town defendants admit the allegations contained in paragraph 17 of the Complaint that Sergeant Robert Gramaglia was a police officer employed by the Town. The remainder of the allegations in paragraph 17 of the Complaint are denied.

8. Town defendants admit the allegations contained in paragraph 18 of the

Complaint that Sergeant Francis Pumillo was a police officer employed by the Town. The remainder of the allegations in paragraph 18 of the Complaint are denied.

9. Town defendants admit the allegations contained in paragraph 19 of the Complaint that Detective Fertig was a police officer employed by the Town. The remainder of the allegations in paragraph 19 of the Complaint are denied.

10. Town defendants deny the allegations contained in paragraph 20 of the Complaint. .

## IV.  AMOUNT IN CONTROVERSY

11. Town Defendants deny the allegations contained in paragraph 21 of the plaintiff's complaint.

## V.  JURY DEMAND

12. Paragraph 22 sets forth a demand for jury trial to which no response is required.

## VI.  NOTICE OF CLAIM

13. Town Defendants admit only under paragraph 23 of the Complaint that what purported to be a notice of claim was served upon the Town of Greenburgh and respectfully refer all questions of law to the trial court for judicial determination.

14. Town defendants admit the allegations contained in paragraph 24 of the Complaint.

15. Town defendants admit that more than thirty days have passed since the filing of the notice of claim and that the claim has not been adjusted and deny each and every other allegation contained in paragraph 25 of the plaintiff's complaint.

## VII. FACTUAL ALLEGATIONS

16. Town defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 26 of the Complaint.

17. Town Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 27 of the Complaint, except deny that the plaintiff's car was parked with its engine off.

18. Town defendants admit that Greenburgh police personnel positioned a police vehicle in the vicinity of plaintiff's vehicle and deny each and every other allegation contained in paragraph 28 of plaintiff's complaint.

19. Town defendants deny each and every allegation contained in paragraph 29 of the Complaint, except admit that plaintiff provided a quantity of marijuana that was in her purse.

20. Town Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 30 of the Complaint, except admit that the plaintiff was placed in a Greenburgh police vehicle.

21. Town defendants deny each and every allegation contained in paragraph 31 of the plaintiff's complaint.

22. Town defendants deny each and every allegation contained in paragraph 32 of the Complaint, except admit that Erik Ward and Paul Fertig were present at the movie theater parking lot.

23. Town Defendants deny each and every allegation contained in paragraph 33 of the Complaint.

24. Town defendants deny each and every allegation contained in paragraph 34 of the plaintiff's complaint.

25. Town defendants admit that plaintiff was transported by officer Muesser in a Greenburgh police vehicle to Greenburgh Police headquarters, and deny each and every other allegation contained in paragraph 35 of plaintiff's complaint.

26. Town defendants deny each and every allegation contained in paragraph 36, 37, 38, 39, 40, 41,42,43, and 44 of the Complaint.

27. Town defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 45 of the Complaint

28. Town defendants admit under paragraph 46 of the Complaint that plaintiff was issued an Information and an appearance ticket and refer all questions of law to the Court.

29. Town defendants admit only that the charge of violation of Vehicle and Traffic Law § 1192 referred to in paragraph 47 of the Complaint as the "DWI-drugs" charge was ultimately dismissed and respectfully refer all questions of law to the trial

court for judicial determination.

30.  Town defendants admit, upon information and belief, only that plaintiff was granted an Adjournment in Contemplation of Dismissal as alleged in paragraph 48 of the Complaint and respectfully refer all questions of law to the trial court for judicial determination.

31.  Town defendants deny each and every allegation contained in paragraph 49 of the Complaint.

32.  Town Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 50, 52 and 53 of the plaintiff's complaint.[1]

33.  Town defendants admit only in response to plaintiff's allegations in paragraph 54 that defendant Ward did not request permission of his superiors to recruit plaintiff as an informant and respectfully refer all questions of law to the trial court for judicial determination.

34.  Town Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 55, 56, 57, 58, 59, 60, 61, 62, 63, 65, 66, 67, 68, 71, 72, 73, and 77 of the Complaint.

35.  Town defendants deny each and every allegation contained in paragraph 64 of the Complaint.

---

[1] No paragraph 51 appears in the Complaint

36. Town defendants admit the allegations contained in paragraph 69 of the Complaint.

37. Town defendants deny each and every allegation contained in paragraph 70 of the plaintiff's complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegation that the computer referred to in paragraph 70 of the Complaint was 'recently purchased' by defendant Ward.

38. Town Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 74 of the Complaint, except deny the allegation that media reports were designed as witness-intimidation and resulted in aggravating the injury to plaintiff.

