UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GINA ANNE NOEL PANE,

                                Plaintiff,

                                                                    **ANSWER**

                                                                    07 CV 3216

            -against-

THE TOWN OF GREENBURGH, JOHN KAPICA,
in his capacity as CHIEF OF THE GREENBURGH
NEW YORK POLICE DEPARTMENT, ERIK WARD,
POLICE OFFICER MICHAEL MUESSER, SERGEANT
ROBERT GRAMAGLIA, SERGEANT FRANCIS
PUMILLO, DETECTIVE FERTIG, JOHN DOE POLICE
OFFICERS 1 – 10, SO NAMED AS THEIR IDENTITIES
HAVE YET TO BE ESTABLISHED.

                                Defendants.
------------------------------------------------------------------------X

        Defendant, Erik Ward ("Defendant Ward"), by his attorney Andrew C. Quinn, of

Quinn & Mellea, L.L.P., for his answer to plaintiff's verified complaint, respectfully

allege, upon information and belief, as follows:

        1.  That the allegations set forth in paragraph "1" of the Complaint constitute legal

conclusions to which no response from Defendant Officer Ward is required.  To the

extent that a response is required, Defendant Officer Ward denies any wrongdoing.

        2.  Denies knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "2", except to the extent that paragraph "2" contains

a claim or claims of wrongdoing or alleges liability on the part of Defendant Officer

Ward, Defendant Officer Ward denies any wrongdoing.

3.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3", except to the extent that paragraph "3" contains a claim or claims of wrongdoing or alleges liability on the part of Defendant Officer Ward, Defendant Officer Ward denies any wrongdoing.

4.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4", except to the extent that paragraph "4" contains a claim or claims of wrongdoing or alleges liability on the part of Defendant Officer Ward, Defendant Officer Ward denies any wrongdoing.

5.  That the allegations set forth in paragraph "5" of the Complaint constitute legal conclusions to which no response from Defendant Officer Ward is required.  To the extent that a response is required, Defendant Officer Ward denies any wrongdoing.

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "6" through "10" of the Complaint.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

8. Admit the allegations set forth in paragraph "12", to the extent that the events leading to the Complaint occurred at the times and in the places alleged in the Complaint.

9.  Admits the allegations contained in paragraph "13" through "19" to the extent that said paragraphs identify the named Defendants, and denies knowledge and information sufficient to form a belief as to the truth of the allegations relating to the named Defendants set forth therein.

10.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint that relate to actions taken and statements made or written by others.

11.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint that relate to actions taken and statements made or written by others; Denies as to all allegations against Defendant Officer Ward.

12.  That the allegations set forth in paragraph "22" of the complaint constitute legal conclusions to which no response from Defendant Officer Ward is required.

13.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs "23" through "25" of the Complaint.

14.  Denies the allegations set forth in paragraph "26" of the Complaint, and demands strict proof thereof.

15.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "27" of the Complaint, and demands strict proof thereof.

16.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "28" of the Complaint, and demands strict proof thereof.

17.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "29" of the Complaint, and demands strict proof thereof.

18.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "30" of the Complaint, and demands strict proof thereof.

19.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "31" of the Complaint, and demands strict proof thereof.

20.  Denies the allegations set forth in paragraph "32" of the Complaint, except to the extent that Defendant Officer Ward admits that he arrived at the location of the Greenburgh Multiplex on January 21, 2006 and had a conversation with plaintiff. Defendant Officer Ward denies all other allegations contained in paragraph "32". Additionally, Defendant Officer Ward denies the allegations contained in footnote 3 of the Complaint.

21.  Denies the allegations set forth in paragraph "33" of the Complaint except to the extent that Defendant Officer Ward discussed law related matters with the plaintiff.

22.  Denies the allegations contained in paragraph "34" of the Complaint.

23.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "35" of the Complaint, and demands strict proof thereof.

24.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "36" of the Complaint, and demands strict proof thereof.

