# THE LAW FIRM OF



## RAVI BATRA

---

**THE BATRA BUILDING**  RaviBatraLaw@aol.com
**142 LEXINGTON AVE.**  Fax: 212-545-0967
**NEW YORK, NEW YORK 10016**
**212-545-1993**

February 26, 2007

**By Mail and Fax 914-993-1656**
**David R. Fried, Esq.**
**Office of the Town Attorney**
**177 Hillside Avenue**
**Greenburgh, NY 10607**
        914-993-1546

Re:   50-H of Gina Pane, scheduled by your Office for 3/2/07; Need to adjourn due to my being in-court, Kings Supreme, and need for clarification of protocol:

Question: given Gina's appearance before the Town Board, will the Town not limit its "50-H" questions to damages, or else, be barred in the main with "asked and answered" given the inquiry by the Town's then-prosecutor Vincent Toomey?

Preservation of evidence; Request for production of information about Ward, during the period 1/1/04 - 2/16/07 (the date of his termination).

Dear David,

The receipt of your letter of 1/25/07 is duly acknowledged. I have left a message for Vince Toomey today, given his conversations with me prior to Gina appearing at Ward's disciplinary hearing, and that that appearance would more than satisfy the 50-H hearing (as to liability), as in addition, she would be subjected to cross-examination by Ward's attorney, Quinn; which she was.

I was also promised certain documents, including, all of the exhibits marked for identification or received in evidence as well as transcripts of all testimony by all witnesses. I am still awaiting their production.

Discovery Request is also made for the production of Erik Ward's:
    1. last known address and telephone numbers, landline and cell-phone;
    2. Any and all records maintained by Town of Greenburgh and its subsidiaries, including, but not limited to, Greenburgh Police Department, pertaining to Ward's accessing Greenburgh's computer systems, including, his "log-ins" and "log-outs," his histories of websites visited while at work, his

histories of websites accessed remotely, non-internet based data sought and non-internet based data accessed;
      3. Any and all Internet Protocol addresses associated with Ward's access of the above-described Greenburgh's computer systems;
      4. Any and all information that the Town of Greenburgh and its subdivisions and departments possess regarding Ward's personal Internet Protocol addresses, Internet Service Provider(s) and email accounts.

Finally, I request that Ward's computer at the Police Station be preserved, as well as the computers used by all of the officers on duty the night Gina was brought to Police HQ, including, but not limited to, PO Muesser and Sgt Gramaglia.

This letter is a good faith attempt to resolve these issues without judicial intervention.

Nothing contained herein waives Gina Pane's right to file a federal action under inter alia §1983 and seek damages greater than those specified in the Notice of Claim. Indeed, the *detailed* Notice of Claim, filed before Gina graduated, and as such, she was not in a position to know what injury to her career had been caused by those who sought to intimidate her after she filed charges of misconduct against Ward et al.

While it is an admitted fact that Ward was able to destroy critical evidence of his behavior and sexual fetishes contained in his computer and keep same away from impartial forensic evaluation, we believe that he was unlawfully "tipped off" that a Search Warrant inter alia, seeking his computer was to be executed imminently and this illegal knowledge inspired him to obstruct justice by disposing of his relatively new computer and modem. As his tailor-made perjured defense is nothing short of "fraud upon the court," I am most concerned about those who may have aided and abetted him.

I await your response. In the event you and/or Hon. Tim Lewis desire to meet and work out some of these issues, I would be delighted to do so.

With regards,

                Sincerely yours,
                The Law Firm of Ravi Batra, P.C.

                By Ravi Batra
                Counsel to Gina Pane

\pane.696\022607.TownAtty