UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GINA ANNE NOEL PANE,

                Plaintiff,

-against-

THE TOWN OF GREENBURGH, JOHN KAPICA,
in his capacity as CHIEF OF THE GREENBURGH
NEW YORK POLICE DEPARTMENT, ERIK WARD,
POLICE OFFICER MICHAEL MUESSER, SERGEANT
ROBERT GRAMAGLIA, SERGEANT FRANCIS
PUMILLO, DETECTIVE FERTIG, JOHN DOE
POLICE OFFICERS 1-10, SO NAMED
AS THEIR IDENTITIES HAVE YET TO
BE ESTABLISHED

                Defendants.
------------------------------------------------------------------x

Case Number:
07 CV 3216
(WP4) (LMS)

**TOWN DEFENDANT'S FIRST DEMAND FOR DOCUMENTS**

Assigned Judge:
Hon Lisa Margaret Smith
U.S.M.J.

      PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendants, TOWN GREENBURGH, and JOHN KAPICA (hereinafter collectively referred to as "Town Defendants") by their attorneys STECICH MURPHY & LAMMERS, L.L.P., hereby requests that plaintiff serve a written response to these requests within thirty (30) days of the date of service.

## DEFINITIONS AND INSTRUCTIONS

      i.  For purposes of this document, request, the terms "Town Defendants", shall mean John Kapica and the Town of Greenburgh, as well as any of its officers, directors, employees, or other agents, any of its divisions, operating groups or units, and any of its corporate parents, affiliates or subsidiaries.

      ii. The terms "plaintiff" or "Gina Anne Noel Pane" shall be deemed to include Gina Anne Noel Pane, as well as any of her agents, representatives, attorneys or assigns, or any other person acting at her direction or on her behalf.

      iii."Document" means (a) "document" as that term is used in Rule 34 of the Federal Rules of Civil Procedure and (b) "writings" and "recordings" as those terms are used in Rule 1001(a) of the Federal Rules of Evidence.  "Document" also means a "duplicate" of a "document" as that term is used in Rule 101(d) of the Federal Rules of Evidence.

      iv  "Employment" as used herein shall include any job, position, function, or responsibility for which plaintiff would expect to receive or received compensation including consulting, advising and self-employment.

      v.  In responding to this request, all requested documents in plaintiff's possession, custody or control are to be produced.  This includes documents in the possession, custody or control of plaintiff's attorneys or their investigators or of any third party or parties to whom plaintiff has surrendered possession, custody or control, or who

are acting on plaintiff's behalf, or who have otherwise obtained possession, custody or control, or who upon plaintiff's request, would surrender possession, custody or control to her.

      vi  Each request herein for documents to be produced contemplates production of the document in its entirety, without abbreviation or expurgation.  If plaintiff is unable to produce a complete version of a document, so state in writing and produce whatever portion of said document that she is able to produce, specifying his inability to produce the remaining portion of said document and stating whatever information or knowledge he has concerning the documents he is unable to produce including, but not limited to, the content of such document.  If any such document was, but is no longer in plaintiff's possession, custody or control, state what disposition was made of it, the individual or entity currently in possession of the document and the reason for such disposition.

      vii  In the event that any document called for by this request has been destroyed, that document is to be identified in writing as follows:  addressor, addressee, indicated or blind copies, date, subject matter, number of pages, attachments, exhibits or appendices, al persons to whom distributed, shown, explained or discussed, date of destruction, manner of destruction, person who authorized destruction and person who destroyed the document.

      viii  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

ix   The term "concerning" means relating to, referring to, describing, evidencing or constituting.

x   The following rules of construction apply to all discovery requests: the terms "all" and "each" shall be construed as all and each.

xi   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to ring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The use of the singular form of any word includes the plural and vice versa.

xii   Where a claim of privilege is asserted in objecting to any document demand, or sub-part thereof, and an answer is not provided on the basis of such assertion, please (a) identify the nature of the privilege which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and (b) provide the following information: (I) the type of document; (ii) general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other.

xiii   This document request is continuing and requires further and supplemental production of all responsive documents which are obtained after the date of the initial production.

## **DOCUMENT REQUESTS**

1. Notes, memoranda, diaries, logs, records and similar documents which contain records, notes, descriptions or thoughts of plaintiff concerning any conversation plaintiff had with any employee or representative of the Town Defendants concerning or supporting any of the allegations of the Complaint.

2. Notes, memoranda, diaries, logs, records and similar documents which contain records, notes, descriptions or thoughts of plaintiff concerning any conversation plaintiff had with Defendant Erik Ward, Michael Musser, Sgt. Robert Gramaglia, Sgt. Francis Pumillo, Detective Fertig and "John Doe" Police Officers 1-10 concerning or supporting any of the allegations of the Complaint.

