```
Stecich Murphy & Lammers, LLP
828 South Broadway, Suite 201,
Tarrytown, New York 10591
[914] 674-4100
Attorney for The Town of Greenburgh
and Police Chief John Kapica
```

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Civil Action, Case Number 07 Civ. 3216

---

| | |
|---|---|
| GINA ANNE NOEL PANE, JOHN KAPICAS<br>    Plaintiff,<br><br>v.<br><br>THE TOWN OF GREENBURGH, JOHN KAPICA, in his capacity as CHIEF OF POLICE OF THE GREENBURH NEW YORK POLICE DEPARTMENT, ERIK WARD, POLICE OFFICER MICHAEL MUESSER, SERGEANT ROBERT GRAMAGLIA, SERGEANT FRANCIS PUMILLO, DETECTIVE PAUL FERTIG, JOHN DOE POLICE OFFICERS 1-10, SO NAMED AS THEIR IDENTITIES HAVE YET TO BE ESTABLISHED<br>    Defendants | TOWN OF GREENBURGH AND<br><br>RESPONSES AND OBJECTIONS TO<br><br>PLAINTIFF'S REQUEST FOR PRODUCTION |

---

```
PROPOUNDING PARTY:     Plaintiff
RESPONDING PARTY:      The Town of Greenburgh and John Kapica,
SET NUMBER:
```

    To Gina Anne Noel Pane and her attorney of record:
Pursuant to FRCP 34(b), Town Defendants hereby respond and object to Plaintiff's October 19, 2007 note/memo request for production of documents.

GENERAL OBJECTIONS

1. The Town Defendants shall respond to the requests as if directed only at documents within its possession, custody or control.

2. This response is based upon documents presently available to and located by Town Defendants and is given without prejudice to Town

Defendant's right to produce additional documents at a later date should they become located and available as a result of subsequent review of its records or as a result of additional investigation or discovery.

3. By producing or failing to produce some or all of the requested documents, Town Defendants do not concede the relevance or materiality of any request or the subject to which it relates.

4. The Town Defendants object to all requests to the extent they seek documents protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

5. Inadvertent production of privileged information by Town Defendants shall not constitute waiver of any applicable privilege or doctrine, including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, privilege and/or admissibility as evidence as such objections may apply at trial or otherwise in this action.

6. The Town Defendants object to the requests to the extent they call for a duplicate production of documents previously produced to Plaintiff.

7. The Town Defendants object to each and every request to the extent they call for information protected by the United States Constitution and any applicable statutes, including, but not limited to, the right of privacy.

8. The Town Defendants object to each and every request for production of electronically stored information including information on all websites visited from all computers at Greenburgh 'PD HQ' that defendant Ward could have used as well as all data from the Greenburgh 'PD LAN' accessed by Defendant Ward; data from Greenburgh PD hard drives including sexual fetish material on the grounds that such information is not reasonably accessible to the Town Defendants because of undue burden or cost to the Town Defendants of producing such information.

SPECIFIC OBJECTIONS AND RESPONSES

Request No. A2 1. Security Video from movie theatre

Response to Request No. A2 1: The Town Defendants object to the requests to the extent they call for a duplicate production of documents previously produced to Plaintiff.

Request No. A3 1.

Response to Request No. A3 1: The Town Defendants object to the requests to the extent they call for a duplicate production of documents previously produced to Plaintiff. Subject to, and without waiving this objection, Town Defendants will produce notes and reports made by the Special Investigations Unit, to the extent not previously provided and other documents in its possession, custody or control, if any, which are responsive to this request.

Request No. B 1. All exhibits marked for ID or received in evidence in any prior criminal or disciplinary proceeding

Response to Request No. B 1: The Town Defendants object to the requests to the extent they call for a duplicate production of documents previously produced to Plaintiff.

Request No. B2 1: All websites visited from all computers at Greenburgh PD HQ that Ward could have accessed'

Response to Request No. B2 1: Town Defendants object on the ground that this request is unduly burdensome and oppressive because it will require the responding party to incur substantial expense searching for documents that are only marginally relevant to this case.

Request No.B2 2. All data from the Greenburgh PD LAN accessed by Ward.

Response to Request No. B2 2: Town Defendants object on the ground that this request is unduly burdensome and oppressive because it will require the responding party to incur substantial expense searching for documents that are only marginally relevant to this case. Town Defendants also object to this request to the extent it calls for documents neither relevant to the claims in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Request No.B2 3. Data from Greenburgh PD hard drives including sexual fetish material

Response to Request No. B2 3: Town Defendants object on the ground that this request is unduly burdensome and oppressive because it will require the responding party to incur substantial expense searching for documents that are only marginally relevant to this case. The Town Defendants also object to this request as overly broad in that it seeks information that may exist in connection with police investigations unrelated to this action or defendant Ward. Town Defendants also object to this request to the extent it calls for documents neither relevant to the claims in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Request No.B2 3: ID of all members of service (MOS0 authorized to conduct "kiddy Porn" investigations by computer:

> What computers do they use?
> Did Ward have access to these computers?

Response to Request No. B2 3: Town Defendants object on the ground that this request is unduly burdensome and oppressive because it will require the responding party to incur substantial expense searching for documents that are only marginally relevant to this case. The Town Defendants also object to this request as overly broad in that it seeks information that may exist in connection with police investigations unrelated to this action or defendant Ward. Town Defendants also object to this request to the extent it calls for documents neither relevant to the claims in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Request No C4 1: Identification of each and every person who knew or means of knowing, about search warrant prior to its execution.

Response to Request No. C4 1: The Town Defendants object to the requests to the extent they call for a duplicate production of documents previously produced to Plaintiff. Town Defendants also object to this request as overly broad in that it seeks information on individuals who may have had '… means of knowing about a search warrant prior to its execution'.

Dated: 10/26/2007        Signed: _____/S/_____
                                 Attorney for The town of Greenburgh
                                 And John Kapica