```
Stecich Murphy & Lammers, LLP
828 South Broadway, Suite 201,
Tarrytown, New York 10591
[914] 674-4100
Attorney for The Town of Greenburgh
and Police Chief John Kapica
```

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Civil Action, Case Number 07 Civ. 3216

_____

| | |
|---|---|
| GINA ANNE NOEL PANE, | TOWN OF GREENBURGH AND RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION PURSUANT TO RULE 26 |
| v. | |
| THE TOWN OF GREENBURGH, JOHN KAPICA, in his capacity as CHIEF OF POLICE OF THE GREENBURH NEW YORK POLICE DEPARTMENT, ERIK WARD, POLICE OFFICER MICHAEL MUESSER, SERGEANT ROBERT GRAMAGLIA, SERGEANT FRANCIS PUMILLO, DETECTIVE PAUL FERTIG, JOHN DOE POLICE OFFICERS 1-10, SO NAMED AS THEIR IDENTITIES HAVE YET TO BE ESTABLISHED Defendants | |

_____

```
PROPOUNDING PARTY:    Plaintiff
RESPONDING PARTY:     The Town of Greenburgh and John Kapica,
SET NUMBER:           ONE
```

   To Gina Anne Noel Pane and her attorney of record:
Pursuant to FRCP 26, Town Defendants hereby respond and object to
Plaintiff's November 5, 2007 Request for Production pursuant to Rule 26

GENERAL OBJECTIONS

1. The Town Defendants shall respond to the requests as if directed only at documents within its possession, custody or control.

2. This response is based upon documents presently available to and

located by Town Defendants and is given without prejudice to Town Defendant's right to produce additional documents at a later date should they become located and available as a result of subsequent review of its records or as a result of additional investigation or discovery.

3. By producing or failing to produce some or all of the requested documents, Town Defendants do not concede the relevance or materiality of any request or the subject to which it relates.

4. The Town Defendants object to all requests to the extent they seek documents protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

5. Inadvertent production of privileged information by Town Defendants shall not constitute waiver of any applicable privilege or doctrine, including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, privilege and/or admissibility as evidence as such objections may apply at trial or otherwise in this action.

6. The Town Defendants object to the requests to the extent they call for a duplicate production of documents previously produced to Plaintiff.

7. The Town Defendants object to each and every request to the extent they call for information protected by the United States Constitution and any applicable statutes, including, but not limited to, the right of privacy.

8. The Town Defendants object to each and every request for production of electronically stored information including information on all websites visited from all computers at Greenburgh 'PD HQ' that defendant Ward could have used as well as all data from the Greenburgh 'PD LAN' accessed by Defendant Ward; data from Greenburgh PD hard drives including sexual fetish material on the grounds that such information is not reasonably accessible to the Town Defendants because of undue burden or cost to the Town Defendants of producing such information.

SPECIFIC OBJECTIONS AND RESPONSES

Request No. 1. The identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence

Response to Request No. 1: The Town Defendants have not retained any expert to give evidence in connection with this litigation.

Request No. 2. A written report prepared and signed by the expert witness which contains a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the expert witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the expert witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the expert witness has testified as an expert at trial or by deposition within the proceeding four years

Response to Request No. 2:The Town Defendants have not retained any

expert to give evidence in connection with this litigation.

Request No. 3. If a written report has not yet been completed, a detailed summary of any orally reported findings is requested.

Response to Request No. 3: The Town Defendants have not retained any expert to give evidence in connection with this litigation

Request No. 4: Identification by name, home and business address and telephone number of each and every defendant and /or employee of agent of any defendant who knew, or had access to information regarding the seeking, obtaining, planned execution, tactical planning, pre-execution, and actual execution of the search warrant executed at Defendant Ward's home and of his vehicle.

Response to Request No. 4: Town Defendants object on the ground that this request is unduly oppressive because it will require the responding party to reveal home addresses of members of the Greenburgh Police Department, when all named defendants who are members of the Police Department can be contacted at or through the official address of the Greenburgh Police Department. Town Defendants further object on the ground that police officers home addresses are privileged as official information. Town Defendants also object to this request to the extent it calls for duplicate production of information previously produced to Plaintiff.

Request No. 5. Identification by name home and business address and telephone number of each and every defendant and/or employee or agent of any defendant who contacted the news media, including News 12 and the Journal News after the plaintiff made her initial complaint to the Greenburgh Police Department.

Response to Request No. 5: Town Defendants object to this request to the extent it calls for duplicate production of information previously produced to Plaintiff. Town Defendants are unaware of the identity of the person or persons who contacted News 12 Westchester and/or the Journal News, or in fact, if any person contacted those agencies regarding Plaintiff's complaint to the Greenburgh Police Department.

Request No. 6.  Identification by name, home and business address and telephone number of each and every person who informed defendant Ward, and or his agents-including his attorneys- of the initial results of DNA testing.

Response to Request No. 6: Town Defendants object to this request to the extent it calls for documents neither relevant to the claims in this action nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, Town Defendants are unaware of the identity of any persons who informed defendant Ward or his agents of the result of DNA testing.

