Stecich Murphy & Lammers, LLP
828 South Broadway, Suite 201,
Tarrytown, New York 10591
[914] 674-4100
Attorney for The Town of Greenburgh
and Police Chief John Kapica

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Civil Action, Case Number 07 Civ. 3216

---

GINA ANNE NOEL PANE,                      TOWN OF GREENBURGH AND
                        RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST
                                          FOR PRODUCTION PURSUANT
                                          TO RULE 26

v.

THE TOWN OF GREENBURGH, JOHN
KAPICA, in his capacity as
CHIEF OF POLICE OF THE
GREENBURH NEW YORK POLICE
DEPARTMENT, ERIK WARD,
POLICE OFFICER MICHAEL
MUESSER, SERGEANT ROBERT
GRAMAGLIA, SERGEANT
FRANCIS PUMILLO, DETECTIVE
PAUL FERTIG, JOHN DOE
POLICE OFFICERS 1-10, SO
NAMED AS THEIR IDENTITIES
HAVE YET TO BE ESTABLISHED
                Defendants

---

PROPOUNDING PARTY:      Plaintiff
RESPONDING PARTY:       The Town of Greenburgh and John Kapica,
SET NUMBER:             ONE

     To Gina Anne Noel Pane and her attorney of record:
Pursuant to FRCP 34(b), Town Defendants hereby respond and object to
Plaintiff's November 5, 2007 Request for Production pursuant to Rule 34

1

GENERAL OBJECTIONS

1. The Town Defendants shall respond to the requests as if directed only at documents within its possession, custody or control.

2. This response is based upon documents presently available to and located by Town Defendants and is given without prejudice to Town Defendant's right to produce additional documents at a later date should they become located and available as a result of subsequent review of its records or as a result of additional investigation or discovery.

3. By producing or failing to produce some or all of the requested documents, Town Defendants do not concede the relevance or materiality of any request or the subject to which it relates.

4. The Town Defendants object to all requests to the extent they seek documents protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

5. Inadvertent production of privileged information by Town Defendants shall not constitute waiver of any applicable privilege or doctrine, including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, privilege and/or admissibility as evidence as such objections may apply at trial or otherwise in this action.

6. The Town Defendants object to the requests to the extent they call for a duplicate production of documents previously produced to Plaintiff.

7. The Town Defendants object to each and every request to the extent they call for information protected by the United States Constitution and any applicable statutes, including, but not limited to, the right of privacy.

8. The Town Defendants object to each and every request for production of electronically stored information including information on all websites visited from all computers at Greenburgh 'PD HQ' that defendant Ward could have used as well as all data from the Greenburgh 'PD LAN' accessed by Defendant Ward; data from Greenburgh PD hard drives including sexual fetish material on the grounds that such information is not reasonably accessible to the Town Defendants because of undue burden or cost to the Town Defendants of producing such information.

SPECIFIC OBJECTIONS AND RESPONSES

Request No. 1. All notes and reports incident to interviews conducted

by the Greenburgh Police Department Special Investigations Unit (SIU), including those notes completed by Lt.LoGuidice and any other member of the SIU involved in any phase of the investigation of plaintiff's complaint regarding Erik Ward and the Greenburgh Police Department

Response to Request No. 1: Town Defendants object to the request to the extent it calls for documents previously provided. Subject to and without waiving this objection, Town Defendants will produce all notes and reports incident to interviews conducted by the Greenburgh Police Department SIU involved in any phase of the investigation of plaintiff's complaint regarding Erik Ward and the Greenburgh Police Department.

Request No. 2. All notes and reports created by or on behalf of the defendant Erik Ward:

> a. When employed by the Greenburgh Police Department regarding any interactions with or interviews of the plaintiff;

Response to Request No.2a Town Defendants will produce all notes and reports created by or on behalf of defendant Erik Ward, in its possession custody or control, if any, which are responsive to this request.

> b. subsequent to his termination from the Greenburgh Police Department regarding any interactions with or interviews of the plaintiff;

Response to Request No.2b Town Defendants will produce all notes and reports created by or on behalf of defendant Erik Ward, subsequent to his termination, in its possession custody or control, if any, which are responsive to this request.

> c. at any time, regarding any internal investigation(s) and/or under disciplinary actions resulting from plaintiff's complaint to the Greenburgh Police Department;

Response to Request No.2c Town Defendants will produce all notes and reports created by or on behalf of defendant Erik Ward, subsequent to his termination, in its possession custody or control, if any, which are responsive to this request.

