UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GINA ANNE NOEL PANE,                                            :

               Plaintiff,                             :    Case No.: 07 CV 3216
                                                                        (WP4) (CMS)

   -against-                                                   :

THE TOWN OF GREENBURGH, JOHN KAPCIA,            :
in his capacity as Chief of the Greenburgh Police
Department, ERIK WARD, POLICE OFFICER           :    OBJECTIONS TO SUBPOENA
MICHAEL MUESSER, SERGEANT ROBERT                     IN A CIVIL CASE_____
GRAMAGLIA, SERGEANT FRANCIS PUMILLO,:
DETECTIVE PAUL FERTIG, JOHN DOE POLICE
OFFICERS 1-10 so named as their identities have :
yet to be established,
                                                                             :
               Defendants.
----------------------------------------------------------------x

       Jonathan Bandler ("Bandler"), who has been subpoenaed as a non-party witness, hereby objects, by his attorneys, Satterlee Stephens Burke & Burke LLP, pursuant to Rule 45 of the Federal Rule of Civil Procedure, to plaintiff's subpoena dated January 24, 2008 (the "Subpoena") upon the following grounds:

       1.      Mr. Bandler is a reporter for *The Journal News*, which is the publisher of a daily newspaper that is widely distributed throughout Westchester, Bronx, New York, Putnam, and Rockland Counties and in surrounding areas of New York and Southern Connecticut.

       2.      Plaintiff purported to serve a the Subpoena upon Mr. Bandler on January 28, 2008, seeking production of:

> a. The identity of the person(s) who initially contacted *The Journal News* on or about 2/2/06, 6 days after Gina Pane filed a complaint with the Greenburgh Police Department Internal Affairs unit, and the Westchester District Attorney's Office Public Integrity Bureau, that resulted in publication of the article annexed hereto as "Exhibit 1," and lit the media blaze to Pane's detriment;

    b. True copies of any notes taken during initial conversation/communication with person(s) identified in a.;

    c. True copies of all articles posted on *The Journal News'* internet website regarding the complaints of Gina Pane referenced above; and

    d. True copies of any articles published in *The Journal News*, or any other Gannett Co. Inc. entity, regarding the complaints of Gina Pane referenced above.

  3.  The service of the Subpoena was invalid and ineffective.

  4.  The Subpoena is impermissibly overbroad on its face and, upon information and belief, would encompass material that is not relevant to the subject matter involved in the action, and is not reasonably calculated to lead to the discovery of admissible evidence.

  5.  To the extent, if any, that the documents sought by the Subpoena exist and are in Mr. Bandler's possession and control, they would have been acquired by Mr. Bandler in the course of his news gathering and editorial activities.

  6.  Requiring disclosure of information gathered by Mr. Bandler in the course of his news gathering and editorial processes would violate the qualified privilege afforded to journalists and publishers under the First Amendment of the United States Constitution and federal common law.  Such disclosure would also violate Article I, Section 8 of the New York State Constitution, and the absolute and/or the qualified privileges afforded by the New York "Shield Law," N.Y. Civil Rights Law § 79(h).

  7.  To the extent that the Subpoena seeks newspaper articles published in *The Journal News* or by "other Gannett Co. Inc. entities" (the "Articles") on information and belief, such published information is already in the possession of -- or readily accessible to -- the parties themselves.  Moreover, such Articles are not within Mr. Bandler's possession and control as an individual employee of *The Journal News*.  Pursuant to the Federal Rules of Evidence, Mr.

722547_1

Bandler's testimony would not be needed to authenticate such materials. For those reasons, among others, the Articles, and any testimony relating thereto, sought from Mr. Bandler, as a non-party, is unreasonably cumulative or duplicative and is obtainable from some other source that is more convenient, less burdensome, or less expensive. Moreover, the burden or expense of the proposed discovery outweighs its likely benefit, if any, in resolving the issues in the case.

Dated: New York, New York
February 7, 2008

SATTERLEE STEPHENS BURKE & BURKE LLP

By: _____/s/_____
Mark A. Fowler (MF-4605)
Attorneys for Non-Party Jonathan Bandler
230 Park Avenue
New York, New York 10169
(212) 818-9200

To:  The Law Firm of Ravi Batra, P.C.
Ravi Batra, Esq.
Attorney for Plaintiff
142 Lexington Avenue
New York, NY 10016

Thomas J. Troetti, Esq.
Attorneys for Defendants
305 Old Tarrytown Road
White Plains, NY 10603

Stecich, Murphy and Lammers, LLP
Attorneys for Defendants
Town of Greenburgh and John Kapica, Chief of Police
828 South Broadway, Suite 201
Tarrytown, NY 10591

Quinn & Melea
Attorneys for Defendant
Erik Ward
399 Knollwood Road
White Plains, NY 10603

722547_1