UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **GINA ANNE NOEL PANE,**<br>*Plaintiff,*<br>- against -<br><br>**THE TOWN OF GREENBURGH, JOHN KAPICA, in his capacity as CHIEF OF THE GREENBURGH NEW YORK POLICE DEPARTMENT, ERIK WARD, POLICE OFFICER MICHAEL MUESSER, SERGEANT ROBERT GRAMAGLIA, SERGEANT FRANCIS PUMILLO, DETECTIVE PAUL FERTIG, JOHN DOE POLICE OFFICERS 1 - 10, SO NAMED AS THEIR IDENTITIES HAVE YET TO BE ESTABLISHED.**<br>*Defendants.* | Civil Action Number:<br>07 CV 3216 (WP4) (LMS) |

## MEMORANDUM OF LAW
## IN OPPOSITION TO NON-PARTY JONATHAN BANDLER'S MOTION
## SEEKING TO QUASH AND/OR MODIFY A SUBPOENA

Antonio D. Castro, Esq. (AC 0894)
*Co-Counsel for Plaintiff*
211 South Ridge Street
Rye Brook, NY 10573
(914) 939-0002

THE LAW FIRM OF RAVI BATRA, P.C.
*Counsel for Plaintiff*
Ravi Batra, Esq. (RB 4299)
Todd B. Sherman, Esq. (TS 4031)
The Batra Building
142 Lexington Avenue
New York, NY 10016
(212) 545-1993

# TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III. LEGAL ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    THE QUESTION OF JOURNALIST PRIVILEGE MUST BE ADDRESSED UNDER FEDERAL LAW AS NEW YORK LAW IS INAPPLICABLE IN A FEDERAL QUESTION CASE . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    UNDER FEDERAL LAW NON-PARTY BANDLER IS AFFORDED ONLY A "QUALIFIED PRIVILEGE" . . . . . . 3

    C.    THE INFORMATION IS NOT PRIVILEGED AS ITS DISCLOSURE TO THE MEDIA WAS CRIMINAL IN NATURE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    D.    NON-PARTY BANDLER HAS FAILED TO MEET HIS BURDEN OF ESTABLISHING A CONFIDENTIAL RELATIONSHIP WITH HIS SOURCE. . . . . . . . . . . . . . . . . . . . 5

    E.    THE STANDARD FOR OVERCOMING ANY PRIVILEGE ASSOCIATED WITH A NON-CONFIDENTIAL SOURCE HAS BEEN MET . . . . . . . . 6

    F.    EVEN IF THIS COURT WERE TO CONSIDER NON-PARTY BANDLER'S SOURCES AS CONFIDENTIAL, THE PLAINTIFF'S NEEDS OVERCOME ANY PRIVILEGE AS WELL. . . . . . . . . . . . . . . . 7

    G.    THE SUBPOENA WAS PROPERLY SERVED . . . . . . . . . . . . 9

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## I. PRELIMINARY STATEMENT

1. This memorandum of law is respectfully submitted on behalf of plaintiff Gina Anne Noel Pane, in opposition to non-party Jonathan Bandler's motion seeking an Order quashing and/or modifying a subpoena.

## II. STATEMENT OF FACTS

2. It is respectfully submitted that the factual averments contained in the attached affirmation of Ravi Batra, Esq. in conjunction with the applicable law, reveals that non-party Bandler has not met his heavy burden of persuasion, and that the relief he seeks is inappropriate, mandating denial of his motion in its entirety.

## III. LEGAL ARGUMENTS

### A. THE QUESTION OF JOURNALIST PRIVILEGE MUST BE ADDRESSED UNDER FEDERAL LAW AS NEW YORK LAW IS INAPPLICABLE IN A FEDERAL QUESTION CASE

Non-Party Bandler's claim of entitlement to the "absolute protection" of the New York "Shield Law" (Civil Rights Law § 70-h) is not supported by the law, or the facts. While New York affords professional journalists significant protections against disclosure of their confidential sources, the key inquiry, even under New York's standard is whether the source is truly confidential. As Mr.

