UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**GINA ANNE NOEL PANE,**
                    *Plaintiff,*

- against -

**THE TOWN OF GREENBURGH,
JOHN KAPICA, in his capacity as
CHIEF OF THE GREENBURGH
NEW YORK POLICE
DEPARTMENT,  ERIK WARD,
POLICE OFFICER MICHAEL
MUESSER, SERGEANT ROBERT
GRAMAGLIA, SERGEANT
FRANCIS PUMILLO, DETECTIVE
PAUL FERTIG, JOHN DOE POLICE
OFFICERS 1 - 10, SO NAMED AS
THEIR IDENTITIES HAVE YET TO
BE ESTABLISHED.**
                    *Defendants.*

Civil Action Number:
07 CV 3216 (WP4) (LMS)

## MEMORANDUM OF LAW
## IN OPPOSITION TO THE DEFENDANTS'
## ORDER TO SHOW CAUSE SEEKING TO DEPOSE
## PLAINTIFF'S ATTORNEY ANTONIO CASTRO, ESQ.

THE LAW FIRM OF RAVI BATRA, P.C.
*Counsel for Plaintiff*
Ravi Batra, Esq. (RB 4299)
Todd B. Sherman, Esq. (TS 4031)
The Batra Building
142 Lexington Avenue
New York, NY 10016
(212) 545-1993

Antonio D. Castro, Esq. (AC 0894)
*Co-Counsel for Plaintiff*
211 South Ridge Street
Rye Brook, NY 10573
(914) 939-0002

# TABLE OF CONTENTS

**Page**

I.   PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III. LEGAL ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.   TONY CASTRO HAS CONTINUOUSLY
        REPRESENTED GINA PANE SINCE JANUARY
        2006 AND ANY DEPOSITION OF HIM WOULD
        ENTAIL AN INAPPROPRIATE BURDEN OR
        HARDSHIP, MANDATING DENIAL OF THE
        DEFENDANTS' ORDER TO SHOW CAUSE . . . . . . . . . . . . . . 1

    B.   THE "LEGAL FEE" INFORMATION SOUGHT
        BY THE DEFENDANTS IS WELL OUTSIDE THE
        SCOPE OF PERMISSIBLE DISCLOSURE AND
        WOULD NECESSARILY INTRUDE ON THE
        ATTORNEY/CLIENT RELATIONSHIP . . . . . . . . . . . . . . . . . . 3

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

i

## I.    PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted on behalf of plaintiff Gina Anne Noel Pane, in opposition to the defendants' Order to Show Cause seeking to depose her attorney Antonio Castro, Esq.

## II.    STATEMENT OF FACTS

It is respectfully submitted that the factual averments contained in the attached affirmation of Ravi Batra, Esq., affidavit of Tony Castro, as well as the annexed exhibits, taken in conjunction with the applicable law, reveals that the relief sought by the defendants is improper, unnecessary and "disfavored," mandating denial of the defendants Order to Show Cause in its entirety.

## III.    LEGAL ARGUMENT

### A.    TONY CASTRO HAS CONTINUOUSLY REPRESENTED GINA PANE SINCE JANUARY 2006 AND ANY DEPOSITION OF HIM WOULD ENTAIL AN INAPPROPRIATE BURDEN OR HARDSHIP, MANDATING DENIAL OF THE DEFENDANTS' ORDER TO SHOW CAUSE

The grounds by which the defendants' seek to intrude upon the attorney/client relationship in order to needlessly depose Tony Castro are, at best, disingenuous.  It was always apparent that Tony Castro was, and remains Gina Pane's attorney.  He has represented her since January 2006, and continues to represent her interests now.   The defendants are well aware that Tony Castro has

1

had ongoing and continuous involvement in the instant matter, as he has been present, at plaintiff's counsel's table, before this Court.   Thus, the reference to Tony Castro in the past tense, as plaintiff's "former" attorney was deliberately misleading and clearly intended to misdirect this Court.

