# EXHIBIT 2



1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - -x
GINA ANNE NOEL PANE,

                      Plaintiff,

      -against-           Index No.
                        07 CV 3216
                        (WP4)(LMS)

THE TOWN OF GREENBURGH, JOHN KAPICA, in his
Capacity as CHIEF OF THE GREENBURGH, NEW YORK
POLICE DEPARTMENT, ERIK WARD, POLICE OFFICER
MICHAEL MUESSER, SERGEANT ROBERT GRAMAGLIA,
SERGEANT FRANCIS PUMILLO, DETECTIVE FERTIG, JOHN
DOE POLICE OFFICERS 1-10, SO NAMED AS THEIR
IDENTITIES HAVE YET TO BE ESTABLISHED,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - -x

                November 7, 2007
                10:45 a.m.

DEPOSITION of ADELE PANE, non-party witness
herein, taken pursuant to Subpoena, and held at
the offices of Stecich Murphy & Lammers, 828 South
Broadway, Suite 201, Tarrytown, New York, before
Michael McAliney, a Court Reporter and Notary
Public of the State of New York.



RECEIVED
NOV 2 1 2007
TLFRB

DALCO REPORTING, INC.
170 Hamilton Avenue, White Plains, NY 10601
49 W. 37th Street, New York, NY 10018
914.684.9009  Fax 914.684.6561  212.679.6095
800.DAL.8779  www.dalcoreporting.com

```
 1     as Defendants' Exhibit 2?
 2          A.   Yes, here it is, yes.  (Indicating.)
 3          Q.   Two-page document?
 4          A.   Yes.
 5          Q.   It's on the letterhead of Tony Castro?
 6               MR. BATRA:  I'll object to this, because
 7     much like the medicine boxes that Mrs. Pane
 8     brought, medicine that belongs to Gina Pane,
 9     this bill that I'm looking at is dated August
10     18th, 2006, it's submitted to Gina Pane
11     exclusively, not to Mr. and Mrs. Pane the
12     parents.  And, yet, because it's home, Mrs.
13     Pane's bringing stuff that is attorney/client
14     privilege and, therefore, I object to it.
15               MR. TROETTI:  What attorney/client
16     information is set forth on this invoice?
17     Well, let me ask you this question, are you
18     withdrawing any claim you might have asserted
19     on behalf of Gina for reimbursement of legal
20     fees in defense of the criminal proceeding?
21               MR. BATRA:  No, no, it's not about the
22     reimbursement of fees issue.  It is the
23     description of the -- of -- I have no
24     problem, for example, date and time.  I have
```



ADELE PANE

210

1  a problem with the description of what
2  occurred. I don't think you're entitled to
3  that. And, in fact, what we provided you was
4  with appropriate redactions for that purpose.
5  So the problem I have is that Mrs. Pane is
6  producing stuff that's not hers to produce.
7       MR. TROETTI: Okay.
8       MR. BATRA: That's the problem.
9       MR. TROETTI: All right. Well, it's
10 been produced, we have it.
11      MR. BATRA: I know.
12      MR. TROETTI: I read it. I have no
13 intention of marking it separately from the
14 overall --
15      MR. BATRA: That's fine, you know
16 what --
17      MR. TROETTI: -- exhibit here.
18      MR. BATRA: -- the legalities involved
19 here are more difficult than the issues,
20 that's fine.
21      MR. TROETTI: And it appears it was
22 submitted to Mrs. Pane anyway.
23      MR. BATRA: No, it was submitted to Gina
24 Pane.



```
 1              MR. TROETTI:  Anyway.
 2              MR. BATRA:  Yeah.
 3        Q.   Is this the invoice you received, the
 4   two-page document part of Defendants' Exhibit 2,
 5   on the letterhead of Tony Castro dated August
 6   18th, 2006?
 7        A.   Yes, that's it.
 8        Q.   Have you received any other invoices
 9   from Mr. Castro for his representation of your
10   daughter in the criminal proceeding?
11        A.   No.
12        Q.   Have you ever received any invoice from
13   any other lawyer for any type of representation
14   they provided to your daughter in defense of the
15   criminal charges?
16        A.   No.
17        Q.   Did you pay all or any part of the
18   invoice dated August 18th, 2006, tendered to you
19   by Tony Castro, Esq.?
20        A.   Part.
21        Q.   How much of that invoice have you paid
22   to date?
23        A.   Well, I've got the canceled checks here,
24   3,000 -- $6,000.
```



