UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GINA ANNE NOEL PANE,

                Plaintiff

    -against-

THE TOWN OF GREENBURGH, JOHN KAPCIA,
in his capacity as Chief of the Greenburgh Police
Department, ERIK WARD, POLICE OFFICER
MICHAEL MUESSER, SERGEANT ROBERT
GRAMAGLIA, SERGEANT FRANCIS PUMILLO,
DETECTIVE PAUL FERTIG, JOHN DOE POLICE
OFFICERS 1-10 so named as their identities have
yet to be established,

                Defendants.
------------------------------------------------------------------X

Case No:
07 CV 3216
(WP4) (CMS)

**REPLY**
**AFFIRMATION**

    THOMAS J. TROETTI, an attorney at law admitted practice before the Courts of the State of New York and the United States District Court for the Southern District of New York under the penalties of perjury states as follows:

    This affirmation is offered in Reply to the opposition papers submitted on behalf of the plaintiff.

    Not until receipt and review of the Affirmation in Opposition of Ravi Batra, Esq. did I know that Antonio Castro, Esq. was a "critical member of the plaintiff's current group of attorneys," given that (i) Mr. Castro has not produced so much as a single piece of correspondence or otherwise communicated with me, or to my knowledge, with any of the other attorneys regarding this case, (ii) his name does not appear on any of the multiple legal documents exchanged in discovery and (ii) he has failed to attend any of the non-party witness depositions. In fact, in an office file of mine which now reaches a depth of about 20- 25 inches the only litigation document which carries Mr. Castro's

signature is his Affidavit dated February 20, 2008, which is remarkable not so much what it says, but what it fails to say.

In a linguistic hedge, at paragraph 10 of Mr. Castro's Affidavit he represents that "the only entities [he] ever **initiated** contact with about the plaintiff's arrest and subsequent mistreatment ... were the ... District Attorney's Office and the Greenburgh Police Department." Nowhere in his Affidavit does he flatly deny that he disclosed to, or confirmed, with any news media that his client was a "dominatrix." Instead, at paragraph 15 he represents that on February 2, 2006 Mr. Bandler of the Journal News informed him during a telephone conversation that he [Mr. Bandler] possessed information that Ms. Pane had been arrested for driving while impaired and possession of marijuana, and that she was a dominatrix, which very same information Mr. Castro further represents was "possessed" by a reporter with the News 12 Westchester cable news network See paragraph 16 of Castro Affidavit.[1] Of course, such representation implies that Mr. Castro was not the source of the information which "lite the media fire" since by the time he spoke with Mr. Bandler on February 2, 2006 the plaintiff's arrest, as well as her vocation as a dominatrix, was already known by the media.

While Mr. Castro claims that both Mr. Bandler and the reporter from News 12 Westchester both "possessed" information as early as February 2, 2006 that the plaintiff was a dominatrix, curiously, neither the initial Journal News article published on February 3, 2006 nor the initial News 12 broadcast aired on February 2, 2006 mentioned such media-grabbing fact See Exhibit 1 to Batra Affirmation dated February 20, 2008 and Exhibit B to Troetti Affirmation dated January 22, 2008. But, according to Mr. Castro's invoice for legal services on "February 3, 2006" he spent "2 hours"

---

[1] At any deposition of Mr. Castro, I personally would be very interested to know if he took notes of this telephone conversation with Mr. Bandler, since it appears to be just short of astonishing that a busy practitioner such as Mr. Castro remembered the most intimate details of an isolated conversation from over two (2) years ago.

meeting with the media *See* Exhibit E to Troetti Affirmation dated January 22, 2008. [2] It was subsequent to Mr. Castro's meeting with the media that newspaper articles appeared in the Journal News, and broadcasts were aired on Cable News 12 Westchester, which reported that Ms. Pane was a dominatrix. Based on these undisputed facts, it clearly appears that Mr. Castro was the source of the very information disclosed to the media about which the plaintiff now complains, despite any suggestion to the contrary contained in his Affidavit. While Mr. Castro represents that his purpose in "communication[ing] with journalists [was] primarily designed to educate them," his deposition, nevertheless, is necessary so that the defendants may ascertain the precise dates he spoke with representatives of the media and the nature and extent of information he disclosed to them. [3]

Turning to plaintiff's damage claim for attorney' fees incurred in defense of the criminal case, the testimony of her parents did indeed establish that they paid a total of $6,000.00 toward a total invoice of $10,200.00 for legal services rendered by Mr. Castro. Does Mr. Castro expect the plaintiff to pay the balance of $4,200.00 which the plaintiff's parents made clear in no uncertain terms they refuse to pay? If so, that liability of the plaintiff to Mr. Castro for legal services rendered arising out of her arrest is a compensable item of damages in this lawsuit, which subject the defendants are entitled to explore.

