UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GINA ANNE NOEL PANE,<br>          *Plaintiff,*<br><br>  -against-<br><br>THE TOWN OF GREENBURGH,<br>JOHN KAPICA, in his capacity as<br>CHIEF OF THE GREENBURGH<br>NEW YORK POLICE<br>DEPARTMENT, ERIK WARD,<br>POLICE OFFICER MICHAEL<br>MUESSER, SERGEANT ROBERT<br>GRAMAGLIA, SERGEANT<br>FRANCIS PUMILLO, DETECTIVE<br>PAUL FERTIG, JOHN DOE POLICE<br>OFFICERS 1 - 10, SO NAMED AS<br>THEIR IDENTITIES HAVE YET TO<br>BE ESTABLISHED<br><br>          *Defendants.* | Civil Action Number:<br>07 CV 3216 (WP4) (LMS)<br><br><br><br>AFFIRMATION IN<br>SUPPORT OF DEFENDANT'S<br>ORDER TO SHOW CAUSE<br>SEEKING TO DEPOSE<br>PLAINTIFF'S ATTORNEY<br>ANTONIO CASTRO, ESQ. |

Brian D. Murphy, makes the following affirmation under the penalties of perjury:

1. I am an attorney duly licensed to practice law in the courts of the State of New York and Southern District of New York. I am a partner in the law firm of Stecich Murphy & Lammers, LLP, attorney for the Town of Greenburgh and John Kapica, in his official capacity as Chief of the Greenburgh Police Department [the 'Town Defendants'] in the above entitled action.

2. I make this affirmation in support of the Order to Show Cause of defendants Muesser, Gramaglia, Pumillo, Fertig and others not yet identified seeking an order permitting the defendants' to conduct a deposition of Antonio Castro, who represented the plaintiff in the defense of criminal charges which arose out of her arrest by the Greenburgh Police Department on January 21,2006 and who has been identified in the affirmation in Opposition of Ravi Batra Esq. As plaintiff's co-counsel. While all reply papers to the motion were to be filed by 5:00 p.m. on

February 26, 2008, I respectfully request that the Court accept this submission and that such acceptance will not prejudice any of the parties to this action.

    3. The Federal Rules of Civil Procedure provide that parties may obtain discovery, including by oral depositions, regarding any matter not privileged, that is relevant to the claim or defense of any party and that relevant information need not be admissible. Fed R. Civ 26(b)(1). Here, the individually named police defendants seek to obtain information from Antonio Castro, plaintiff's counsel at the time of the underlying criminal prosecution of plaintiff, about aspects of his representation which unarguably involved non-privileged communications and communications with third parties, i.e. representatives of the press and media and the District Attorney's office. According to Mr. Troetti's memorandum and affirmation, it is not intended, nor will he seek to inquire into communications between Mr. Castro and Plaintiff. It is also indisputable that Mr. Castro possesses relevant information concerning his contact and conversations with the media and press on behalf of the plaintiff. As shown by Mr. Castros' bill (see Exhibit 'E ' to defendant's Order to Show Cause) significant expenditures of his time were made for 'Meetings with Media...'; 'Meeting with News 12, taping in my office'; 'News 12 taping' and 'Press conf at Fed Court'. Since much has been made in this case of the allegation that plaintiff was subjected to unwanted media attention and thus prevented from pursuing a lucrative financial career, the issue of planning and scheduling of news conferences by her legal representative is both relevant, critical and non-privileged to the defense against her claim that she was damaged by media attention to her arrest and subsequent criminal prosecution. Planning and attending press conferences are normally within the purview of a press agent or media representative and do not involve seeking or providing legal advice. Such activity is thus not subject to the attorney-client privilege. Since Mr. Castro was intimately involved in these actions his non-privileged information should be discoverable. A party seeking discovery is entitled to question the direct participants rather than being forced to attempt to glean information from

second hand sources. United States Fidelity & Guaranty, 2000 U.S. Dist. LEXIS 12669. It would be unfair if Plaintiff were allowed to plead privilege in an effort to block a fact witnesses deposition based upon conscious decision to include Mr. Castro in plaintiff's current group of attorneys

    4. It should be noted, that while Mr. Batra's affirmation describes Mr. Castro as 'co-counsel' and Mr Castro himself states that he currently represents plaintiff and has continuously done so since about January 2006, Mr. Castro has not participated in any of the discovery proceedings had since the inception of this action, nor has he appeared at any depositions, nor submitted any signed documentation to this court, other than his affidavit in opposition to the instant Order to Show Cause for his deposition. He has appeared at conferences before the court but made no substantive comments or requests while present in the court. His participation in the current case can be described as 'minimal' at best. Notably, Mr Castro's affidavit fails to include a description of the legal services he has provided since the conclusion of the criminal case against the plaintiff and in support of the instant proceeding. The deposition of Mr. Castro, therefore, can hardly be viewed as disruptive of plaintiff's case. In any event, the plaintiff's choice of Mr. Castro as co-counsel, with the knowledge that he was the principle, if not only defense attorney in the underlying criminal proceeding, cannot shield his deposition.[1] ( see Alcon Laboratories, Inc. V. Phamacia Corp., 225 F. Supp 2d 340, 344 (S.D.N.Y. 2002).

    5. While as a general matter, attorney depositions are disfavored, they are not categorically barred. Rather, "... the request to depose a party's attorney must be weighed by balancing...the necessity for such discovery in the circumstances of the case against its potential to oppress the

---

[1] Although the individual police officer defendants could seek to disqualify Mr. Castro if it is necessary for him to testify at trial, a motion to disqualify might be unnecessary as Mr. Castro may have an ethical duty to remove himself from the case if his testimony is required and an exception does not exist.

adverse party and to burden the adversary process itself" See <u>Alcon</u>, at 342. The rationale for limiting depositions of attorneys is that deposition of counsel are likely to have a disruptive effect on the attorney-client relationship and on the litigation of the case. However, in this case, these concerns should not exist, as Mr. Castro is not trial counsel in this matter. Accordingly his deposition will not be disruptive of the litigation, or raise significant privilege issues, as would be more likely if he were acting as trial counsel. See <u>Chase Manhattan Bank, N.A  v. T& N PLC</u>, 156 F.R.D. 82, 84 (S.D.N.Y. 1994); <u>United  States Fid. & Guar. Co. V. Braspetro Oil Servs. Co.</u>, 2000 U.S. Dist. Lexis 12669 ( S.D.N.Y. Aug  31, 2000)

WHEREFORE, the Court should direct that the defendant be permitted to take the witness deposition of Antonio Castro, Esq. and grant such other and further relief as is just and proper.

Dated: Tarrytown, New York
February 26, 2008

/s/_____
Brian D. Murphy (BM1017)
Attorney for Town of Greenburgh and
John Kapica, Chief of Police
828 South Broadway, suite 201
Tarrytown, New York 10591
(914) 674-4100

Law Offices of Ravi Batra, P.C.
Counsel for Plaintiff
The Batra Building
142 Lexington Avenue
New York, New York 10016

Thomas J. Troetti, Esq.
Counsel for Police Officer Muesser,
Sgt. Gramaglia, Sgt Pumillo, Det. Fertig,
John Doe Police Officers 1-10
305 Old Tarrytown Road
White Plains, New York 10603-2825

Quinn & Mellea, LLP
Attn: Andrew Quinn, Esq.
Counsel for Erik Ward
399 Knollwood Road
White Plains, New York 10603-1931