UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

GINA ANNE NOEL PANE,                                        :

                              Plaintiff,                    :         No. 07 Civ. 3216 (WP4) (LMS)

          -against-                                         :

THE TOWN OF GREENBURGH, JOHN KAPCIA,   :
in his capacity as Chief of the Greenburgh Police
Department, ERIK WARD, POLICE OFFICER       :             REPLY DECLARATION OF
MICHAEL MUESSER, SERGEANT ROBERT                          JONATHAN BANDLER
                                                            :             IN FURTHER SUPPORT OF
GRAMAGLIA, SERGEANT FRANCIS PUMILLO,                     MOTION TO QUASH
DETECTIVE PAUL FERTIG, JOHN DOE POLICE :                 OR MODIFY SUBPOENA
OFFICERS 1-10 so named as their identities have
yet to be established,                                      :

                              Defendants.                   :

-----------------------------------------------------------------x

          I, JONATHAN BANDLER, hereby declare, pursuant to 28 U.S.C. § 1746:

          1. For the past 19 years, I have been a professional journalist employed by *The

Journal News*, a daily newspaper that is widely distributed throughout Westchester, Bronx, New

York, Putnam, and Rockland Counties and in surrounding areas of New York and Southern

Connecticut. I submit this declaration in further support of the motion to quash or modify the

subpoena (the "Subpoena") seeking my testimony in this action. I submit this declaration

without waiver of – and specifically reserving – all of my rights under the New York Reporters

Shield Law, the state and federal reporter's privileges, the First Amendment to the United States

Constitution, and Article I, Section 8, to the New York State Constitution.

          2. I have read the unsworn declaration of Ravi Batra dated February 20, 2008, in

opposition to the motion. I note that nowhere in his declaration does Mr. Batra mention that my

725071_2

article, dated February 3, 2006 (the "Article"), which is the focus of Mr. Batra's attention, does not contain the name of his client, Gina Pane, nor does it state or imply that Ms. Pane was a dominatrix. (A copy of my article is annexed as Exhibit A to my declaration dated February 11, 2008.) In fact, the Article makes no mention whatsoever of Ms. Pane's occupation. The Article is a straightforward account of alleged police misconduct toward an unnamed individual who had been arrested on marijuana charges.

3.      In paragraph 8 of his unsworn declaration, Mr. Batra says that he called me on or about April 6, 2006, which was more than two months after the Article appeared. At or about that time, he did indeed call me to ask about the identity of my source. At no point during that conversation -- or at any other time -- did I state or imply to Mr. Batra that the source was one of the defendants in this action or anyone associated with the Greenburgh Police Department. To the contrary, I indicated to Mr. Batra that my source was confidential and that I would not discuss the source's identity.

4.      At no time did I ever initiate a discussion with Mr. Batra or anyone else concerning my sources. Nor have I disclosed to anyone the identity of my initial source.

5.      In paragraph 8 of his unsworn declaration, Mr. Batra contends that I told him during the April 6, 2006, that my initial source for the Article told me about "the arrest of and subsequent complaint by the 'dominatrix.'" I do not recall one way or the other whether I made such a statement to Mr. Batra, but I am certain that I did not state or imply to him that my initial source was one of the defendants in this lawsuit or speculate about the source's motives. And, again, my Article makes no mention of a dominatrix and does not identify Ms. Pane's occupation in any respect.

6.      In paragraph 20, Mr. Batra suggests that I have sought to imply that Tony

725071_2    -2-

Castro was my initial source. I did not intend to make any such implication and do not believe that I have done so. I have not sought to cast suspicion on anyone as my source; I have only sought to safeguard the newsgathering process and the legal privileges available to me. Mr. Castro's name was mentioned in the memorandum of law submitted by counsel on my behalf as an example of the many potential witnesses whom the parties have evidently not bothered to depose before subpoenaing me.

7.      During my 19 years as a reporter, I have made use of information from confidential sources hundreds of times. It is my understanding and belief, based upon my experience, that many important stories would never be uncovered or written if sources believed that their identities would become publicly known.

8.      I understand that Mr. Batra contends that I have not said enough about how I know the source intended the contact with me to be confidential. That is surely a potential Catch 22. I would certainly not have characterized a source as confidential if I did not, in my profession opinion, believe that to be a fact. There is obviously little I can say about the circumstances of my contact with the source without compromising the very confidentiality that I am seeking to maintain. However, without waiver of the privilege, I will say that, at the time of the original contact, the source's expectation that his or her name would not be disclosed was entirely evident from the brevity and unsolicited nature of the contact and the very limited nature of the information imparted. This was a classic confidential "tip." In short, based upon my experience as a journalist, it was entirely clear to me from the tone and substance of the conversation that confidentiality was expected.

9.   I again assert the Reporter's Privileges and respectfully request that the Subpoena be quashed insofar as it seeks any testimony or documents that are privileged,

including, but not limited to, the identity of the individual whom Mr. Batra characterizes as the initial source for my Article.

I declare under penalty of perjury that the foregoing is true and correct. I executed this declaration on February 27, 2008, in White Plains, New York.

JONATHAN BANDLER