Stecich Murphy & Lammers, LLP
828 South Broadway, Suite 201,
Tarrytown, New York 10591
[914] 674-4100
Attorney for The Town of Greenburgh
and Police Chief John Kapica

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Civil Action, Case Number 07 Civ. 3216

_____

| | |
|---|---|
| GINA ANNE NOEL PANE,<br><br>         Plaintiff,<br><br><br>     v.<br><br>THE TOWN OF GREENBURGH, JOHN KAPICA, in his capacity as CHIEF OF POLICE OF THE GREENBURGH NEW YORK POLICE DEPARTMENT, ERIK WARD, POLICE OFFICER MICHAEL MUESSER, SERGEANT ROBERT GRAMAGLIA, SERGEANT FRANCIS PUMILLO, DETECTIVE PAUL FERTIG, JOHN DOE POLICE OFFICERS 1-10, SO NAMED AS THEIR IDENTITIES HAVE YET TO BE ESTABLISHED<br><br><br>         Defendants | TOWN OF GREENBURGH AND JOHN KAPICA'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUEST PURSUANT TO RULE 34 |

_____

PROPOUNDING PARTY:        Plaintiff
RESPONDING PARTY:  The Town of Greenburgh and John Kapica,
SET NUMBER:        Two

     To Gina Anne Noel Pane and her attorney of record:
Pursuant to FRCP 34(b), Town Defendants hereby respond and object to Plaintiff's Second Request for Production
of Documents.

GENERAL OBJECTIONS

1. The Town Defendants shall respond to the requests as if directed only at documents within its possession, custody or control.

2. This response is based upon documents presently available to and located by Town Defendants and is given without prejudice to Town Defendant's right to produce additional documents at a later date should they become located and available as a result of subsequent review of its records or as a result of additional investigation or discovery.

3. By producing or failing to produce some or all of the requested documents, Town Defendants do not concede the relevance or materiality of any request or the subject to which it relates.

4. The Town Defendants object to all requests to the extent they seek documents protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.

5. Inadvertent production of privileged information by Town Defendants shall not constitute waiver of any applicable privilege or doctrine, including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, privilege and/or admissibility as evidence as such objections may apply at trial or otherwise in this action.

6. The Town Defendants object to the requests to the extent they call for a duplicate production of documents previously produced to Plaintiff.

7. The Town Defendants object to each and every request to the extent they call for information protected by the United States Constitution and any applicable statutes, including, but not limited to, the right of privacy.

SPECIFIC OBJECTIONS AND RESPONSES

Request No.1:  True and complete copies of all narrative arrest reports completed by, or on behalf of, any and all members of the Greenburgh Police Department Street Crime Unit, including but not limited to Erik Ward and Paul Fertig, for violations of narcotics and marijuana laws within or about the Greenburgh Multiplex theater and its parking facilities for the period of January 1, 2005 through and including January 21, 2006.

Response to Request No 1: The Town Defendants object to the request as overly broad in that it seeks records unrelated to the subject matter of the instant litigation; involves material which is or may be related to confidential police investigations involving matters other than plaintiffs claim and seeks records for time periods unrelated to the claim made by plaintiff herein.

Request No.2: A true and complete copy of the Rules and Regulations of the Greenburgh Police Department, with any amendments or additions ('patrol guide)', as provided to and received by Erik Ward upon his joining the Greenburgh Police Department.

Response to Request No. 2: Town Defendants will produce a copy of the current Rules and Regulations of the Greenburgh Police Department.

Request No.3: Any and all documents and records confirming the provision and receipt of the rules and regulations of the Greenburgh Police Department, with any amendments or additions ('patrol guide'), as provided to and received by Erik Ward upon his joining the Greenburgh Police Department.

Response to Request No.3: The Town Defendants will produce a copy of documents in their possession responsive to the request.

Request No.4: A true and complete copy of the Greenburgh Police Department Street Crime Unit arrest log for January 2006.

Response to Request No.4:Town Defendants will produce a copy of documents in their possession responsive to the request.

Request No.5:  A true and complete copy of any documents and records which memorialize the assignment of Greenburgh Police Department Street Crime Unit case numbers for January 2006.

Response to Request No.5: Town Defendants object to this request to the extent it calls for documents neither relevant to the claims in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Request No.6: A true and complete copy of the Greenburgh Police Department Street Crime Unit daily log for all members of the Street Crime Unit on duty on January 21, 2006.

Response to Request No.6:The Town Defendants will produce a copy of documents in their possession responsive to the request.

Request No.7: A true and complete copy of any Greenburgh Police Department Confidential Informant paperwork completed by or on behalf of, Erik Ward, during his tenure with the Greenburgh Police Department. This request is made with the understanding that personal identifying information as to any informant shall be redacted.

Response to Request No.7: Town Defendants will produce a copy of documents  in their possession responsive to the request.

Request No 8: A true and complete copy of any Greenburgh Police Department narcotics investigation rules, regulations, procedures and guidelines. This request includes, but is not limited to the use of Confidential Informants, buy and bust operations, narcotics seizures/'rips', obtaining and executing search warrants, and motor vehicle stops.

Response to Request No.8:Town Defendants will produce a copy of documents, in their possession, responsive to the request.

Request No. 9: A true and complete copy of any Greenburgh Police Department narcotics investigation rules, regulations, procedures and guidelines.

Response to Request No. 9:Town Defendants will produce a copy of documents in their possession responsive to the request.

Request No. 10: A true and complete copy of any request for leave, 'lost time', sick time, or any other absence as pertains to Erik Ward for January 23, 2006, and any associated documentation.

Response to Request No. 10: Town Defendants will produce a copy of documents in their possession responsive to the request.

Request No. 11: Time records for Eric Ward as provided to and/or maintained by the Greenburgh Police Department for the period January 1, 2006 through his suspension.

Response to Request No. 11:Town Defendants will produce a copy of documents in their possession responsive to the request

Request No. 12: Authorizations to obtain any and all records maintained by Erik Ward's personal Internet Service Provider(s) detailing internet usage, including, but not limited to: log-ons and log-offs, web sites visited, usage histories, and users profit for the period January 21,2005 through and including the present.

Response to Request No. 12: This request is properly directed to the Defendant Erik Ward.

Request No. 13: Authorization to obtain Paul Fertig's cellular telephone call detail and point to point detail records for the period January 1, 2005 through and including January 31, 2006 (or the billing cycles inclusI've of those periods).

Response to request No. 13: This request is properly directed to the Defendant Paul Fertig.

Request No. 14: Agreements, guidelines, policies, procedures, regulations, and memorandums of understanding regarding any participation by the Greenburgh Police Department in the Westchester District Attorney's Officer narcotics' Initiative, and any other interdepartmental/multi jurisdictional narcotics investigation/interdiction programs, which were in effect during the tenure of Erik Ward with the Greenburgh Police Department.

Response to Request No.14:Town Defendants will produce a copy of documents in their possession responsive to the request

Dated: Tarrytown, New York
     May 12, 2008          Signed: _____/s/_____
                           Attorney for The Town of Greenburgh
                           And John Kapica