UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
GINA ANNE NOEL PANE,

                Plaintiff,

-against-

THE TOWN OF GREENBURGH, JOHN KAPICA,
in his capacity as CHIEF OF THE GREENBURGH
NEW YORK POLICE DEPARTMENT, ERIK WARD,
POLICE OFFICER MICHAEL MUESSER, SERGEANT
ROBERT GRAMAGLIA, SERGEANT FRANCIS
PUMILLO, DETECTIVE FERTIG, JOHN DOE
POLICE OFFICERS 1-10, SO NAMED
AS THEIR IDENTITIES HAVE YET TO
BE ESTABLISHED

                Defendants.
-------------------------------------------------------------------x

Case Number:
07 CV 3216
(WP4) (LMS)

**TOWN DEFENDANT'S SECOND DEMAND FOR DOCUMENTS**

Assigned Judge:
Hon Lisa Margaret Smith
U.S.M.J.

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendants, TOWN GREENBURGH, and JOHN KAPICA (hereinafter collectively referred to as "Town Defendants") by their attorneys STECICH MURPHY & LAMMERS, L.L.P., hereby requests that plaintiff serve a written response to these requests within thirty (30) days of the date of service.

## DEFINITIONS AND INSTRUCTIONS

I. For purposes of this document, request, the terms "Town Defendants", shall mean John Kapica and the Town of Greenburgh, as well as any of its officers, directors, employees, or other agents, any of its divisions, operating groups or units, and any of its corporate parents, affiliates or subsidiaries.

ii. The terms "plaintiff" or "Gina Anne Noel Pane" shall be deemed to include Gina Anne Noel Pane, as well as any of her agents, representatives, attorneys or assigns, or any other person acting at her direction or on her behalf.

iii. "Document" means (a) "document" as that term is used in Rule 34 of the Federal Rules of Civil Procedure and (b) "writings" and "recordings" as those terms are used in Rule 1001(a) of the Federal Rules of Evidence. "Document" also means a "duplicate" of a "document" as that term is used in Rule 101(d) of the Federal Rules of Evidence.

iv  "Employment" as used herein shall include any job, position, function, or responsibility for which plaintiff would expect to receive or received compensation including consulting, advising and self-employment.

v. In responding to this request, all requested documents in plaintiff's possession, custody or control are to be produced. This includes documents in the possession, custody or control of plaintiff's attorneys or their investigators or of any third party or parties to whom plaintiff has surrendered possession, custody or control, or who are acting on plaintiff's behalf, or who have otherwise obtained possession, custody or

control, or who upon plaintiff's request, would surrender possession, custody or control to her.

vi  Each request herein for documents to be produced contemplates production of the document in its entirety, without abbreviation or expurgation.  If plaintiff is unable to produce a complete version of a document, so state in writing and produce whatever portion of said document that she is able to produce, specifying his inability to produce the remaining portion of said document and stating whatever information or knowledge he has concerning the documents he is unable to produce including, but not limited to, the content of such document.  If any such document was, but is no longer in plaintiff's possession, custody or control, state what disposition was made of it, the individual or entity currently in possession of the document and the reason for such disposition.

vii  In the event that any document called for by this request has been destroyed, that document is to be identified in writing as follows:  addressor, addressee, indicated or blind copies, date, subject matter, number of pages, attachments, exhibits or appendices, al persons to whom distributed, shown, explained or discussed, date of destruction, manner of destruction, person who authorized destruction and person who destroyed the document.

viii  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

ix  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

x   The following rules of construction apply to all discovery requests: the terms "all" and "each" shall be construed as all and each.

xi   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to ring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.  The use of the singular form of any word includes the plural and vice versa.

xii   Where a claim of privilege is asserted in objecting to any document demand, or sub-part thereof, and an answer is not provided on the basis of such assertion, please (a) identify the nature of the privilege which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and (b) provide the following information:  (I) the type of document; (ii) general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other.

xiii   This document request is continuing and requires further and supplemental production of all responsive documents which are obtained after the date of the initial production.

**DOCUMENT REQUESTS**

1. Any and all documents prepared in connection with plaintiff's request for, consent to, or acceptance of an Adjournment in Contemplation of Dismissal in connection with any charges brought in the Town of Greenburgh Justice Court, including affidavits, returns and any copies of correspondence to the court or the Westchester County District Attorney's Office, made in connection with any case pending before that court.

2. Copies of any and all transcripts of any proceedings held in connection with plaintiff's prosecution in the Greenburgh Town Justice Court.

3. Copies of all correspondence sent to or received from the New York State Attorney General's Office in connection with the complaint herein, or any advisal to the Attorney General of the plaintiff's action or any complaint about the treatment that Plaintiff received as a result of the conduct alleged in the Complaint.

Dated: Tarrytown, New York
       May 14, 2008

        **MURPHY STECICH & POWELL, LLP**
        Attorneys for the Town of Greenburgh
        and John Kapica

        _____S/_____
        Brian D. Murphy (BDM 1017)
        828 South Broadway, Suite 300
        Tarrytown, New York 10591
        (914) 674-4100

To:    Law Offices of Ravi Batra, P.C.
       Counsel for Plaintiff
       The Batra Building
       142 Lexington Avenue
       New York, New York 10016

       Thomas J. Troetti, Esq.
       305 Old Tarrytown Road
       White Plains, New York 10603-2825

       Quinn & Mellea, LLP
       Attn: Andrew Quinn, Esq.
       Counsel for Erik Ward
       399 Knollwood Road
       White Plains, New York 10603-1931