39. Town Defendants deny the allegations set forth in paragraphs 75, 76 and 78 of the Complaint.

## VIII.   COUNTS PURSUANT TO 42 U.S.C. 1983

### FIRST COUNT

40. In response to paragraph 79 of the Complaint, Town defendants repeat and reallege their responses in paragraphs 1 through 39 of this Answer, incorporated by reference in this paragraph as if fully set forth herein

41. Town Defendants deny the allegations set forth in paragraphs 80, 81, 82 and 83 of the Complaint.

### SECOND COUNT

42. In response to paragraph 84 the Complaint, Town defendants repeat and reallege their responses in paragraphs 1 through 41 of this Answer, incorporated by reference in this paragraph as if fully set forth herein

43. Town defendants deny each and every allegation set forth in paragraphs 85, 86, 87 and 88 of the Complaint.

### THIRD COUNT

44. In response to paragraph 89 of plaintiff's complaint, Town defendants repeat and reallege their responses in paragraphs 1 through 43 of this Answer, incorporated by reference in this paragraph as if fully set forth herein

45. Town defendants deny each and every allegation set forth in paragraphs 90, 91, 92 and 93 of the Complaint.

### FOURTH COUNT

46. In response to paragraph 94 of plaintiff's complaint, Town defendants repeat and reallege their responses in paragraphs 1 through 45 of this Answer, incorporated by reference in this paragraph as if fully set forth herein.

47. Town defendants deny each and every allegation set forth in paragraphs 95, 96, and 97 of the Complaint.

### IX.   STATE LAW BASED COUNTS

### FIFTH COUNT

48. In response to paragraph 98 of plaintiff's complaint, Town defendants repeat and reallege their responses in paragraphs 1 through 47 of this Answer, incorporated by

reference in this paragraph as if fully set forth herein.

49. Town defendants deny each and every allegation set forth in paragraphs 99 101, 102 and 104 of the Complaint.

50. Town Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 100 of the Complaint.

51. Town defendants admit the allegations contained in paragraph 103 of the Complaint.

## SIXTH COUNT

52. In response to paragraph 105 of plaintiff's complaint, Town defendants repeat and reallege their responses in paragraphs 1 through 51 of this Answer, incorporated by reference in this paragraph as if fully set forth herein.

53. Town Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 106 and 107 of the Complaint.

54. Town defendants deny each and every allegation set forth in paragraphs 108, 109 and 111 of the Complaint.

55. Town defendants admit the allegations contained in paragraph 110 of the Complaint.

## SEVENTH COUNT

56.     In response to paragraph 112 of plaintiff's complaint, Town defendants repeat and reallege their responses in paragraphs 1 through 55 of this Answer, incorporated by reference in this paragraph as if fully set forth herein

57.     Town defendants admit only that the criminal proceedings alleged in paragraph 113 of the Complaint were commenced against plaintiff and refer all questions of law to the Court.

58.     Town defendants deny each and every allegation set forth in paragraphs 114, 115, 116 and 117 of the Complaint.

## EIGHTH COUNT

59.     In response to paragraph 118 of plaintiff's complaint, Town defendants repeat and reallege their responses in paragraphs 1 through 58 of this Answer, incorporated by reference in this paragraph as if fully set forth herein

60.     Town defendants deny each and every allegation set forth in paragraphs 119, and 120 and 122 of the Complaint.

61.     Town defendants admit only under paragraph 121 of the Complaint that the Town of Greenburgh is a municipality within the State of New York and refer all questions of law to the court.

## NINTH COUNT

62.     In response to paragraph 123 of plaintiff's complaint, Town defendants repeat and reallege their responses in paragraphs 1 through 61 of this Answer,

incorporated by reference in this paragraph as if fully set forth herein.

63.  Town Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 124, 125, 126 and 132 of the Complaint.

64.  Town defendants admit the allegations contained in paragraph 129 of the Complaint.

65.  Town defendants deny each and every allegation set forth in paragraphs 127, 128, 130, 131 and 133 of the Complaint.

## TENTH COUNT

66.  In response to paragraph 134 of plaintiff's complaint, Town defendants repeat and reallege their responses in paragraphs 1 through 65 of this Answer, incorporated by reference in this paragraph as if fully set forth herein.

67.  Town defendants deny each and every allegation set forth in paragraphs 135, 136 and 137 of the Complaint.

68.  Town defendants deny that plaintiff is entitled to any of the relief requested in the prayer for relief in the Complaint.