25.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "37" of the Complaint, and demands strict proof thereof.

26.  Denies the allegations set forth in paragraph "38" of the Complaint except to the extent that Defendant Officer Ward discussed law related matters with the plaintiff.

27.  Denies the allegations set forth in paragraph "39" of the Complaint except to the extent that Defendant Officer Ward discussed law related matters with the plaintiff.

28.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs "40" of the Complaint, and demands strict proof thereof.

29.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "41" of the Complaint, and demands strict proof thereof.

30.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "42" of the Complaint, and demands strict proof thereof.

31.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "43" of the Complaint, and demands strict proof thereof.

32.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "44" of the Complaint, and demands strict proof thereof.

33.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "45" of the Complaint, and demands strict proof thereof.

34.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "46" of the Complaint, and demands strict proof thereof.

35.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "47" of the Complaint, and demands strict proof thereof.

36.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "48" of the Complaint, and demands strict proof thereof.

37.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "49" of the Complaint, and demands strict proof thereof.

38.   Admit the allegations contained in paragraph "50" of the Complaint, to the extent the Defendant Officer Ward telephoned plaintiff on January 22, 2006 at 2:18 a.m. to discuss law related business.

39.   Admit the allegations contained in paragraph "52" of the Complaint, to the extent the Defendant Officer Ward telephoned plaintiff on January 22, 2006 to discuss law related business.

40.   Admit the allegations contained in paragraph "53" of the Complaint, to the extent the Defendant Officer Ward arrived at the Doral Arrowood Resort in Rye Brook,

New York and met with plaintiff, and denies knowledge and information sufficient to form a belief as to the remaining allegations contained in paragraph "53", and demands strict proof thereof.

41.   Denies the allegations set forth in paragraph "54" of the Complaint, and demands strict proof thereof.

42.   Denies the allegations set forth in paragraph "55" of the Complaint, except to the extent that plaintiff entered Officer Ward's vehicle, and engaged in a conversation with Defendant Officer Ward.

43.   Admits the allegations set forth in paragraph "56" of the Complaint, except to the extent the plaintiff alleges that defendant Officer Ward insisted upon or compelled plaintiff to take any action.

44.   Denies the allegations set forth in paragraph "57" of the Complaint, and demands strict proof thereof.

45.   Denies the allegations set forth in paragraph "58" of the Complaint, and demands strict proof thereof.

46.   Denies the allegations set forth in paragraph "59" of the Complaint, except to the extent that plaintiff directed Defendant Officer Ward to a location.

47.   Denies the allegations set forth in paragraph "60" of the Complaint, and demands strict proof thereof.

48.   Denies the allegations set forth in paragraph "61" of the Complaint, and demands strict proof thereof.

49.   Denies the allegations set forth in paragraph "62" of the Complaint, except to the extent that plaintiff and Defendant Officer Ward returned to the Doral Arrowwood Resort in Rye Brook, New York.

50.   Denies the allegations set forth in paragraph "63" of the Complaint, and demands strict proof thereof.

51.   Admits the allegations set forth in paragraph "64" of the Complaint, to the extent the plaintiff alleges that defendant Officer Ward was acting in his capacity as a police officer; Defendant denies the allegations set forth in paragraph "64" of the Complaint to the extent that plaintiff alleges that Defendant Officer Ward compelled plaintiffs actions and/or engaged in any type of "fetished based" actions.

52.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "65" of the Complaint, and demands strict proof thereof.

53.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "66" of the Complaint, and demands strict proof thereof.

54.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "67" of the Complaint, and demands strict proof thereof.

59.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "68" of the Complaint, and demands strict proof thereof.

60.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "69" of the Complaint, and demands strict proof thereof.

61.    Denies the allegations set forth in paragraph "70" of the Complaint, and demands strict proof thereof.

62.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "69" of the Complaint, and demands strict proof thereof.