3. All tape recordings and transcriptions of such recordings of all conversations with any employee or representative of Town Defendants concerning or supporting any of the allegations in the Complaint.

4. All correspondence between plaintiff and any former or current employee or representative of the Town Defendants concerning or supporting any allegations in the Complaint.

5. Copies of any and all police reports in plaintiff's possession that concern any of the allegations contained in plaintiff's complaint

6. Copy of any medical reports and or records concerning any of the medical treatment that Plaintiff received as a result of the conduct alleged in the Complaint.

7. All documents concerning any medical, psychiatric or psychological treatment or therapy, or services of any health care provider received by plaintiff and any such consultations obtained by her as a result of any of the allegations in the complaint. Such documents shall include, without limitation, reports of physicians, psychiatrists, psychologists or therapists; hospital reports and records; insurance claim forms, reports and records; employment-related forms, reports and records; and any and all invoices or bills, paid or unpaid and canceled checks relating to any such treatment or therapy.

8. All documents regarding or establishing illness, injury, sickness, disability, pain, suffering, mental anguish, emotional distress, and/or humiliation suffered by plaintiff, including, but not limited to, sickness or illness reports, disability reports, medical records and physician's reports, prescriptions, diagnoses, prognoses, and treatments, and including any information pertaining to the cause of such illness, injury, disability, paid, suffering, and/or anguish of plaintiff as a result of any allegations in the complaint.

9. HIPPA compliant authorizations for the release of Plaintiff's medical records, held or maintained by Vincent Meyer, M.D., William Hunt, M.D., The Greenwich Hospital of Greenwich, Connecticut, Mark Anderson, M.D. and Kathyrn A.

Niebuhr, as more fully identified in Plaintiff's Initial Disclosure Pursuant to Rule 26 (a) (1).

10.     HIPPA compliant authorizations for the release of Plaintiff's medical records, held or maintained by Combined life Insurance Co. Of New York/ Oxford health Insurance, as more fully identified in Plaintiff's Initial Disclosure Pursuant to Rule 26 (a) (1).

11.     All written reports submitted to plaintiff (or detailed summary if report was oral) by each expert whom plaintiff has retained for any period of time concerning or supporting any of the allegations in the Complaint.

12.     Authorizations for the release of all correspondence and information concerning of relating to Plaintiff from, recruiters and potential employers as more fully identified in Plaintiff's Initial Disclosure Pursuant to Rule 26 (a) (1).

13.     Copies of all correspondence, reports and resumes submitted to recruiters or potential employers by Plaintiff from January 1, 2005 to the present.

14.     Copies of any and all reports, "Background Checks' or employment related analysis prepared of in the possession of Philip Davis, Research Analytics, LLC, 901 N. Washington Street, Suite 700, Alexandria, VA 22314.

15. Authorizations for the release of all correspondence and information concerning of relating to Plaintiff from Philip Davis, Research Analytics, LLC, 901 N. Washington Street, Suite 700, Alexandria, VA 22314.

16. All documents which substantiate, form the basis or otherwise concern the compensatory damages alleged in sub paragraph "B" of the "PRAYER FOR RELIEF" clause.

17. All documents which substantiate, form the basis or otherwise concern the punitive damages alleged in sub paragraph "C" of the "PRAYER FOR RELIEF" clause.

18. All documents which substantiate, form the basis of otherwise concern the legal fees paid for defending Plaintiff against criminal charges brought against her in the Greenburgh Town Justice Court.

19. An authorization to obtain a copy of the Town of Greenburgh Justice Court's file concerning the criminal charges preferred against Plaintiff as referred to tin the Complaint.

Dated: Tarrytown, New York
      August 9, 2007

                                            **STECICH MURPHY & LAMMERS, LLP**
                                            Attorneys for the Town of Greenburgh
                                            and John Kapica

                                                        S/
                                            Brian D. Murphy (BDM 1017)
                                            828 South Broadway, Suite 300
                                            Tarrytown, New York 10591
                                            (914) 674-4100


To:    Law Offices of Ravi Batra, P.C.
         Counsel for Plaintiff
         The Batra Building
         142 Lexington Avenue
         New York, New York 10016

         Thomas J. Troetti, Esq.
         305 Old Tarrytown Road
         White Plains, New York 10603-2825

         Quinn & Mellea, LLP
         Attn: Andrew Quinn, Esq.
         Counsel for Erik Ward
         399 Knollwood Road
         White Plains, New York 10603-1931