Request No. 6-a: Date that defendant Ward and/or his agents-including his attorneys-were informed of the initial results of DNA testing.

Response to Request No. 6-a: Town Defendants object to this request to the extent it calls for documents neither relevant to the claims in this action nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, Town Defendants are unaware of the date that defendant Ward or his agents-including his attorneys- were informed of the initial results of DNA testing.

Request No 6-b: Means by which defendant Ward, and/or his agents-including his attorneys were first informed of the initial results of DNA testing.

Response to Request No. 6-b: Town Defendants object to this request to the extent it calls for documents neither relevant to the claims in this action nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, Town Defendants are unaware of the means by which defendant Ward or his agents-including his attorneys-were informed of the initial results of DNA testing.

Request No. 6-c: Date that defendant Ward and/or his agents-including his attorneys first reported to any other party the initial results of DNA testing.

Response to Request No. 6-c: Town Defendants object to this request to the extent it calls for documents neither relevant to the claims in this action nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, Town Defendants are unaware of the date that defendant Ward and/or his agents-including his attorneys first reported to any other party the initial results of DNA testing.

Request No. 6-d: Identification by name, home and business address and telephone number of the party/parties that defendant Ward, and/or his agents-including his attorneys-first reported the initial results of DNA testing to.

Response to Request No. 6-d: Town Defendants object to this request to the extent it calls for documents neither relevant to the claims in this action nor reasonably calculated to lead to the discovery of admissible evidence. Town Defendants further object on the ground that police officers home addresses are privileged as official information. Notwithstanding this objection, Town Defendants are unaware of the date that defendant Ward and/or his agents-including his attorneys first reported to any other party the initial results of DNA testing.

Request No. 7: Identification by name, home address and business address and telephone number of each and every person who informed defendant ward, and/or his agents-including his attorneys-of any subsequent results of DNA testing.

Response to Request No. 7: Town Defendants object to this request to the extent it calls for documents neither relevant to the claims in this action nor reasonably calculated to lead to the discovery of admissible evidence. Town Defendants further object on the ground that police officers home addresses are privileged as official information. Notwithstanding this objection, Town Defendants are unaware of the identity of any person who informed defendant Ward of the results of any subsequent DNA testing.

Request No. 7-a: Date that defendant Ward and/or his agents-including his attorneys-were first informed of any subsequent results of DNA testing.

Response to Request No. 7-a:  Town Defendants object to this request to the extent it calls for documents neither relevant to the claims in this action nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, Town Defendants are unaware of the date that defendant Ward, and/or his agents-including his attorneys-were first informed of any subsequent results of DNA testing.

Request No. 7-b: Means by which defendant Ward, and or/his agents-

including his attorneys-were informed of any subsequent results of DNA testing.

Response to Request No. 7-b: Town Defendants object to this request to the extent it calls for documents neither relevant to the claims in this action nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, Town Defendants are unaware of the means by which defendant Ward, and/or his agents-including his attorneys-were first informed of any subsequent results of DNA testing.

Request No. 7-c: Date that defendant Ward, and/or his agents-including his attorneys reported to any other party any subsequent results of DNA testing.

Response to Request No. 7-c: Town Defendants object to this request to the extent it calls for documents neither relevant to the claims in this action nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, Town Defendants are unaware of the date that defendant Ward, and/or his agents-including his attorneys- reported to any other party any subsequent results of DNA testing.

Request No. 7-d: Identification by name, home and business address and telephone number of the party/parties that defendant Ward and or his agents-including his attorneys- reported any subsequent results of DNA testing to:

Response to Request No. 7-d: Town Defendants object to this request to the extent it calls for documents neither relevant to the claims in this action nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, Town Defendants are unaware of the identification of the party or parties that defendant Ward, and/or his agents-including his attorneys-reported any subsequent results of DNA testing.

Request No. 8: Identification by name, home address and telephone number of any and all employees of the Greenburgh New York Police Department who observed or were in contact with Gina Pane from the time of her arrest, during her detention until her release on January 21,2006.

Response to Request No. 8: Town Defendants object to this request on the ground that police officers home addresses and telephone numbers are privileged as official information. Subject to and without waiving this objection, Town Defendants will produce a list of the names, business address and business phone number of all employees of the Greenburgh, New York Police Department who observed or were in contact with Gina Pane from the time of her arrest, during her detention until her release on January 21, 2006.

Request No. 9:  Identification by name, home and business address and telephone number of any and all employees of the Greenburgh, New York Police Department who observed or were in contact with Gina Pane upon her efforts to obtain the release of her motor vehicle.

Response to Request No. 9:  Town Defendants  object to this request on the ground that police officers home addresses and telephone numbers are privileged as official information. Subject to and without waiving this objection, Town Defendants will produce a list of the names, business address and business phone number of all employees of the Greenburgh, New York Police Department who were in contact with Gina Pane upon her efforts to obtain the release of her motor vehicle.

Request No. 10:   Identification by name, home and business address and

telephone number of any and all employees of the Greenburgh, New York Police Department who observed or were in contact with Gina Pane during any investigation resulting from her complaint.