Request No. 3. All notes and reports created by or on behalf of each and every defendant:

> a. regarding any interactions with or interviews of the plaintiff;

3

Response to Request No.3a: Town Defendants objects to all requests to the extent that they seek documents protected to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving these objections Town Defendants will produce all notes and reports created by its agents or employees which are responsive to this request.

        b. regarding any interactions with or interviews of any named defendant regarding:

              1) the arrest of the plaintiff;
              2) the plaintiff's complaint;
              3) the investigation of plaintiff's complaint;
              4) the search warrant obtained to search defendant Ward's home and vehicle;
              5) the planning and execution of the search warrant at defendant ward's home and of his vehicle;
              6) the suspension of defendant Ward:
              7) the arrest of defendant Ward;
              8) the disciplinary proceedings against defendant Ward;
              9) the termination of defendant Ward; and
              10) the prosecution of defendant Ward

Response to Request No.3b 1)-10): Town Defendants objects to the extent it calls for duplicate production of information previously produced to plaintiff. Subject to and without waiving these objections Town Defendants will produce all notes and reports created by its agents or employees which are responsive to this request.

        c. regarding any interactions with or interviews of any other employee(s) of the Greenburgh Police Department regarding:

              1) the arrest of the plaintiff;
              2) the plaintiff's complaint;
              3) the investigation of plaintiff's complaint;
              4) the search warrant obtained to search defendant Ward's home and vehicle;
              5) the planning and execution of the search warrant at defendant ward's home and of his vehicle;
              6) the suspension of defendant Ward:
              7) the arrest of defendant Ward;
              8) the disciplinary proceedings against defendant Ward;
              9) the termination of defendant Ward; and
              10) the prosecution of defendant Ward

Response to Request No.3c 1)-10): Town Defendants objects to the extent it calls for duplicate production of information previously produced to plaintiff. Subject to and without waiving these objections Town Defendants will produce all notes and reports created by its agents or employees which are responsive to this request.

    d. regarding any interactions with or interviews of
any other employee(s) of the Town of Greenburgh regarding:

    1) the arrest of the plaintiff;
      2) the plaintiff's complaint;
      3) the investigation of plaintiff's complaint;
      4) the search warrant obtained to search
defendant Ward's home and vehicle;
      5) the planning and execution of the search
warrant at defendant ward's home and of his vehicle;
      6) the suspension of defendant Ward:
      7) the arrest of defendant Ward;
      8) the disciplinary proceedings against
defendant Ward;
      9) the termination of defendant Ward; and
      10) the prosecution of defendant Ward

Response to Request No.3d 1)-10): Town Defendants object to all
requests to the extent that they seek documents protected to the
attorney-client privilege, attorney work product doctrine or any other
applicable privilege. Town Defendants also object to the extent it
calls for duplicate production of information previously produced to
plaintiff. Subject to and without waiving these objections Town
Defendants will produce all notes and reports created by its agents or
employees which are responsive to this request.


    e. regarding any interactions with or interviews of any
other employee(s) of the Westchester County District
Attorney's Office regarding:

    1) the arrest of the plaintiff;
      2) the plaintiff's complaint;
      3) the investigation of plaintiff's complaint;
      4) the search warrant obtained to search
defendant Ward's home and vehicle;
      5) the planning and execution of the search
warrant at defendant ward's home and of his vehicle;
      6) the suspension of defendant Ward:
      7) the arrest of defendant Ward;
      8) the disciplinary proceedings against
defendant Ward;
      9) the termination of defendant Ward; and
      10) the prosecution of defendant Ward


Response to Request No.3e 1)-10): Town Defendants object to all
requests to the extent that they seek documents protected to the
attorney-client privilege, attorney work product doctrine or any other
applicable privilege. Subject to and without waiving these objections
Town Defendants will produce all notes and reports created by its

agents or employees which are responsive to this request.

        f. regarding any interactions with or interviews of
any other employee(s) of the Westchester County District
Attorney's Office regarding:

        1) the arrest of the plaintiff;
        2) the plaintiff's complaint;
        3) the investigation of plaintiff's complaint;
        4) the search warrant obtained to search
defendant Ward's home and vehicle;
        5) the planning and execution of the search
warrant at defendant ward's home and of his vehicle;
        6) the suspension of defendant Ward:
        7) the arrest of defendant Ward;
        8) the disciplinary proceedings against
defendant Ward;
        9) the termination of defendant Ward; and
        10) the prosecution of defendant Ward

Response to Request No.3f 1)-10):Town Defendants object to all requests
to the extent that they seek documents protected to the attorney-client
privilege, attorney work product doctrine or any other applicable
privilege. Subject to and without waiving these objections Town
Defendants will produce all notes and reports created by its agents or
employees which are responsive to this request.

        g. regarding any interactions with or interviews of
any other employee(s) of the County of Westchester
regarding:

        1) the arrest of the plaintiff;
        2) the plaintiff's complaint;
        3) the investigation of plaintiff's complaint;
        4) the search warrant obtained to search
defendant Ward's home and vehicle;
        5) the planning and execution of the search
warrant at defendant ward's home and of his vehicle;
        6) the suspension of defendant Ward:
        7) the arrest of defendant Ward;
        8) the disciplinary proceedings against
defendant Ward;
        9) the termination of defendant Ward; and
        10) the prosecution of defendant Ward

Response to Request No.3g 1)-10): Town Defendants object to all
requests to the extent that they seek documents protected to the
attorney-client privilege, attorney work product doctrine or any other
applicable privilege. Subject to and without waiving these objections
Town Defendants will produce all notes and reports created by its
agents or employees which are responsive to this request.