1

Bandler has merely provided his naked assertion that a confidential relationship existed between him and his source, without any illumination, his claim must fail.

Moreover, notwithstanding Mr. Bandler's claims to the contrary, the "Shield Law" is wholly inapplicable to this case, as the crux of the litigation is a federal question, with pendent related state law claims. In such a case, this Court must apply federal law. von Bulow by Auersperg v. von Bulow, 811 F.2d 136 (2nd Cir. 1987); Asuncion v. Metropolitan Life Ins. Co., 493 F.Supp.2d 716 (S.D.N.Y. 2007) (Freeman, M.J.).

Notably, "this litigation, in the truest sense of the word, is a federal case wherein a violation of the Plaintiff's constitutional and civil rights is alleged. The predominate cause of action in this case is a 42 U.S.C. § 1983 action, with the state cause of action. . . merely pendent. In all respects, this instant case, by virtue of the § 1983 action, is a federal question in which both federal statutory law and federal common law govern." Bayne v. Provost, 359 F.Supp.2d 234 (N.D.N.Y. 2005) (Treece, J.). Therefore, in considering Mr. Bandler's motion to quash and/or modify, this Court must address the inquiry under federal law. Collens v. City of New York, 222 F.R.D. 249 (S.D.N.Y. 2004) (Koeltl, J.); Ehrich v. Binghamton City School Dist., 210 F.R.D. 17 (N.D.N.Y. 2002) (Sharpe, M.J.); In

re Copper Market Antitrust Litigation, 200 F.R.D. 213 (S.D.N.Y. 2001) (Swain, J.); Tesser v. Board of Educ., 154 F.Supp.2d 388 (E.D.N.Y. 2001) (Go, M.J.).

### B. UNDER FEDERAL LAW NON-PARTY BANDLER IS AFFORDED ONLY A "QUALIFIED PRIVILEGE"

The plaintiff agrees with Mr. Bandler that "'[t]he Second Circuit has long recognized the existence of a qualified privilege for journalistic information'" (Memo of Law at p. 5, *quoting*, Schiller v. City of New York, 245 F.R.D. 112 (S.D.N.Y. 2007) [Francis, M.J.]). However, Mr. Bandler presumes the applicability of the higher standard of review that Court's must consider when a movant has established that a source is confidential. As Mr. Bandler has failed to adequately establish the confidential nature of the relationship between him and his source, this Court should consider the source as non-confidential. Notwithstanding the differences in analysis, it is respectfully submitted that regardless of the standard applied, that the plaintiff has established both the need for the information, and the appropriateness of its disclosure.

### C. THE INFORMATION IS NOT PRIVILEGED AS ITS DISCLOSURE TO THE MEDIA WAS CRIMINAL IN NATURE

Furthermore, the facts further demonstrate the strong probability that Mr. Bandler's source necessarily committed a crime in disclosing confidential law enforcement investigatory information to the media. It is, therefore, respectfully

3

submitted that public policy, as well as what should be a compelling governmental interest demand disclosure of the source as the act of leaking this information was steeped in wrongdoing. See e.g. The New York Times Co. v. Gonzales, 459 F.3d 160 (2nd Cir. 2006) (compelling reporters to provide grand jury testimony about sources of leaks which were thwarting government investigation). While the plaintiff is not the government, and certainly cannot maintain a grand jury, it is respectfully submitted that the instant matter is analogous because although there is a compelling governmental interest, the government body that should be most interested here, to wit: the Greenburgh Police Department, is at the heart of the wrongdoing. The Westchester District Attorney's Office, who filed criminal charges against Erik Ward, certainly would have wanted Ward's computer to win the case rather than losing it based upon Ward's fabricated and false denials during his testimony. The Fifth Amendment does not protect Ward when he issued a false denial with fabricated facts.