It has long been held that "it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." Hickman v. Taylor, 329 U.S. 495 (1947).  Notwithstanding this timeless principle, "unnecessary intrusion" is exactly what the defendants seek to accomplish.  Such a breach of the attorney/client relationship, on nothing more than a whim, must not be countenanced.

Critically, "depositions of opposing counsel are disfavored." U.S. v. Yonkers Bd. of Educ., 946 F.2d 180 (2nd Cir. 1991).  Notably, the defendants failed to address that point in their moving papers.  While plaintiff certainly acknowledges that in the Second Circuit depositions of counsel are not prohibited, per se, they are not available merely for the asking either.  In re Subpoena Issued to Dennis Friedman, 350 F.3d 65 (2nd Cir. 2003).  In Friedman, the Court adopted a balancing test, consistent with F.R.C.P. 26

> whereby the judicial officer supervising discovery takes into
> consideration all of the relevant facts and circumstances to determine
> whether the proposed deposition would entail an inappropriate burden

2

or hardship. Such considerations may include the need to depose the
lawyer, the lawyer's role in connection with the matter on which
discovery is sought and in relation to the pending litigation, the risk of
encountering privilege and work-product issues, and the extent of
discovery already conducted ... Under this approach, the fact that the
proposed deponent is a lawyer does not automatically insulate him or
her from a deposition nor automatically require prior resort to alternative
discovery devices, but it is a circumstance to be considered.

In the instant matter, each prong of this test weighs heavily in favor of prohibiting
the defendants from deposing Tony Castro.

Firstly, there is no need to depose Tony Castro. As his annexed affidavit
makes clear, he is not the source of the media leaks. To the contrary, he sought to
extinguish the media spark before it was ignited into the damaging blaze it
became. Moreover, the initial newspaper article specifically reports that Tony
Castro refused to comment. With regards to attorneys fees, the defendants are in
possession of true copies of the cancelled checks used to pay the plaintiff's legal
fees, as well as sworn testimony of the plaintiff's parents about how the money
was paid, what it was paid for, and how it was reimbursed. Tony Castro simply
cannot add anything to that calculus.

The prong of the Friedman test which considers "the lawyer's role in
connection with the matter on which discovery is sought and in relation to the
pending litigation" weighs entirely in favor of prohibiting the deposition.

3

Notwithstanding the title of "former attorney" that the defendants' instilled upon Tony Castro, he remains one of Gina Pane's <u>current attorneys</u>. Thus his role is far different than the past tense existence the defendants would have had this Court believe was the totality of Tony Castro's relationship to the instant matter.

That Tony Castro is still an active member of the plaintiff's legal team flows right into the next prong established in Friedman, to wit: "the risk of encountering privilege and work-product issues." The entirety of the plaintiff's communications with Tony Castro are privileged as between attorney and client. As the newspaper article makes clear, Tony Castro did not provide information, and thus did not breach the privilege. To the contrary, an innocuous confirmation of the existence of an investigation, that the reporter already knew existed (most assuredly because the defendants leaked it), without more, does not even come close to bearing on the privilege.

No information that had not already been provided about the relationship between Tony Castro as attorney and Gina Pane as client may be disclosed. As established in the annexed affirmation, the defendants are already in possession of the detailed invoice rendered by Tony Castro to Gina Pane. "Time records and billing statements that are 'detailed in showing services, conversations, and conferences between counsel and others' to such an extent that 'to allow access to

4

[the] material would disclose ... trial strategy, and reveal the ... legal work that has been done by [the party's attorneys]" are privileged in New York.'" DiBella v. Hopkins, 403 F.3d 102 (2nd Cir. 2005), *quoting*,  Licensing Corp. of Am. v. Nat'l Hockey League Players Ass'n, 153 Misc.2d 126 (N.Y.Sup.Ct.1992).  Therefore, by obtaining an un-redacted copy by issuing a subpoena to the plaintiff's parents, and causing them to go through the home they share with the plaintiff to obtain same, caused the defendants to obtain possession of privileged information.   The defendants have already gotten far more than they should have - and further disclosure would be inappropriate.