ADELE PANE

215

```
 1        Q.   To your knowledge, has Gina paid any sum
 2   for legal services rendered to her in defense of
 3   the criminal case?
 4        A.   She's reimbursed myself.
 5        Q.   Okay.  When did she reimburse you?
 6        A.   A little bit of a paycheck every month
 7   until it was paid.
 8        Q.   Okay.  And so to date, how much has she
 9   reimbursed you?
10        A.   The total amount, $6,000.
11        Q.   And has she done that by check or in
12   some other --
13        A.   Cash.
14        Q.   She's given you cash?
15        A.   She cashes her paycheck and she gives me
16   most of it and has spending money.
17        Q.   Okay.  So when did she make the last --
18   so far how much has she reimbursed you to date?
19        A.   $6,000.
20        Q.   When did she make the last payment to
21   you in cash?
22        A.   My husband handled all that, because he
23   does the money, so you would get a more correct
24   answer from him.
```



COPY
280

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - -X
GINA ANNE NOEL PANE,

                       Plaintiff,

       -against-              Index No.
                              07 CV 3216
                              (WP4)(LMS)


THE TOWN OF GREENBURGH, JOHN KAPICA, in his
Capacity as CHIEF OF THE GREENBURGH NEW YORK
POLICE DEPARTMENT, ERIK WARD, POLICE OFFICER
MICHAEL MUESSER, SERGEANT ROBERT GRAMAGLIA,
SERGEANT FRANCIS PUMILLO, DETECTIVE FERTIG, JOHN
DOE POLICE OFFICERS 1-10, SO NAMED AS THEIR
IDENTITIES HAVE YET TO BE ESTABLISHED,

                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - -X

                       November 12, 2007
                       11:35 a.m.


      CONTINUED DEPOSITION of ADELE PANE, non-party
witness herein, taken pursuant to Subpoena, and
held at the offices of Stecich Murphy & Lammers,
828 South Broadway, Suite 201, Tarrytown, New
York, before Michael McAliney, a Court Reporter
and Notary Public of the State of New York.
```

RECEIVED
NOV 21 2007
TLFRB



DALCO REPORTING INC.
170 Hamilton Avenue, White Plains, NY 10601
49 W. 37th Street, New York, NY 10018
914.684.9009  Fax 914.684.6561  212.679.6095
800.DAL.8779  www.dalcoreporting.com

ADELE PANE

452

1    are circled?

2        A.    Yes.

3        Q.    Okay. Did you circle those particular
4    entries, of the ones that are circled?

5        A.    I think my husband did.

6        Q.    Okay. And do you know why your husband
7    circled the time entries on Mr. Castro's two-page
8    bill marked as Defendants' Exhibit 5?

9        A.    Because those were related to her DWI,
10    her criminal case.

11        Q.    Okay. And why did your husband circle
12    the time entries related to your daughter's DWI
13    case?

14        A.    Because that's what we were paying for.

15        Q.    And the entries on Mr. Castro's bill
16    which are not circled, were for legal services
17    billed by Mr. Castro which you and your husband
18    were not going to pay?

19        A.    They were related to the lawsuit.

20        Q.    Okay. And because they were related to
21    the lawsuit, that is the entries which are not
22    circled, you and your husband were not going to
23    pay for those legal services?

24        A.    Correct.




ADELE PANE

453

```
1         Q.   And did you discuss with Mr. Castro on
2    January 24th, who, if anyone, would pay for legal
3    services rendered by him in connection with
4    services unrelated to the criminal case?
5         A.   I think Gina discussed that, because I
6    -- I don't know.
7         Q.   Okay.
8         A.   I think that was between Gina and Tony.
9         Q.   All right. So your understanding was,
10   to the extent of your responsibility and that of
11   your husband, for the payment of Mr. Castro's
12   legal expense only related to the --
13        A.   DWI.
14        Q.   -- the criminal charges brought against
15   your daughter?
16        A.   Correct.
17        Q.   All right. And so did you pay his bill
18   in full as you had contemplated?
19             MR. BATRA:  Objection to the
20        characterization.
21        A.   It's paid according to what the checks
22   are, which amounted to $6,000.
23        Q.   All right. And on the second page of
24   Mr. Castro's bill marked as Defendants' Exhibit
```