The invoice of Mr. Castro was provided to the defendants by Adele Pane who brought it to her deposition in a folder containing various other papers. When Mr. Castro provided his invoice to Adele Pane the attorney-client privilege which might have attached to any confidential communication contained in that document was waived. More fundamentally, no information on the invoice reflects

---

[2] Mr. Castro's invoice also reflects that he had several other meetings with the media, which included an actual News 12 taping on March 2, 2006 and March 15, 2006.

[3] Thanks to the plaintiff and her legal representatives, as the title of Phil Reisman's newspaper article reveals Mr. Reisman was permitted to "peer into the life [and] mind of a Westchester dominatrix." I am sure, as Mr. Castro intended, that Journal News reporter Phil Reisman received the "education" of his journalistic career *See* Newspaper Article annexed as Exhibit D to Troetti Affirmation dated January 22, 2008.

any type of attorney-client communication about defense strategy or any other confidential communications. As a result, not only is the "billing information" sought from Mr. Castro relevant and non-privileged, but it is necessary to a basic defense of the plaintiff's claim for damages *See United States v. Knowles Bd. of Educ.*, 946 F. 2d 180 (2nd Cir. 1991). *See* In re *Subpoena Issued to Dennis Friedman*, 350 F. 3d 65, 71 (2nd Cir. 2003) ("the disfavor with which the practice of seeking discovery from adversary counsel is regarded is not a talisman for the resolution of all controversies" citing *Gould Inc. v. Mitsui Min. & Smelting Co., Ltd.*, 825 F.2d 676, 680 n. 2 (2d Cir.1987) )

The last entry on the only invoice produced by Adele Pane is dated "August 8, 2006" *See* Exhibit E to Troetti Affirmation dated January 22, 2008. At paragraph 48 of the Complaint it is alleged that "the marijuana possession charge was resolved on or about February 21, 2007 by an Adjournment in Contemplation of Dismissal" *See* Exhibit A to Troetti Affirmation dated January 22, 2008. As a result, the earliest date that the criminal case was concluded was on February 21, 2007 – over seven months after the date of the last entry on Mr. Castro's invoice. If the plaintiff in this civil action is going to seek recovery from the defendants for attorney fees incurred over that period of time, such item of damages must be documented in an invoice produced by Mr. Castro itemizing his time as well as the nature and cost of the legal services he provided. Under those circumstances, the defendants are entitled to know the full extent of the legal services rendered by Mr. Castro, the amount he charged the plaintiff for those legal services and the amount, if any, she paid or is obliged to pay.

WHEREFORE, the Court should direct that the defendants be permitted to take the non-party witness deposition of Antonio Castro, Esq. and grant such other and further relief as is just and proper.

DATED: White Plains, New York
February 26, 2008

/s/ _____
THOMAS J. TROETTI (7481)
Attorney for Defendants,

             POLICE OFFICER MICHAEL MUESSER, SERGEANT
             ROBERT GRAMAGLIA, SERGEANT FRANCIS
             PUMILLO, DETECTIVE PAUL FERTIG, JOHN DOE
             POLICE OFFICERS 1-10 so named as their identities
             have yet to be established,
             305 Old Tarrytown Road
             White Plains, New York 10603
             (914) 946-1875

TO:  The Law Firm of Ravi Batra, P.C.
    Attorneys for GINA ANNE NOEL PANE
    142 Lexington Avenue
    The Batra Building
    New York, New York 10016

    STECICH, MURPHY AND LAMMERS, LLP
    Attorneys for Defendants
    TOWN OF GREENBURGH and
    JOHN KAPICA, Chief of Police
    828 South Broadway, Suite 201
    Tarrytown, New York 10591

    QUINN & MELEA,
    Attorney for Defendant,
    ERIK WARD
    399 Knollwood Road
    White Plains, New York 10603