## **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

69.     The Complaint fails to state facts sufficient to constitute a claim in whole or in part, upon which relief may be granted against the Town Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

70.     At all times relevant to this action Town Defendants acted lawfully and in good faith, and in a non-reckless manner and, although they deny the allegations of unlawful conduct as set forth in the Complaint, had reasonable grounds for believing that the acts or omissions alleged in the Complaint were not violative of any law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

71.     At all times relevant to this action Town Defendants acted lawfully and in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, and interpretations of appropriate agencies of the United States.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

72.     Defendant JOHN KAPICA at all relevant time periods alleged in this Complaint acted in good faith in the performance of their duties, and in accordance with all applicable statutes, laws, codes, rules, agreements and regulations and pursuant to their statutory authority is entitled to qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

73.     Plaintiff is not entitled to punitive damages against Town Defendants for acts undertaken in their official capacities.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

74.    In the event that a verdict or decision is determined in favor of plaintiff against defendants, no punitive damages may be properly awarded if the conduct upon which the verdict was rendered occurred while defendants were acting within the scope of their employment and did not constitute intentional wrongdoing or recklessness, because defendants would be entitled to indemnification from a municipal corporation, against which punitive damages may not be awarded.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

75.    Defendant JOHN KAPICA at no time acted willfully or maliciously in disregard of Plaintiff's constitutional rights.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

76.    Punitive damages can not be assessed against Defendant Town of Greenburgh

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

77.    Plaintiff is not entitled to attorney's fees.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

78.    Any conduct which is alleged by plaintiff is <u>de minimis</u> and insubstantial and, as such, the allegations fail to establish a claim under 42 U.S.C. Section 1983.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

79.     Plaintiff has failed to adequately plead or prove and/or prove that the Town defendants instituted a"practice, policy or custom" of inadequate training and/or supervision so as to justify the claims of municipal liability.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

80.     Defendant Town of Greenburgh cannot be held liable based upon a theory of respondeat superior for the alleged violations of the plaintiff's civil rights by its employees.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

81.     At all times mentioned the Town defendants acted in accordance with the Constitution of the United States of America and the Constitution of the State of New York, and all state and local laws relative thereto.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

82.     All actions taken by the Town defendants were justified, proper and/or lawful under the circumstances.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

83.     The Complaint has not established that the plaintiff has actual and ascertainable damages.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

84.     Town defendants did not violate plaintiff's constitutional rights to equal protection under the Fourteenth Amendment of the United States Constitution because the

Town defendants did not discriminate against plaintiff on the basis of her gender.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

85. If the plaintiff sustained damages as alleged in the Complaint, which is expressly denied by the Town defendants, then such damages were caused in whole or in part by reason of the plaintiff's failure to mitigate her damages and the amount of damages otherwise recoverable shall be reduced by such amounts as is attributable to plaintiff's failure to mitigate.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

86. If the plaintiff sustained damages as alleged in the Complaint, which is expressly denied by the Town defendants, then such damages were caused in whole or in part by the culpable conduct of the plaintiff. The amount of damages recoverable, if any, shall therefore, be diminished in proportion to which said culpable conduct, attributable to plaintiff, bears to the culpable conduct which caused such injuries.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

87. Punitive damages are not available as against answering defendant JOHN KAPICA when answering defendant is sued in his official capacity.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

88. Upon information and belief on or about February 21, 2007 plaintiff accepted an Adjournment in Contemplation of Dismissal ("ACD") in connection with her arrest for possession of marijuana. This ACD does not represent a termination of a criminal action

in favor of plaintiff, and effectively precludes an action for false imprisonment and malicious prosecution.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

89. Any acts which form the basis of plaintiffs claim for false arrest against Town defendants were committed by law enforcement officers in the employ of the Town of Greenburgh in the scope of their employment were justified as being reasonably necessary, and were committed in good faith without malice and with probable cause, and in the performance of discretionary functions for which the defendant are qualifiedly privileged under the laws of this State and of the United States.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

90. Plaintiff has failed to adequately plead a cause of action under New York Civil rights Law §40-c and 40-d.

WHEREFORE, Town Defendants deny that plaintiff is entitled to any relief and request that the Complaint be dismissed in its entirety with prejudice and for such other and further relief as the Court may deem just and proper.

Dated:     Tarrytown, New York
           June 22, 2007

                      **MURPHY STECICH & POWELL, LLP**
                      Attorneys for the Town of Greenburgh
                      and John Kapica

                      _____S/_____
                      Brian D. Murphy (BDM 1017)
                      828 South Broadway, Suite 300
                      Tarrytown, New York 10591
                      (914) 674-4100

To:     Law Offices of Ravi Batra, P.C.
       Counsel for Plaintiff
       The Batra Building
       142 Lexington Avenue
       New York, New York 10016

       Thomas J. Troetti, Esq.
       305 Old Tarrytown Road
       White Plains, New York 10603-2825

       Quinn & Mellea, LLP
       Attn: Andrew Quinn, Esq.
       Counsel for Erik Ward
       399 Knollwood Road
       White Plains, New York 10603-1931