63.    Denies the allegations set forth in paragraph "72" of the Complaint, and demands strict proof thereof.

64.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "73" of the Complaint, and demands strict proof thereof.

65.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "74" of the Complaint, and demands strict proof thereof.

66.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "75" of the Complaint, and demands strict proof thereof.

67.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "76" of the Complaint, and demands strict proof thereof.

68.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "77" of the Complaint, and demands strict proof thereof.

69.  Denies the allegations set forth in paragraph "78" of the Complaint, and demands strict proof thereof.

## AS AND FOR THE FIRST COUNT PURSUANT TO 42 U.S.C. 1983

70.  Defendant Officer Ward repeats, reiterates, and realleges each and every answer stated in the proceeding paragraphs as if fully restated herein at length.

71.  Denies the allegations set forth in paragraph "80" of the Complaint, and demands strict proof thereof.

72.  That the allegations contained in paragraph "81" of the Complaint constitute legal conclusions to which no response from Defendant Officer Ward is required.  All questions of law are respectfully referred to this Honorable Court.

73.  That the allegations contained in paragraph "82" of the Complaint constitute legal conclusions to which no response from Defendant Officer Ward is required.  All questions of law are respectfully referred to this Honorable Court.

74.  Denies the allegations set forth in paragraph "83" of the Complaint, and demands strict proof thereof.

## AS AND FOR THE SECOND COUNT PURSUANT TO 42 U.S.C. 1983

75.  Defendant Officer Ward repeats, reiterates, and realleges each and every answer stated in the proceeding paragraphs as if fully restated herein at length.

76.  Denies the allegations set forth in paragraph "85" of the Complaint, and demands strict proof thereof.

77.   That the allegations contained in paragraph "86" of the Complaint constitute legal conclusions to which no response from Defendant Officer Ward is required.  All questions of law are respectfully referred to this Honorable Court.

78.   That the allegations contained in paragraph "87" of the Complaint constitute legal conclusions to which no response from Defendant Officer Ward is required.  All questions of law are respectfully referred to this Honorable Court.

79.   Denies the allegations set forth in paragraph "88" of the Complaint, and demands strict proof thereof.

## AS AND FOR THE THIRD COUNT PURSUANT TO 42 U.S.C. 1983

80.   Defendant Officer Ward repeats, reiterates, and realleges each and every answer stated in the proceeding paragraphs as if fully restated herein at length.

81.   Denies the allegations set forth in paragraphs "90" of the Complaint, and demands strict proof thereof.

82.   That the allegations contained in paragraph "91" of the Complaint constitute legal conclusions to which no response from Defendant Officer Ward is required.  All questions of law are respectfully referred to this Honorable Court.

83.   That the allegations contained in paragraph "92" of the Complaint constitute legal conclusions to which no response from Defendant Officer Ward is required.  All questions of law are respectfully referred to this Honorable Court.

84.   Denies the allegations set forth in paragraph "93" of the Complaint, and demands strict proof thereof.

## AS AND FOR THE FOURTH COUNT PURSUANT TO 42 U.S.C. 1983

85.   Defendant Officer Ward repeats, reiterates, and realleges each and every answer stated in the proceeding paragraphs as if fully restated herein at length.

86.   That the allegations contained in paragraph "95" of the Complaint constitute legal conclusions to which no response from Defendant Officer Ward is required.  All questions of law are respectfully referred to this Honorable Court.

87.   That the allegations contained in paragraph "96" of the Complaint constitute legal conclusions to which no response from Defendant Officer Ward is required.  All questions of law are respectfully referred to this Honorable Court.

88.   Denies the allegations set forth in paragraph "97" of the Complaint, and demands strict proof thereof.

## AS AND FOR THE FIFTH COUNT – FALSE ARREST

89.   Defendant Officer Ward repeats, reiterates, and realleges each and every answer stated in the proceeding paragraphs as if fully restated herein at length.