Response to Request No. 10:  Town Defendants  object to this request on the ground that police officers home addresses and telephone numbers are privileged as official information. Subject to and without waiving this objection, Town Defendants will produce a list of the names, business address and business phone number of all employees of the Greenburgh, New York Police Department who observed or were in contact with Gina Pane during her efforts to file a complaint.

Request No. 11:   Identification by name, home and business address and telephone number of any and all employees of the Greenburgh, New York Police Department who observed or were in contact with Gina Pane during any investigation resulting from her complaint.

Response to Request No. 11:  Town Defendants  object to this request on the ground that police officers home addresses and telephone numbers are privileged as official information. Subject to and without waiving this objection, Town Defendants will produce a list of the names, business address and business phone number of all employees of the Greenburgh, New York Police Department who observed or were in contact with Gina Pane during any investigation resulting from her complaint.

Request No. 12:   Identification by name, home and business address and telephone number of any and all dispatchers/ radio personnel of the Greenburgh, New York Police Department/Town of Greenburgh who were on duty from the time of Gina Pane's arrest, during her detention until her release on January 21, 2006.

Response to Request No. 12:  Town Defendants  object to this request on the ground that police officers home addresses and telephone numbers are privileged as official information. Subject to and without waiving this objection, Town Defendants will produce a list of the names, business address and business phone number of all dispatchers/radio personnel of the Greenburgh, New York Police Department/ Town of Greenburgh who were on duty from the time of Gina Pane's arrest during her detention until her release on January 21, 2006.

Request No. 13:   Identification by name, home and business address and telephone number of any and all employees of The Town of Greenburgh, New York who observed or were in contact with Gina Pane from the time of her arrest, during her detention until her release on January 21,2006.

Response to Request No. 13:  Town Defendants  object to this request on the ground that police officers home addresses and telephone numbers are privileged as official information. Subject to and without waiving this objection, Town Defendants will produce a list of the names, business address and business phone number of all employees of the Town of Greenburgh who observed Gina Pane from the time of her arrest, during her detention until her release on January 21, 2006.

Request No. 14:   Identification by name, home and business address and telephone number of any and all employees of The Town of Greenburgh, New York who observed or were in contact with Gina Pane upon her efforts to obtain the release of her motor vehicle.

Response to Request No. 14:  Town Defendants  object to this request on the ground that police officers home addresses and telephone numbers are

privileged as official information. Subject to and without waiving this objection, Town Defendants will produce a list of the names, business address and business phone number of all employees of the Town of Greenburgh who observed or were in contact with Gina Pane upon her efforts to obtain the release of her motor vehicle.

Request No. 15:   Identification by name, home and business address and telephone number of any and all employees of The Town of Greenburgh, New York who observed or were in contact with Gina Pane during her efforts to file a complaint.

Response to Request No. 15:  Town Defendants  object to this request on the ground that police officers home addresses and telephone numbers are privileged as official information. Subject to and without waiving this objection, Town Defendants will produce a list of the names, business address and business phone number of all employees of the Town of Greenburgh who observed or were in contact with Gina Pane upon her efforts to obtain the release of her motor vehicle.

Request No. 16:   Identification by name, home and business address and telephone number of any and all employees of The Town of Greenburgh, New York who observed or were in contact with Gina Pane during any investigation resulting from her complaint.

Response to Request No. 16:  Town Defendants  object to this request on the ground that police officers home addresses and telephone numbers are privileged as official information. Subject to and without waiving this objection, Town Defendants will produce a list of the names, business address and business phone number of all employees of the Town of Greenburgh who observed or were in contact with Gina Pane during any investigation resulting from her complaint.


Request No. 17:   Identification by name, home and business address and telephone number of any and all Greenburgh Police Technical services personnel who have been responsible for the installation repair and maintenance of computer equipment used by the Greenburgh Police Department from January 21, 2005 through present.

Response to Request No. 17:  Town Defendants  object to this request on the ground that police officers home addresses and telephone numbers are privileged as official information. Subject to and without waiving this objection, Town Defendants will produce a list of the names, business address and business phone number of all Greenburgh Police Department Technical Service Personnel who have been responsible for the installation repair and maintenance of computer equipment used by the Greenburgh Police Department from January 21, 2005 through present.


Request No. 18:   Identification by name, home and business address and telephone number of any and all Town of Greenburgh Technical services personnel who have been responsible for the installation repair and maintenance of computer equipment used by the Greenburgh Police Department from January 21, 2005 through present.

Response to Request No. 18:  Town Defendants  object to this request on the ground that police officers home addresses and telephone numbers are privileged as official information. Subject to and without waiving this objection, Town Defendants will produce a list of the names, business address and business phone number of all Town of Greenburgh Technical Service personnel who have been responsible for the installation repair and maintenance of computer equipment used by the Greenburgh Police

Department from January 21, 2005 through present.

Dated: 12/07/2007         Signed: _____/S/_____
                          Attorney for The town of Greenburgh
                          And John Kapica
                          Stecich Murphy & Lammers, LLP
                          By: Brian D. Murphy  (BM1017)