6

h. regarding any interactions with or interviews of
any employee(s) of the Federal Bureau of Investigation
regarding:

1) the arrest of the plaintiff;
        2) the plaintiff's complaint;
        3) the investigation of plaintiff's complaint;
        4) the search warrant obtained to search
defendant Ward's home and vehicle;
        5) the planning and execution of the search
warrant at defendant Ward's home and of his vehicle;
        6) the suspension of defendant Ward:
        7) the arrest of defendant Ward;
        8) the disciplinary proceedings against
defendant Ward;
        9) the termination of defendant Ward; and
        10) the prosecution of defendant Ward

Response to Request No.3h 1)-10): Town Defendants object to all
requests to the extent that they seek documents protected to the
attorney-client privilege, attorney work product doctrine or any other
applicable privilege.  Subject to and without waiving these objections
Town Defendants will produce all notes and reports created by its
agents or employees which are responsive to this request.

I. regarding any interactions with or interviews of
any other employee(s) National Medical Services regarding:

1) the arrest of the plaintiff;
        2) the plaintiff's complaint;
        3) the investigation of plaintiff's complaint;
        4) the search warrant obtained to search
defendant Ward's home and vehicle;
        5) the planning and execution of the search
warrant at defendant Ward's home and of his vehicle;
        6) the suspension of defendant Ward:
        7) the arrest of defendant Ward;
        8) the disciplinary proceedings against
defendant Ward;
        9) the termination of defendant Ward; and
        10) the prosecution of defendant Ward

Response to Request No.3i 1)-10): Town Defendants object to all
requests to the extent that they seek documents protected to the
attorney-client privilege, attorney work product doctrine or any other

7

applicable privilege.   Subject to and without waiving these objections
Town Defendants will produce all notes and reports created by its
agents or employees which are responsive to this request.

         j. regarding any interactions with or interviews of
any persons in custody, or otherwise detained, at the
Greenburgh Police Headquarters on January 21, 2006 and
thereafter regarding:

         1) the arrest of the plaintiff;
          2) the plaintiff's complaint;
          3) the investigation of plaintiffs complaint;
          4) the search warrant obtained to search
defendant Ward's home and vehicle;
          5) the planning and execution of the search
warrant at defendant Ward's home and of his vehicle;
          6) the suspension of defendant Ward:
          7) the arrest of defendant Ward;
          8) the disciplinary proceedings against
defendant Ward;
          9) the termination of defendant Ward; and
          10) the prosecution of defendant Ward

Response to Request No.3j 1)-10): Town Defendants object to all
requests to the extent that they seek documents protected to the
attorney-client privilege, attorney work product doctrine or any other
applicable privilege. Subject to and without waiving these objections
Town Defendants will produce all notes and reports created by its
agents or employees which are responsive to this request.

         k. regarding any interactions with or interviews of
Jake Piazza regarding:

         1) the arrest of the plaintiff;
          2) the plaintiff's complaint;
          3) the investigation of plaintiffs complaint;
          4) the search warrant obtained to search
defendant Ward's home and vehicle;
          5) the planning and execution of the search
warrant at defendant Ward's home and of his vehicle;
          6) the suspension of defendant Ward:
          7) the arrest of defendant Ward;
          8) the disciplinary proceedings against
defendant Ward;
          9) the termination of defendant Ward; and
          10) the prosecution of defendant Ward

Response to Request No.3k 1)-10): Town Defendants object to all requests to the extent that they seek documents protected to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Town Defendants also object to the extent it calls for duplicate production of information previously produced to plaintiff. Subject to and without waiving these objections Town Defendants will produce all notes and reports created by its agents or employees which are responsive to this request.

        l. regarding any interactions with or interviews of any employee(s) of Greenburgh Multiplex Theater regarding:

    1) the arrest of the plaintiff;
        2) the plaintiff's complaint;
        3) the investigation of plaintiff's complaint;
        4) the search warrant obtained to search defendant Ward's home and vehicle;
        5) the planning and execution of the search warrant at defendant Ward's home and of his vehicle;
        6) the suspension of defendant Ward:
        7) the arrest of defendant Ward;
        8) the disciplinary proceedings against defendant Ward;
        9) the termination of defendant Ward; and
        10) the prosecution of defendant Ward

Response to Request No.3l 1)-10): Town Defendants object to all requests to the extent that they seek documents protected to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving these objections Town Defendants will produce all notes and reports created by its agents or employees which are responsive to this request.

        m. regarding any interactions with or interviews of any employee(s) of Greenburgh Multiplex Theater regarding:

    1) the arrest of the plaintiff;
        2) the plaintiff's complaint;
        3) the investigation of plaintiff's complaint;
        4) the search warrant obtained to search defendant Ward's home and vehicle;
        5) the planning and execution of the search warrant at defendant Ward's home and of his vehicle;
        6) the suspension of defendant Ward:
        7) the arrest of defendant Ward;
        8) the disciplinary proceedings against defendant Ward;
        9) the termination of defendant Ward; and
        10) the prosecution of defendant Ward

Response to Request No.3m 1)-10): Town Defendants object to all requests to the extent that they seek documents protected to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving these objections Town Defendants will produce all notes and reports created by its agents or employees which are responsive to this request.

       n. regarding any interactions with or interviews of any employee(s) of Pfizer Learning Center regarding:

       1) the arrest of the plaintiff;
         2) the plaintiff's complaint;
         3) the investigation of plaintiff's complaint;
         4) the search warrant obtained to search defendant Ward's home and vehicle;
         5) the planning and execution of the search warrant at defendant Ward's home and of his vehicle;
         6) the suspension of defendant Ward:
         7) the arrest of defendant Ward;
         8) the disciplinary proceedings against defendant Ward;
         9) the termination of defendant Ward; and
         10) the prosecution of defendant Ward

Response to Request No.3n 1)-10): Town Defendants object to all requests to the extent that they seek documents protected to the attorney-client privilege, attorney work product doctrine or any other applicable privilege.  Subject to and without waiving these objections Town Defendants will produce all notes and reports created by its agents or employees which are responsive to this request.