The crux of the plaintiff's case is that the Greenburgh police have not and cannot police themselves. Therefore, the plaintiff's efforts to get to the truth of her claims should not be thwarted by a wrongdoer's choice of leaking to the media, as opposed to someone else. The act of leaking Gina's confidential complaint of official misconduct made to the Greenburgh Police Department and

the Westchester District Attorney's Office is the criminal act - thus, the confidence, if it actually exists, should not be protected.

### D. NON-PARTY BANDLER HAS FAILED TO MEET HIS BURDEN OF ESTABLISHING A CONFIDENTIAL RELATIONSHIP WITH HIS SOURCE

Mr. Bandler has failed to offer anything in his moving papers to establish a confidential relationship between him and his sources other than his self-serving assertion that "any such contact was with a confidential source" (Bandler Decl. ¶ 6), and his attorney's blanket statement that "Mr. Bandler received any information from the source targeted by plaintiff's subpoena 'in confidence' . . ." (Memo of Law at p. 5). As the party moving to quash and/or modify the subpoena, non-party Bandler bears the burden of establishing that a privilege exists between him and his source, and whether that source was confidential, or not. Dove v. Atlantic Capital Corp., 963 F.2d 15 (2nd Cir. 1992).

In order to establish that a source was truly "confidential," Mr. Bandler would have to have demonstrated that the confidentiality was sought by his source and assurances of the same were made. Gonzales v. National Broadcasting Co., Inc., 194 F.3d 29 (2nd Cir. 1999); Lonegan v. Hasty, 2008 WL 41445 (E.D.N.Y. 2008) (Pohorelsky, MJ). The burden rests solely with non-party Bandler, and he has failed to present a modicum of evidence to meet it. Sea Tow Intern., Inc. v.

5

Pontin, 246 F.R.D. 421 (E.D.N.Y. 2007) (Boyle, M.J.); Johnson v. Bryco Arms, 226 F.R.D. 441 (E.D.N.Y. 2005) (Weinstein, J.); In re Corso, 328 B.R. 375 (E.D.N.Y. 2005); (Spatt, J.); Jones v. Hirschfeld, 219 F.R.D. 71 (S.D.N.Y. 2003) (Gorenstein, M.J.). As Mr. Bandler has wholly failed to meet his burden, this Court should find that no privilege exists, or alternatively must at least consider Bandler's source as non-confidential.

### E.   THE STANDARD FOR OVERCOMING ANY PRIVILEGE ASSOCIATED WITH A NON-CONFIDENTIAL SOURCE HAS BEEN MET

When considering the compulsion of testimony regarding a non-confidential source, the Court must consider whether "the materials at issue are of likely relevance to a significant issue in the case, and are not reasonably obtainable from other available sources." Gonzales, *supra*. As has been established in the annexed affirmation of Ravi Batra, Esq., the materials sought are crucially relevant and cannot be obtained from other sources. Thus, the standard established by the Second Circuit for disclosure of non-confidential materials obtained by the media has been overwhelmingly met. See also Lonegan, *supra*; Mandal v. City of New York, 2004 WL 2375817 (S.D.N.Y. 2004) (Maas, M.J.).

F. **EVEN IF THIS COURT WERE TO CONSIDER NON-PARTY BANDLER'S SOURCES AS CONFIDENTIAL, THE PLAINTIFF'S NEEDS OVERCOME ANY PRIVILEGE AS WELL.**

Even should this Court determine that notwithstanding Mr. Bandler's complete failure to establish the confidentiality of his source, combined with the disingenuous and misleading nature of his inferences regarding plaintiff's co-counsel Tony Castro, that nevertheless his bald and blanket assertion of confidentiality should be accepted, the plaintiff has still overcome the heightened standard associated with such sources.

The more stringent standard afforded to compelling disclosure of a journalist's confidential source was elucidated in In re Petroleum Products Antitrust Litigation, 680 F.2d 5 (2nd Cir. 1982). The Second Circuit held that

> [t]he law in this Circuit is clear that to protect the important interests of reporters and the public in preserving the confidentiality of journalists' sources, disclosure may be ordered only upon a clear and specific showing that the information is: highly material and relevant, necessary or critical to the maintenance of the claim, and not obtainable from other available sources.