The final prong of the Friedman test is "the extent of discovery already conducted."   As established in the annexed affidavit and affirmation, Tony Castro is not the source of the media leak, and the defendants have already explored the fee issues *ad nauseam*.  There is simply no more information that can or should be shared with the defendants.

Under the circumstances of this case, the facts and the law reveal that the defendants must not be permitted to vitiate the trust that exists between attorney and client, mandating denial of their Order to Show Cause.  In re Shargel, 742 F.2d 61 (2nd Cir. 1984); Sea Tow Intern., Inc. v. Pontin, 246 F.R.D. 421 (E.D.N.Y. 2007) (Boyle, M.J.); Application of Minebea Co., Ltd., 143 F.R.D. 494 (S.D.N.Y.

1992) (Sweet, J.).  <u>See also</u> <u>Yash Raj Films (USA) v. Kumar</u>, 2007 WL 3124557

(E.D.N.Y. 2007) (Matsumoto, M.J.); <u>Resqnet.Com, Inc. v. Lansa, Inc.</u>, 2004 WL

1627170 (S.D.N.Y. 2004) ( Sweet, J.).

**B.    THE "LEGAL FEE" INFORMATION SOUGHT BY THE DEFENDANTS IS WELL OUTSIDE THE SCOPE OF PERMISSIBLE DISCLOSURE AND WOULD NECESSARILY INTRUDE ON THE ATTORNEY/CLIENT RELATIONSHIP**

The defendants attempts to breach the attorney/client relationship on a

misguided hunt for information about who ultimately paid her legal bills, and

"whether such charges were reasonable and necessary" goes far beyond that which

the Courts have allowed opposing counsel to explore.  Initially, has been aptly

established under questioning by moving counsel Mr. Troetti, the plaintiff's

parents paid Tony Castro, and the plaintiff ultimately reimbursed her parents.  No

further inquiry on this issue is relevant.  Moreover, even if further inquiry were

necessary, Tony Castro is not in a position to answer further questions.  There is

no question that the initial payments made to Tony Castro came from Gina Pane's

parents.  However, the means by which Gina and her parents, as a family unit,

ultimately resolved Gina's debt is a matter well outside the scope of Tony Castro's

personal knowledge.

6

The plaintiff in this civil rights action is entitled by to seek and collect attorneys fees. 42 U.S.C. § 1988; <u>Woodford v. Community Action Agency of Greene County, Inc.</u>, 239 F.3d 517 (2nd Cir. 2001); <u>Valley Disposal Inc. v. Central Vermont Solid Waste Management Dist.</u>, 113 F.3d 357 (2nd Cir. 1997) <u>Ortiz v. Regan,</u> 980 F.2d 138 (2nd Cir. 1992). This statutory entitlement does not, however, afford the defendants a means to breach the attorney/client or "work product" privileges.

The line of cases cited by the defendants seeking to force Tony Castro to disclose detailed fee information is inconsistent with the holdings of those cases. The Courts have held that absent "special circumstances" the identity of who paid a fee, and what was paid, are not privileged. See e.g. <u>Shargel</u>, *supra*; <u>Colton v. U.S.</u>, 306 F.2d 633 (2nd Cir. 1962); <u>U.S. v. Pape</u>, 144 F.2d 778 (2nd Cir. 1944). These cases do not, however, grant a license for inquiry into the work product of the attorney, or the information conveyed by the client which the attorney relied upon to form his opinions and strategies. To the contrary, while the defendants may have been entitled to see Tony Castro's time records, those portions of the records which revealed details about the work Tony Castro did were privileged. <u>DiBella</u>, *supra*. Furthermore, the privileged portions of the invoice did not lose

7

their privilege as the plaintiff did not intend for them to be disclosed. U.S. v.

DeFonte, 441 F.3d 92 (2nd Cir. 2006). Any Order issued deciding the instant

Order to Show Cause ought to, it is respectfully requested, include a prohibition of

"using" or divulging the improperly obtained invoice.