90.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "99" of the Complaint, and demands strict proof thereof.

91.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "100" of the Complaint, and demands strict proof thereof.

92.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "101" of the Complaint, and demands strict proof thereof.

93.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "102" of the Complaint, and demands strict proof thereof.

94.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "103" of the Complaint, and demands strict proof thereof.

95.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "104" of the Complaint, and demands strict proof thereof.

## AS AND FOR THE SIXTH COUNT – FALSE IMPRISONMENT

96.   Defendant Officer Ward repeats, reiterates, and realleges each and every answer stated in the proceeding paragraphs as if fully restated herein at length.

97.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "106" of the Complaint, and demands strict proof thereof.

98.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "107" of the Complaint, and demands strict proof thereof.

99.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "108" of the Complaint, and demands strict proof thereof.

100.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "109" of the Complaint, and demands strict proof thereof.

101.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "110" of the Complaint, and demands strict proof thereof.

102.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "111" of the Complaint, and demands strict proof thereof.

## AS AND FOR THE SEVENTH COUNT – MALICIOUS PROSECUTION

103.    Defendant Officer Ward repeats, reiterates, and realleges each and every answer stated in the proceeding paragraphs as if fully restated herein at length.

104.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "113" of the Complaint, and demands strict proof thereof.

105.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "114" of the Complaint, and demands strict proof thereof.

106.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "115" of the Complaint, and demands strict proof thereof.

107.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "116" of the Complaint, and Defendant Officer Ward specifically denies being involved in the arrest and/or the decision to file criminal charges against plaintiff, and demands strict proof thereof.

108.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "117" of the Complaint, and demands strict proof thereof.

## AS AND FOR THE EIGHTH COUNT – DISCRIMINATION

109.   Defendant Officer Ward repeats, reiterates, and realleges each and every answer stated in the proceeding paragraphs as if fully restated herein at length.

110.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "119" of the Complaint, and demands strict proof thereof.

111.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "120" of the Complaint, and demands strict proof thereof.

112.   The allegations set forth in paragraph "121" constitute a legal conclusion to which no response from Defendant Officer Ward is required.  All questions of law are respectfully referred to this Honorable Court.

113.  The allegations set forth in paragraph "122" constitute a legal conclusion to which no response from Defendant Officer Ward is required.  All questions of law are respectfully referred to this Honorable Court.

### AS AND FOR THE NINTH COUNT – DISCRIMINATION

114.  Defendant Officer Ward repeats, reiterates, and realleges each and every answer stated in the proceeding paragraphs as if fully restated herein at length.

115.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "124" of the Complaint, and demands strict proof thereof.

116.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "125" of the Complaint, and demands strict proof thereof.

117.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "126" of the Complaint, and demands strict proof thereof.

118.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "127" of the Complaint, and demands strict proof thereof.

119.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "128" of the Complaint, and demands strict proof thereof.

120.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "129" of the Complaint, and demands strict proof thereof.

121.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "130" of the Complaint, and demands strict proof thereof.

122.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "131" of the Complaint, and demands strict proof thereof.

123.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "132" of the Complaint, and demands strict proof thereof.

124.   Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "133" of the Complaint, and demands strict proof thereof.

## AS AND FOR THE TENTH COUNT – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

125.   Defendant Officer Ward repeats, reiterates, and realleges each and every answer stated in the proceeding paragraphs as if fully restated herein at length.