Request No. 4: All notes and reports created by or on behalf of each and every employee of the Town of Greenburgh, including but not limited to the Greenburgh Police Department:

       a. regarding any interaction with or interviews of the plaintiff;

Response to Request No. 4 a: Town Defendants object to all requests to the extent that they seek documents protected to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Town Defendants also object to the extent it calls for duplicate production of information previously produced to plaintiff. Subject to and without waiving these objections Town Defendants will

produce all notes and reports created by its agents or employees which
are responsive to this request.

        b. regarding any interaction with or interviews of
any named defendant regarding;

        1) the arrest of the plaintiff;
        2) the plaintiff's complaint;
        3) the investigation of plaintiff's complaint;
        4) the search warrant obtained to search
defendant Ward's home and vehicle;
        5) the planning and execution of the search
warrant at defendant Ward's home and of his vehicle;
        6) the suspension of defendant Ward:
        7) the arrest of defendant Ward;
        8) the disciplinary proceedings against
defendant Ward;
        9) the termination of defendant Ward; and
        10) the prosecution of defendant Ward

Response to Request No. 4 b: Town Defendants object to all requests to
the extent that they seek documents protected to the attorney-client
privilege, attorney work product doctrine or any other applicable
privilege. Town Defendants also object to the extent it calls for
duplicate production of information previously produced to plaintiff.
Subject to and without waiving these objections Town Defendants will
produce all notes and reports created by its agents or employees which
are responsive to this request.

        c. regarding any interaction with or interviews of any
other employee(s) of the Greenburgh Police Department
regarding:

        1) the arrest of the plaintiff;
        2) the plaintiff's complaint;
        3) the investigation of plaintiff's complaint;
        4) the search warrant obtained to search
defendant Ward's home and vehicle;
        5) the planning and execution of the search
warrant at defendant Ward's home and of his vehicle;
        6) the suspension of defendant Ward;
        7) the arrest of defendant Ward;
        8) the disciplinary proceedings against
defendant Ward;
        9) the termination of defendant Ward; and
        10) the prosecution of defendant Ward

Response to Request No. 4 c: Town Defendants object to all requests to
the extent that they seek documents protected to the attorney-client

11

privilege, attorney work product doctrine or any other applicable
privilege. Town Defendants also object to the extent it calls for
duplicate production of information previously produced to plaintiff.
Subject to and without waiving these objections Town Defendants will
produce all notes and reports created by its agents or employees which
are responsive to this request.

        d. regarding any interaction with or interviews of
        any other employee(s) of the Town of Greenburgh regarding;

            1) the arrest of the plaintiff;
            2) the plaintiff's complaint;
            3) the investigation of plaintiff's complaint;
            4) the search warrant obtained to search
        defendant Ward's home and vehicle;
            5) the planning and execution of the search
        warrant at defendant Ward's home and of his vehicle;
            6) the suspension of defendant Ward:
            7) the arrest of defendant Ward;
            8) the disciplinary proceedings against
        defendant Ward;
            9) the termination of defendant Ward; and
            10) the prosecution of defendant Ward

Response to Request No. 4 d: Town Defendants object to all requests to
the extent that they seek documents protected to the attorney-client
privilege, attorney work product doctrine or any other applicable
privilege. Subject to and without waiving these objections Town
Defendants will produce all notes and reports created by its agents or
employees which are responsive to this request.

        e. regarding any interaction with or interviews of
        any other employee(s) of the Westchester County District
        Attorney's Office regarding;

            1) the arrest of the plaintiff;
            2) the plaintiff's complaint;
            3) the investigation of plaintiff's complaint;
            4) the search warrant obtained to search
        defendant Ward's home and vehicle;
            5) the planning and execution of the search
        warrant at defendant Ward's home and of his vehicle;
            6) the suspension of defendant Ward:
            7) the arrest of defendant Ward;
            8) the disciplinary proceedings against
         defendant Ward;
            9) the termination of defendant Ward; and
            10) the prosecution of defendant Ward

12

Response to Request No. 4 e: Town Defendants object to all requests to the extent that they seek documents protected to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving these objections Town Defendants will produce all notes and reports created by its agents or employees which are responsive to this request.

        f. regarding any interaction with or interviews of any employee(s) of the Westchester County Department of Laboratories regarding;

        1) the arrest of the plaintiff;
        2) the plaintiff's complaint;
        3) the investigation of plaintiff's complaint;
        4) the search warrant obtained to search defendant Ward's home and vehicle;
        5) the planning and execution of the search warrant at defendant Ward's home and of his vehicle;
        6) the suspension of defendant Ward:
        7) the arrest of defendant Ward;
        8) the disciplinary proceedings against defendant Ward;
        9) the termination of defendant Ward; and
        10) the prosecution of defendant Ward