Id., *citing*, Baker v. F & F Investment, 470 F.2d 778, 783-85 (2nd Cir. 1972).

Much like the prongs of the less stringent standard afforded to non-confidential sources, the plaintiff has equally met the demands enumerated in In re Petroleum Products. As established in the annexed affirmation, the identity of Mr.

7

Bandler's source is a) highly material and relevant; b) necessary or critical to the maintenance of the plaintiff's claims; and, c) not obtainable from other available sources. See also Inside Radio, Inc. v. Clear Channel Communications, 208 F.R.D. 537 (S.D.N.Y. 2002) (Kaplan, J.).

Critically, the identity of Mr. Bandler's source is crucial to the plaintiff's claims. It is not merely what was said to Mr. Bandler, but specifically who initially said it. As established in the annexed affidavit, Mr. Bandler is the person who can answer the crucial question of who initially leaked the highly confidential, emotional charged, and embarrassing information about the plaintiff to him. As this leak is a significant component to the damages that the plaintiff is experiencing on an ongoing basis, establishing liability for them is imperative.

Moreover, as further asserted herein and in the annexed affirmation, the misconduct inherent in leaking confidential law enforcement source material outweighs any valid privilege that could be associated with the disclosure. Public policy certainly does not advocate using the media both as a repository for illicitly seized data, and as an instrument of disseminating that data in a scheme to intimidate the plaintiff, as both victim and witness, while simultaneously cloaking the criminal with a media shield.

## G.     THE SUBPOENA WAS PROPERLY SERVED

Notwithstanding Mr. Bandler's claims to the contrary, his assertions about the service of the subpoena at issue are not as "clear cut" as he suggests. In essence, Mr. Bandler alleges that he was not provided the subpoena "in hand" but was instead served at his place of business, to wit: the offices of *The Journal News* newspaper. While he suggests that the subpoena "was merely sent to [him] at the office of *The Journal News*," in fact the subpoena was delivered by process server to that office. This was not simply a subpoena solely dropped in a mailbox in contrast to the inferences raised by Mr. Bandler's attorneys (Memo of Law at fn. 2).

The issue raised by Mr. Bandler deals with interpretation of the language of F.R.C.P. 45. The rule requires that a copy of the subpoena be "delivered . . . to the named person." What has not been definitively answered by the Supreme Court, or the Second Circuit, is what "delivered" means for purposes of service. Mr. Bandler asserts that "Courts have generally interpreted Rule 45 to mean what it says, i.e., that personal service upon the witness is required." However, that is not what Rule 45 says. Rather, the meaning of the word "delivered" remains an open question, with some Courts demanding "in hand" service, while others - recognizing the incongruity between requiring "in hand" service of a subpoena,

9

but permitting substituted service of a summons and complaint, requiring that the subpoena be "delivered" like a summons.

This Court should be guided by the Court in <u>King v. Crown Plastering Corp.</u>, 170 F.R.D. 355 (E.D.N.Y. 1997) (Pohorelsky, M.J.), where the Magistrate held that

> This court finds the analysis in First Nationwide Bank v. Shur, 184 B.R. 640 (E.D.N.Y.1995), and the authorities cited there more persuasive than that extolled in the various majority opinions. The courts requiring so-called "personal service" seem to take that requirement from the language of Rule 45 which states that "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person ..." Fed.R.Civ.P. 45(b)(1). As the court in First Nationwide Bank pointed out, however, that language neither requires in-hand service nor prohibits alternative means of service.
>
> \*\*\*\*\*
>
> Other text in Rule 45 supports the conclusion reached in First Nationwide Bank that delivery need not be made in hand. Proof of service is accomplished under the rule "by filing with the clerk of the court ... a statement of the date and manner of service ...." Fed.R.Civ.P. 45(b)(3). If the only manner of service permitted under the rule were by hand, no statement of the manner of service would be necessary...