Thus, the defendants must not be permitted to conduct further inquiry

outside of the areas where the facts are already established, to wit: a) Tony Castro

was retained by Gina Pane; b) Gina's parents paid Tony Castro for the services he

rendered to Gina; and, c) Gina reimbursed her parents privately.   Notwithstanding

the defendants disingenuous argument to the contrary, there is no further

information which the defendants are entitled to, nor any further basis for a

deposition of Tony Castro, Gina's attorney.   Rather, the sum total of what the

defendants really seek is an impermissible intrusion into materials privileged by

the attorney/client relationship and the work product doctrine   See e.g. In re

County of Erie, 473 F.3d 413 (2nd Cir. 2007); Application of Minebea Co., Ltd.,

143 F.R.D. 494 (S.D.N.Y. 1992) (Sweet, J.)

## IV.   CONCLUSION

The plaintiff has established that the defendants seek to inappropriately and

unnecessarily intrude upon the attorney/client relationship which exists between

Tony Castro and the plaintiff, and that "the proposed deposition would entail an

inappropriate burden or hardship" upon them.   Thus, the defendants' Order to

Show Cause seeking to compel the deposition of Tony Casto must be denied in its

entirety.

Dated: New York, New York
      February 20, 2008

                         Respectfully submitted,
                         THE LAW FIRM OF RAVI BATRA, P.C.
                         *Co-Counsel for Plaintiff*

                         Ravi Batra, Esq. (RB 4299)
                         Todd B. Sherman, Esq. (TS 4031)
                         The Batra Building
                         142 Lexington Avenue
                         New York, New York 10016
                         (212) 545-1993
                         E-Mail: ravibatralaw@aol.com

Antonio D. Castro, Esq. (AC 0894)
*Co-Counsel for Plaintiff*
211 South Ridge Street
Rye Brook, NY 10573
(914) 939-0002

To:

Thomas J. Troetti, Esq.
*Attorney for defendants Muesser, Gramaglia,*
*Pumillo, Fertig and John Does 1-10*
305 Old Tarrytown Road
White Plains, NY 10603
(914) 946-1875

Brian D. Murphy, Esq.
Stecich Murphy & Lammers, LLP
*Attorneys for defendants Town of Greenburgh and John Kapica*
828 South Broadway, Suite 201
Tarrytown, NY 10591-6650
(914) 674-4100

Andrew C. Quinn, Esq.
Quinn & Mellea, L.L.P.
*Attorneys for defendant Erik Ward*
Crosswest Office Center
399 Knolwood Road, Suite 220
White Plains, NY 10603
(914) 997-0555

\pane.696\022008TroettiMemoofLaw

10

Docket No.   07 CV 3216 (WP4) (LMS)

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

———

### GINA ANNE NOEL PANE,
*Plaintiff,*

- against -

### THE TOWN OF GREENBURGH,
### JOHN KAPICA, in his capacity as CHIEF OF THE GREENBURGH
### NEW YORK POLICE DEPARTMENT,  ERIK WARD, POLICE OFFICER
### MICHAEL MUESSER, SERGEANT ROBERT GRAMAGLIA, SERGEANT
### FRANCIS PUMILLO, DETECTIVE PAUL FERTIG,
### JOHN DOE POLICE OFFICERS 1 - 10, SO NAMED AS THEIR
### IDENTITIES HAVE YET TO BE ESTABLISHED.
*Defendants.*

## MEMORANDUM OF LAW
## IN OPPOSITION TO THE DEFENDANTS'
## ORDER TO SHOW CAUSE SEEKING TO DEPOSE
## PLAINTIFF'S ATTORNEY ANTONIO CASTRO, ESQ.

THE LAW FIRM OF RAVI BATRA, P.C.
*Co-Counsel for Plaintiff*
The Batra Building
142 Lexington Avenue
New York, NY 10016
(212)545-1993
\pane.696\022008TroettiMemoofLaw

11