126.   Denies the allegations set forth in paragraph "135" of the Complaint, and demands strict proof thereof.

127.   Denies the allegations set forth in paragraph "136" of the Complaint, and demands strict proof thereof.

128.  Denies the allegations set forth in paragraph "137" of the Complaint, and demands strict proof thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

129.  At all times relevant hereto, defendant Officer Ward acted in good faith and took appropriate action in the discharge of his official duties.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

130.  Defendant Officer Ward, to the extent he is sued in his individual capacity, is entitled to qualified immunity since at all times he acted in good faith in the discharge of his job duties and his conduct did not violate any clearly established constitutional or statutory rights which a reasonable person would have known.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

131.  This answering Defendant at all relevant times acted in accordance with all laws, rules and regulations and pursuant to his statutory authority.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

132.  The Court lacks subject matter jurisdiction over the case in controversy.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

133.  For a separate and distinct affirmative defense, this answering Defendant alleges that the complaint on file herein fails to state a claim upon which relief can be granted.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

134.  For a separate and distinct affirmative defense, this individual answering Defendant alleges that he is immune from liability for the matters stated in the complaint in that all of his alleged actions, if any, were made in good faith, without malice and

performed in his official capacities as an employee of the Town of Greenburgh Police Department.

## AND FOR A SEVENTH AFFIRMATIVE DEFENSE

135.  For a separate and distinct affirmative defense, this answering Defendant alleges that plaintiffs' rights, privileges and immunities secured under the Constitution, or laws of the United States, if they exist at all, have not been violated by an alleged action of the defendant.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

136.  This action is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

137.  The Complaint is barred, in whole or in part, as a result of Plaintiff's failure to comply with all the conditions precedent for commencing this action.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

138.  Defendant Officer Ward has not violated any rights, privileges or immunities of the Plaintiff under the Constitution or laws of the United States, the State of New York, or any political subdivisions thereof.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

139.  Any injuries suffered by Plaintiff are a result of her own culpable and/or negligent conduct.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

140.  All actions taken by Defendant with respect to Plaintiff were taken in good faith for non-discriminatory legitimate business reasons and based on reasonable factors other than Plaintiff's gender.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

141.  The Complaint fails to state a cause of action as against Defendant Officer Ward in his individual capacity, and must be dismissed.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

142.  The Complaint fails to state a cause of action as against Defendant Officer Ward in his official capacity, and must be dismissed.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

143.  The Complaint fails to state a cause of action as against Defendant Officer Ward in his individual and/or official capacity, and must be dismissed.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

144.  The Complaint fails to state a Federal or State cause of action as against Defendant Officer Ward in his individual and/or official capacity, and must be dismissed.

**WHEREFORE,** Defendant Officer Ward, demands judgment:

I.      Dismissing the complaint in its entirety;

II.     Granting Defendant Officer Ward the costs, disbursements, expenses and

        reasonable attorney's fees and such other relief as this Court may deem

        just and proper.

Dated: White Plains, New York
        June 25, 2007

                                        Respectfully submitted,


                                        _____
                                        ANDREW C. QUINN, ESQ. (AQ-4059)
                                        BRUNO V. GIOFFRE, JR., ESQ. (BG-7598)
                                        Attorneys for Defendant Officer Ward
                                        Crosswest Office Center
                                        399 Knollwood Road
                                        Suite 220
                                        White Plains, New York  10603
                                        (914) 997-0555


To:     Ravi Batra, Esq.
        The Law Firm of Ravi Batra
        142 Lexington Avenue
        The Batra Building
        New York, New York 10016

        Brian Murphy, Esq.
        Stecich Murphy & Lamers
        828 S. Broadway
        Tarrytown, New York 10591

        Timothy Lewis, Esq.
        Town Attorney
        Town of Greenburgh
        177 Hillside Avenue
        Greenburgh, New York 10607

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 27, 2007 the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Ravi Batra, Esq.
The Law Firm of Ravi Batra
142 Lexington Avenue
The Batra Building
New York, New York 10016

Brian Murphy, Esq.
Stecich Murphy & Lamers
828 S. Broadway
Tarrytown, New York 10591

Timothy Lewis, Esq.
Town Attorney
Town of Greenburgh
177 Hillside Avenue
Greenburgh, New York 10607

Dated:    White Plains, New York
          June 27, 2007

                                    ___/S/_____
                                    Andrew C. Quinn (AQ-4059)