Response to Request No. 4 f: Town Defendants object to all requests to the extent that they seek documents protected to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving these objections Town Defendants will produce all notes and reports created by its agents or employees which are responsive to this request.

        g. regarding any interaction with or interviews of any other employee(s) of the County of Westchester regarding;

        1) the arrest of the plaintiff;
        2) the plaintiff's complaint;
        3) the investigation of plaintiff's complaint;
        4) the search warrant obtained to search defendant Ward's home and vehicle;
        5) the planning and execution of the search warrant at defendant Ward's home and of his vehicle;
        6) the suspension of defendant Ward:
        7) the arrest of defendant Ward;
        8) the disciplinary proceedings against

defendant Ward;
  9) the termination of defendant Ward; and
  10) the prosecution of defendant Ward


Response to Request No. 4 g: Town Defendants object to all requests to the extent that they seek documents protected to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving these objections Town Defendants will produce all notes and reports created by its agents or employees which are responsive to this request.


  h. regarding any interactions with or interviews of any employee(s) of the Federal Bureau of Investigation regarding:

  1) the arrest of the plaintiff;
  2) the plaintiff's complaint;
  3) the investigation of plaintiff's complaint;
  4) the search warrant obtained to search defendant Ward's home and vehicle;
  5) the planning and execution of the search warrant at defendant Ward's home and of his vehicle;
  6) the suspension of defendant Ward:
  7) the arrest of defendant Ward;
  8) the disciplinary proceedings against defendant Ward;
  9) the termination of defendant Ward; and
  10) the prosecution of defendant Ward


Response to Request No. 4 h: Town Defendants object to all requests to the extent that they seek documents protected to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving these objections Town Defendants will produce all notes and reports created by its agents or employees which are responsive to this request.


  I. regarding any interactions with or interviews of any other employee(s) National Medical Services regarding:

  1) the arrest of the plaintiff;
  2) the plaintiff's complaint;
  3) the investigation of plaintiff's complaint;
  4) the search warrant obtained to search defendant Ward's home and vehicle;
  5) the planning and execution of the search warrant at defendant Ward's home and of his vehicle;
  6) the suspension of defendant Ward:

14

       7) the arrest of defendant Ward;
       8) the disciplinary proceedings against
defendant Ward;
        9) the termination of defendant Ward; and
      10) the prosecution of defendant Ward

Response to Request No. 4 i: Town Defendants object to all requests to the extent that they seek documents protected to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving these objections Town Defendants will produce all notes and reports created by its agents or employees which are responsive to this request.

        j. regarding any interactions with or interviews of any persons in custody, or otherwise detained, at the Greenburgh Police Headquarters on January 21, 2006 and thereafter regarding:

      1) the arrest of the plaintiff;
       2) the plaintiff's complaint;
       3) the investigation of plaintiff's complaint;
       4) the search warrant obtained to search
defendant Ward's home and vehicle;
       5) the planning and execution of the search
warrant at defendant Ward's home and of his vehicle;
       6) the suspension of defendant Ward:
       7) the arrest of defendant Ward;
       8) the disciplinary proceedings against
defendant Ward;
        9) the termination of defendant Ward; and
      10) the prosecution of defendant Ward

Response to Request No. 4 j: Town Defendants object to all requests to the extent that they seek documents protected to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving these objections Town Defendants will produce all notes and reports created by its agents or employees which are responsive to this request.

        k. regarding any interactions with or interviews of Jake Piazza regarding:

      1) the arrest of the plaintiff;
       2) the plaintiff's complaint;
       3) the investigation of plaintiff's complaint;
       4) the search warrant obtained to search
defendant Ward's home and vehicle;
       5) the planning and execution of the search
warrant at defendant Ward's home and of his vehicle;

15

6) the suspension of defendant Ward:
7) the arrest of defendant Ward;
8) the disciplinary proceedings against
defendant Ward;
9) the termination of defendant Ward; and
10) the prosecution of defendant Ward


Response to Request No.4k 1)-10): Town Defendants object to all
requests to the extent that they seek documents protected to the
attorney-client privilege, attorney work product doctrine or any other
applicable privilege. Town Defendants also object to the extent it
calls for duplicate production of information previously produced to
plaintiff. Subject to and without waiving these objections Town
Defendants will produce all notes and reports created by its agents or
employees which are responsive to this request.


l. regarding any interactions with or interviews of
any employee(s) of Greenburgh Multiplex Theater regarding:

1) the arrest of the plaintiff;
2) the plaintiff's complaint;
3) the investigation of plaintiff's complaint;
4) the search warrant obtained to search
defendant Ward's home and vehicle;
5) the planning and execution of the search
warrant at defendant Ward's home and of his vehicle;
6) the suspension of defendant Ward:
7) the arrest of defendant Ward;
8) the disciplinary proceedings against
defendant Ward;
9) the termination of defendant Ward; and
10) the prosecution of defendant Ward


Response to Request No.4l 1)-10): Town Defendants object to all
requests to the extent that they seek documents protected to the
attorney-client privilege, attorney work product doctrine or any other
applicable privilege. Subject to and without waiving these objections
Town Defendants will produce all notes and reports created by its
agents or employees which are responsive to this request.