See also <u>Catskill Development, L.L.C. v. Park Place Entertainment Corp.</u>, 206 F.R.D. (S.D.N.Y. 2002) (McMahon, J); <u>First City, Texas-Houston, N.A. v. Rafidain Bank</u>, 197 F.R.D. 250 (S.D.N.Y. 2000) (Rakoff, J.); <u>Ultradent Products, Inc. v. Hayman</u>, 2002 WL 31119425 (S.D.N.Y. 2002)(Patterson, J.); <u>Cohen v.</u>

Doyaga, 2001 WL 257828 (E.D.N.Y. 2001)(Block, J); Cordius Trust v. Kummerfeld, 2000 WL 10268 (S.D.N.Y. 2000) (Cote, J.).

## IV. CONCLUSION

The plaintiff has established that the information sought from non-party Jonathan Bandler, whether it is considered confidential, or not, should be disclosed in the instant matter. Thus, Mr. Bandler's motion to quash and/or modify the subpoena should be denied in its entirety.

Dated: New York, New York
       February 20, 2008

                                Respectfully submitted,
                                THE LAW FIRM OF RAVI BATRA, P.C.
                                *Co-Counsel for Plaintiff*

                                _____
                                Ravi Batra, Esq. (RB 4299)
                                Todd B. Sherman, Esq. (TS 4031)
                                The Batra Building
                                142 Lexington Avenue
                                New York, New York 10016
                                (212) 545-1993
                                E-Mail: ravibatralaw@aol.com

Antonio D. Castro, Esq. (AC 0894)
*Co-Counsel for Plaintiff*
211 South Ridge Street
Rye Brook, NY 10573
(914) 939-0002

To:

Mark A. Fowler, Esq. (Via facsimile and ECF)
Satterlee Stephens Burke & Burke LLP
*Attorneys for Non-Party Jonathan Bandler*
230 Park Avenue
New York, NY 10169-0079
(212) 818-9200

Thomas J. Troetti, Esq. (Via ECF)
*Attorney for defendants Muesser, Gramaglia,
Pumillo, Fertig and John Does 1-10*
305 Old Tarrytown Road
White Plains, NY 10603
(914) 946-1875

Brian D. Murphy, Esq. (Via ECF)
Stecich Murphy & Lammers, LLP
*Attorneys for defendants Town of Greenburgh and John Kapica*
828 South Broadway, Suite 201
Tarrytown, NY 10591-6650
(914) 674-4100

Andrew C. Quinn, Esq. (Via ECF)
Quinn & Mellea, L.L.P.
*Attorneys for defendant Erik Ward*
Crosswest Office Center
399 Knolwood Road, Suite 220
White Plains, NY 10603
(914) 997-0555

Cameron A. Stracher, Esq. (Courtesy Copy) (Via U.S. Mail)
*Attorney for non-party News 12 Westchester*
57 Worth Street
New York, NY 10013
(917) 501-6202

\pane.696\022008BandlerMemoofLaw

12

Docket No. 07 CV 3216 (WP4) (LMS)

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

GINA ANNE NOEL PANE,
*Plaintiff,*

- against -

THE TOWN OF GREENBURGH,
JOHN KAPICA, in his capacity as CHIEF OF THE GREENBURGH
NEW YORK POLICE DEPARTMENT, ERIK WARD, POLICE OFFICER
MICHAEL MUESSER, SERGEANT ROBERT GRAMAGLIA, SERGEANT
FRANCIS PUMILLO, DETECTIVE PAUL FERTIG,
JOHN DOE POLICE OFFICERS 1 - 10, SO NAMED AS THEIR
IDENTITIES HAVE YET TO BE ESTABLISHED.
*Defendants.*

## MEMORANDUM OF LAW IN OPPOSITION TO
## NON-PARTY JONATHAN BANDLER'S MOTION
## SEEKING TO QUASH AND/OR MODIFY A SUBPOENA

THE LAW FIRM OF RAVI BATRA, P.C.
*Co-Counsel for Plaintiff*
The Batra Building
142 Lexington Avenue
New York, NY 10016
(212)545-1993
\pane.696\022008BandlerMemoofLaw

13