m. regarding any interactions with or interviews of
any employee(s) of Doral Arrowwood regarding:

1) the arrest of the plaintiff;
2) the plaintiff's complaint;
3) the investigation of plaintiffs complaint;
4) the search warrant obtained to search
defendant Ward's home and vehicle;
5) the planning and execution of the search
warrant at defendant Ward's home and of his vehicle;

16

      6) the suspension of defendant Ward:
      7) the arrest of defendant Ward;
      8) the disciplinary proceedings against
defendant Ward;
       9) the termination of defendant Ward; and
      10) the prosecution of defendant Ward

Response to Request No.4m 1)-10): Town Defendants object to all
requests to the extent that they seek documents protected to the
attorney-client privilege, attorney work product doctrine or any other
applicable privilege. Subject to and without waiving these objections
Town Defendants will produce all notes and reports created by its
agents or employees which are responsive to this request.

        n. regarding any interactions with or interviews of
      any employee(s) of Pfizer Learning Center regarding:

      1) the arrest of the plaintiff;
       2) the plaintiff's complaint;
       3) the investigation of plaintiffs complaint;
       4) the search warrant obtained to search
defendant Ward's home and vehicle;
       5) the planning and execution of the search
warrant at defendant Ward's home and of his vehicle;
      6) the suspension of defendant Ward:
      7) the arrest of defendant Ward;
      8) the disciplinary proceedings against
defendant Ward;
       9) the termination of defendant Ward; and
      10) the prosecution of defendant Ward

Response to Request No.4n 1)-10): Town Defendants object to all
requests to the extent that they seek documents protected to the
attorney-client privilege, attorney work product doctrine or any other
applicable privilege. Subject to and without waiving these objections
Town Defendants will produce all notes and reports created by its
agents or employees which are responsive to this request.

Request No. 5. All exhibits marked for identification and/or received
in evidence in any prior criminal or disciplinary proceeding regarding
defendant Ward in possession or control of any defendant

Response to Request No. 5: Town Defendants object to this request to
the extent it calls for duplicate production of information previously
produced to Plaintiff.

Request No. 6. Designation of Agent for access to sealed records

pursuant to C.P.L. §160.50 (1)(d) from defendant Ward.

Response to Request No. 6: Town Defendants object to this request to the extent it calls for documents not within the control of the Town, its agents or employees.

Request No.7: Incoming and outgoing call detail records–and point to point transmission records for defendant Ward's cellular and home telephone(s) for the period January 21, 2006 through and including the present. If defendants are not in possession of same, duly executed authorizations containing the name and address of subscriber(s), name and address of the carrier(s), the assigned telephone number(s), and the assigned Electronic Mobile Identification Number(s) may be provided.

Response to Request No. 7: Town Defendants object to all requests to the extent that they seek documents protected to the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving these objections Town Defendants will produce such records as may be in their possession which are responsive to this request.

Request No 8: Incoming and outgoing call detail records–and point to point transmission records for each individual defendant cellular and home telephone(s) for the period January 21, 2006 through and including the present. If defendants are not in possession of same, duly executed authorizations containing the name and address of subscriber(s), name and address of the carrier(s), the assigned telephone number(s), and the assigned Electronic Mobile Identification Number(s) may be provided.

Response to Request No. 8: Town Defendants object to this request to the extent it calls for the production of documents beyond the requirements of the Federal Rules of Civil Procedure and to the extent it calls for Town Defendants to produce documents not in their possession, custody or control.

Request No. 9: All Greenburgh Police Department Communications Division Radio and telephone printouts for January 21, 2006

Response to Request No. 9: Town Defendants object to this request as overly broad in that it seeks records unrelated to the subject matter of the instant litigation; involves material which is or maybe related to confidential police investigations involving matters other than plaintiffs case of claims and seeks records for time periods unrelated to the claims made by plaintiff herein. Subject to and without waiving this objection, Town Defendants will produce radio and telephone printouts, if such exist, relative to the arrest, processing, detention and release of plaintiff on January 21, 2006.

Request No. 10: Defendant Ward's banking information including direct deposit/payroll, cancelled checks or electronic funds transfer records from Town of Greenburgh and/or any other employers, bank accounts, credit cards, debit cards and store credit cards from January 21 2003 until present.

Response to Request No. 10:  Town Defendants object to this request to the extent it calls for the production of documents beyond the requirements of the Federal Rules of Civil Procedure and to the extent it calls for Town Defendants to produce documents not in their possession, custody or control.

Request No. 11: Authorizations to obtain Defendant Ward's Tax returns from 2004 through 2007.

Response to Request No.11: Town Defendants object to this request to the extent it calls for the production of documents beyond the requirements of the Federal Rules of Civil Procedure and to the extent it calls for Town Defendants to produce documents not in their possession, custody or control.

Request No. 12: Any and all documents regarding defendant Ward's purchase, repairs and warranty of any and all computers from January 21, 2003 until the present.

Response to Request No.12: Town Defendants object to this request to the extent it calls for the production of documents beyond the requirements of the Federal Rules of Civil Procedure and to the extent it calls for Town Defendants to produce documents not in their possession, custody or control.

Request No. 13: Bills/invoices for any and all internet service provided to defendant Ward's home for the period January 21, 2005 through and including the present. If defendant's are not in possession of same, duly executed authorizations containing the name and address of the subscriber(s), name and address of the Internet Service Provider(s), and the assigned Internet Protocol Address(es) may be provided.

Response to Request No.13: Town Defendants object to this request to the extent it calls for the production of documents beyond the requirements of the Federal Rules of Civil Procedure and to the extent it calls for Town Defendants to produce documents not in their possession, custody or control.

Request No. 14: Correspondence between each and every defendant, and their agents, employees and servants, including the employees of the Greenburgh Police Department and the Town of Greenburgh and the Westchester County District Attorney's Office regarding:

                    1) the arrest of the plaintiff;
                    2) the plaintiff's complaint;

3) the investigation of plaintiffs complaint;
4) the search warrant obtained to search
defendant Ward's home and vehicle;
5) the planning and execution of the search
warrant at defendant Ward's home and of his vehicle;
6) the suspension of defendant Ward:
7) the arrest of defendant Ward;
8) the disciplinary proceedings against
defendant Ward;
9) the termination of defendant Ward; and
10) the prosecution of defendant Ward


Response to Request No. 14: Town Defendants object to all requests to
the extent that they seek documents protected by the attorney-client
privilege, attorney work product doctrine or any other applicable
privilege. Subject to and without waiving these objections Town
Defendants will produce such records as may be in their possession
which are responsive to this request.


Request No. 15: Correspondence between each and every defendant, and
their agents, employees and servants, including the employees of the
Greenburgh Police Department and the Town of Greenburgh and the County
of Westchester County Department of Laboratories regarding:


1) the arrest of the plaintiff;
2) the plaintiff's complaint;
3) the investigation of plaintiffs complaint;
4) the search warrant obtained to search
defendant Ward's home and vehicle;
5) the planning and execution of the search
warrant at defendant Ward's home and of his vehicle;
6) the suspension of defendant Ward:
7) the arrest of defendant Ward;
8) the disciplinary proceedings against
defendant Ward;
9) the termination of defendant Ward; and
10) the prosecution of defendant Ward


Response to Request No. 15: Town Defendants object to all requests to
the extent that they seek documents protected by the attorney-client
privilege, attorney work product doctrine or any other applicable
privilege. Subject to and without waiving these objections Town
Defendants will produce such records as may be in their possession
which are responsive to this request.

Request No. 16: Correspondence between each and every defendant, and
their agents, employees and servants, including the employees of the
Greenburgh Police Department and the Town of Greenburgh and the Federal
Bureau of Investigation regarding:

         1) the arrest of the plaintiff;
         2) the plaintiff's complaint;
         3) the investigation of plaintiffs complaint;
         4) the search warrant obtained to search
defendant Ward's home and vehicle;
         5) the planning and execution of the search
warrant at defendant Ward's home and of his vehicle;
         6) the suspension of defendant Ward:
         7) the arrest of defendant Ward;
         8) the disciplinary proceedings against
defendant Ward;
         9) the termination of defendant Ward; and
        10) the prosecution of defendant Ward

Response to Request No. 16: Town Defendants object to all requests to the extent that they seek documents protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving these objections Town Defendants will produce such records as may be in their possession which are responsive to this request.

Request No. 17: Correspondence between each and every defendant, and their agents, employees and servants, including the employees of the Greenburgh Police Department and the Town of Greenburgh and National Medical Services regarding:

         1) the arrest of the plaintiff;
         2) the plaintiff's complaint;
         3) the investigation of plaintiffs complaint;
         4) the search warrant obtained to search
defendant Ward's home and vehicle;
         5) the planning and execution of the search
warrant at defendant Ward's home and of his vehicle;
         6) the suspension of defendant Ward;
         7) the arrest of defendant Ward;
         8) the disciplinary proceedings against
defendant Ward;
         9) the termination of defendant Ward; and
        10) the prosecution of defendant Ward

Response to Request No. 17: Town Defendants object to all requests to the extent that they seek documents protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving these objections Town Defendants will produce such records as may be in their possession which are responsive to this request.

Request No. 18: Any documentation identifying defendant Ward's Internet Protocol Address(es) from January 21, 2003 until the present.

Response to Request No.18: Town Defendants object to this request to the extent it calls for the production of documents beyond the requirements of the Federal Rules of Civil Procedure and to the extent it calls for Town Defendants to produce documents not in their possession, custody or control.

Request No. 19; Any documentation authorizing any parties to access pornographic materials from Greenburgh Police Department computers in furtherance of criminal investigations.

Response to Request No.19: Town Defendants object to this request to the extent it calls for the production of documents beyond the requirements of the Federal Rules of Civil Procedure. Town Defendants also object to this request to the extent it calls for documents neither relevant to the claims in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Request No. (2) That defendants produce and permit plaintiff to inspect and to copy, test, or sample each of the following objects:

    1. Any and all videotapes (or other recording media) that were installed within defendant Muesser's patrol car (believed to be #66) on January 21, 2006.

Response to Request No. (2) 1: Town Defendants will produce such records as may be in their possession which are responsive to this request.

    2. True copies of any and all photographs and/or video recordings created during the Greenburgh Police Department Special Investigations Unit's investigation of the plaintiff's complaint and any related investigations, including:

        a.    photos and/or videos taken during execution of the search warrant at defendant Ward's home:

        b.    photos and/or videos taken during execution of the search warrant at defendant Ward's home;

        c.    photos and/or videos taken during the Greenburgh Police Department Special Investigation Unit's visit to the wooded area where plaintiff and defendant Ward went in the vicinity of the New York/Connecticut Border.

Response to Request No. 2 a.-c.:1: Town Defendants will produce such

records as may be in their possession which are responsive to this
request.

Request No. 3: True copies of any and all data retrieved from any
storage medium recovered during the execution of the search warrant at
defendant Ward's home and of his vehicle.

Response to Request No.3: Town Defendants will produce such records as
may be in their possession which are responsive to this request.

Request No. 4: All data from Greenburgh Police Department computers
including sexual fetish material (i.e. 'Scat" & 'BDSM) Not associated
with any prior or ongoing criminal investigation.

Response to Request No.4: Town Defendants object to this request to the
extent it calls for the production of documents beyond the requirements
of the Federal Rules of Civil Procedure. Town Defendants also object to
this request to the extent it calls for documents neither relevant to
the claims in this action nor reasonably calculated to lead to the
discovery of admissible evidence.

Request No. 5: All data identifying internet web sites visited from all
computers at the Greenburgh police Department that defendant
Ward had access to.

Response to Request No.5: Town Defendants object to this request as
overly broad as it seeks data on *any* web site accessed by any computer
that defendant Ward *may* have had access to. This demand does not even
define a date period for which the information is sought. Town
Defendants also object to this request to the extent it calls for
documents neither relevant to the claims in this action nor
reasonably calculated to lead to the discovery of admissible
evidence.

Request No. 6: All data from the Greenburgh Police Department Local
Area Network and servers accessed by Ward that was not associated with
any prior or ongoing criminal investigation.

Response to Request No.6: Town Defendants object to this request on the
ground that it is unduly burdensome and oppressive because it will
require the Town Defendants to incur substantial expense and resources
searching for documents that are neither relevant to the claims in this
action nor reasonably calculated to lead to the discovery of
admissible evidence. Town Defendants also object to the request as
overly broad as it seeks all data not associated with any prior or
ongoing criminal This demand does not even define a date period for
which the information is sought. Town Defendants also object to this
request to the extent it calls for documents neither relevant to the

claims in this action nor reasonably calculated to lead to the
discovery of admissible evidence.


Request No.7: All computers and servers at the Greenburgh Police
Department that Defendant Ward had access to.

Response to Request No. 7: Town Defendants object to this request on
the ground that it is unduly burdensome and oppressive because it will
require the Town Defendants to incur substantial expense and resources
searching for documents that are neither relevant to the claims in this
action nor reasonably calculated to lead to the discovery of
admissible evidence. Town Defendants also object to the request as
overly broad as it seeks access to all computers and servers in the
Greenburgh Police Department that Defendant Ward had access to. Town
Defendants also object to this request to the extent it calls for
documents neither relevant to the claims in this action nor
reasonably calculated to lead to the discovery of admissible
evidence.


Request No. 8: All computers and servers at the Greenburgh Police
Department that were in place at headquarters on January 21, 2006.


Response to Request No.8 7: Town Defendants object to this request on
the ground that it is unduly burdensome and oppressive because it will
require the Town Defendants to incur substantial expense and resources
searching for documents that are neither relevant to the claims in this
action nor reasonably calculated to lead to the discovery of
admissible evidence. Town Defendants also object to the request as
overly broad as it seeks access to all computers and servers in the
Greenburgh Police Department that were in place on January 21, 2006
Defendant Ward had access to. Town Defendants also object to this
request to the extent it calls for data neither relevant to the claims
in this action nor reasonably calculated to lead to the discovery of
admissible evidence.

Request No.9: True copies of any and all audio recordings created
during the Greenburgh Police Department Special Investigation Unit's
investigation of the plaintiff's complaint and any related
investigations.

Response to Request No. 9: Town Defendants object to this request to
the extent it calls for duplicate production of information previously
produced to Plaintiff.


Request No.(3) That defendant permit plaintiff, by counsel and its
agents, to enter the Greenburgh Police Department headquarters in order
to inspect, photograph, test or sample all those parts of the building
where plaintiff was taken to, held, fingerprinted and/or detained on

24

January 21, 2006

Response to Request (3); Town Defendant's will permit plaintiff, by
counsel and its agents,, subject to conditions prevailing at the time
of any inspection, to enter and inspect and photograph only those areas
where plaintiff was actually taken to, held, fingerprinted and/or
detained on January 21, 2006. Town Defendant's reserve the right to
terminate any such inspection, subject to plaintiff's counsel being
allowed to return at a time subsequent, if such inspection(s) threatens
to interfere with or obstruct public safety functions or operations of
the Town Defendants ongoing or imminent at that time. This consent does
not authorize or include access to any data storage facilities,
computers, servers, or areas of police department property not involved
in the arrest, processing of detention of the plaintiff on January 21,
2006.


Dated: 12/07/2007              Signed: _____/S/_____
                                    Attorney for The town of Greenburgh
                                    And John Kapica
                                    Stecich Murphy & Lammers, LLP
                                    By: Brian D. Murphy  (BM1017)