UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GINA ANNE NOEL PANE,

           Plaintiff,

-against-

THE TOWN OF GREENBURGH, JOHN KAPICA,
in his capacity as CHIEF OF THE GREENBURGH
NEW YORK POLICE DEPARTMENT, ERIK WARD,
POLICE OFFICER MICHAEL MUSSER, SERGEANT
ROBERT GRAMAGLIA, SERGEANT FRANCIS
PUMILLO, DETECTIVE FERTIG, JOHN DOE
POLICE OFFICERS 1-10, SO NAMED
AS THEIR IDENTITIES HAVE YET TO
BE ESTABLISHED

           Defendants.
----------------------------------------------------------------x

Case Number:
07 CV 3216
(WP4) (LMS)

**ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

Assigned Judge:
Hon Lisa Margaret Smith
U.S.M.J.

     The Defendants, TOWN OF GREENBURGH, and JOHN KAPICA, in his capacity as Chief of the Greenburgh New York Police Department (hereinafter collectively referred to as "Town Defendants") by their attorneys MURPHY STECICH & POWELL, L.L.P., answers the Amended Complaint in the above-captioned action, as follows:

## I. PRELIMINARY STATEMENT

     1.    Town Defendants deny the allegations contained in paragraphs 1-5 of the Amended Complaint and refer all questions of law to the Court.

## II.  JURISDICTION

2. Paragraphs 6, 7, 8, 9 and 10 set forth the jurisdictional limitations to which no response is required. To the extent that a response is required, Town Defendants deny the allegations therein.

## III.  Parties

3. Town defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 11 of the Amended Complaint.

4. Town defendants admit the allegations contained in paragraphs 12, 13 and 15 of the Amended Complaint.

5. Town defendants admit only that Erik Ward was a police officer employed by the Town in response to the allegations contained in paragraph 14 of the Amended Complaint. The remainder of the allegations in that paragraph are denied.

6. Town defendants admit the allegations contained in paragraph 16 of the Amended Complaint that Michael Muesser was a police officer employed by the Town. The remainder of the allegations in paragraph 16 of the Amended Complaint are denied

7. Town defendants admit the allegations contained in paragraph 17 of the Amended Complaint that Sergeant Robert Gramaglia was a police officer employed by the Town. The remainder of the allegations in paragraph 17 of the Amended Complaint are denied.

8. Town defendants admit the allegations contained in paragraph 18 of the Amended Complaint that Sergeant Francis Pumillo was a police officer employed by the Town. The remainder of the allegations in paragraph 18 of the Amended Complaint are denied.

9. Town defendants admit the allegations contained in paragraph 19 of the Amended Complaint that Detective Fertig was a police officer employed by the Town. The remainder of the allegations in paragraph 19 of the Amended Complaint are denied

10. Town defendants admit the allegations contained in paragraph 20 of the Amended Complaint that Daniel Massett was a police officer employed by the Town. The remainder of the allegations in paragraph 20 of the Amended Complaint are denied

11. Town defendants admit the allegations contained in paragraph 21 of the Amended Complaint that Edward Olson was a police officer employed by the Town. The remainder of the allegations in paragraph 21 of the Amended Complaint are denied

12. Town Defendants deny the allegations contained in paragraph 22 of the Amended Complaint.

### IV.  AMOUNT IN CONTROVERSY

13. Town Defendants deny the allegations contained in paragraph 23 of the Amended Complaint.

### V.  JURY DEMAND

14. Paragraph 24 sets forth a demand for jury trial to which no response is

required.

## VI.  NOTICE OF CLAIM

15. Town Defendants admit only under paragraph 25 of the Amended Complaint that what purported to be a notice of claim was served upon the Town of Greenburgh and respectfully refer all questions of law to the trial court for judicial determination.

16. Town defendants admit the allegations contained in paragraph 26 of the Amended Complaint.

17. Town defendants admit that more than thirty days have passed since the filing of the notice of claim and that the claim has not been adjudicated and deny each and every other allegation contained in paragraph 27 of the plaintiff's Amended Complaint.

## VII. FACTUAL ALLEGATIONS

18. Town defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 28 of the Amended Complaint.

19. Town defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 29 of the Amended Complaint, except deny that the plaintiff's car was parked with its engine off.

20. Town defendants admit that Greenburgh police personnel positioned a police vehicle in the vicinity of plaintiff's vehicle and deny each and every other allegation contained in paragraph 30 of the Amended Complaint.

21. Town defendants deny each and every allegation contained in paragraph 31 of the Amended Complaint, except admit that plaintiff provided a quantity of marijuana that was in her purse.

22. Town defendants deny knowledge or information sufficient to forma belief as to the truth or accuracy of the allegations set forth in paragraph 32 of the Amended Complaint, except admit that plaintiff was placed in a Greenburgh police vehicle.

23. Town defendants deny each and every allegation contained in paragraph 33 of the Amended Complaint

24. Town defendants deny each and every allegation contained in paragraph 34 of the Amended Complaint, except admit that Erik Ward and Paul Fertig were present in the movie theater parking lot

25. Town defendants deny each and every allegation contained in paragraph 35 of the Amended Complaint.

26. Town defendants deny each and every allegation contained in paragraph 36 of the Amended Complaint.

27. Town defendants admit that plaintiff was transported by officer Muesser in a Greenburgh police vehicle to Greenburgh Police Headquarters, and deny each and every

other allegation contained in paragraph 37 of the Amended Complaint.

28. Town defendants deny each and every allegation contained in paragraph 38, 39, 40, 41, 42, 43, 44, 45 and 46 of the Amended Complaint

29. Town defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 47 of the Amended Complaint.

30. Town defendants admit under paragraph 48 of the Amended complaint that plaintiff was issued an Information and an appearance ticket and refer all questions of law to the Court.

31. Town defendants admit only that the charge of violation of Vehicle and Traffic Law § 1192 referred to in paragraph 49 as the "DWI-drugs" charge was dismissed and respectfully refer all questions of law to the Court.

32. Town defendants admit, upon information and belief, only that plaintiff was granted an Adjournment in Contemplation of Dismissal as alleged in paragraph 50 of the Amended Complaint and respectfully refer all questions of law to the trial court for judicial determination.

33. Town defendants deny each and every allegation contained in paragraph 51 of the Amended Complaint.

34. Town Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 52, 53 and 54 of the

Amended Complaint.

35. Town defendants admit only in response to plaintiff's allegations in paragraph 55 of the Amended Complaint that defendant Ward did not request permission of his superiors to recruit plaintiff as an informant and respectfully refer all questions of law to the trial court for judicial determination.

36. Town Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 56, 57, 58, 59, 60, 61, 62, 63, 64, 66, 67, 68, 69, 72, 73, 74 and 78 of the Amended Complaint.

37. Town defendants deny each and every allegation contained in paragraph 65 of the Amended Complaint.

38. Town defendants admit the allegations contained in paragraph 70 of the Amended Complaint.

39. Town defendants deny each and every allegation contained in paragraph 71 of the Amended Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegation that the computer referred to in paragraph 71 of the Amended Complaint was 'recently purchased' by defendant Ward.

40. Town Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 75 of the Amended Complaint, except deny the allegation that media reports were designed as witness-intimidation and resulted in aggravating the injury to plaintiff.

41.     Town Defendants deny each and every allegation set forth in paragraph 76, 77 and 79 of the Amended Complaint.

42.     Town Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 78 of the Amended Complaint

## VIII.   COUNTS PURSUANT TO 42 U.S.C. 1983

### FIRST COUNT

43.     In response to paragraph 80 of the Amended Complaint, Town defendants repeat and reallege their responses in paragraphs 1 through 42 of this Answer, incorporated by reference in this paragraph as if fully set forth herein

44.     Town Defendants deny the allegations set forth in paragraphs 81, 82, 83 and 84 of the Amended Complaint.

### SECOND COUNT

45.     In response to paragraph 85 of plaintiff's Amended Complaint, Town defendants  repeat and reallege their responses in paragraphs 1 through 44 of this Answer, incorporated by reference in this paragraph as if fully set forth herein

46.      Town defendants deny each and every allegation set forth in paragraphs  86, 87, 88 and 89 of the Amended Complaint.

### THIRD COUNT

47. In response to paragraph 90 of plaintiff's Amended Complaint, Town defendant repeat and reallege their responses in paragraphs 1 through 46 of this Answer, incorporated by reference in this paragraph as if fully set forth herein

48. Town defendants deny each and every allegation set forth in paragraphs 91, 92, 93 and 94 of the Amended Complaint.

### FOURTH COUNT

49. In response to paragraph 95 of plaintiff's Amended Complaint, Town defendants repeat and reallege their responses in paragraphs 1 through 48 of this Answer, incorporated by reference in this paragraph as if fully set forth herein.

50. Town defendants deny each and every allegation set forth in paragraphs 96, 97 and 98 of the Amended Complaint.

### IX.   STATE LAW BASED COUNTS

### FIFTH COUNT

51. In response to paragraph 99 of the Amended Complaint, Town defendants repeat and reallege their responses in paragraphs 1 through 50 of this Answer, incorporated by reference in this paragraph as if fully set forth herein.

52. Town defendants deny each and every allegation set forth in paragraphs 100 102, 103 and 105 of the Amended Complaint.

53. Town Defendants deny knowledge or information sufficient to form a belief

as to the truth or accuracy of the allegations set forth in paragraph 101 of the Amended Complaint.

54.  Town defendants admit the allegations contained in paragraph 104 of the Amended Complaint.

## SIXTH COUNT

55.  In response to paragraph 106 of plaintiff's Amended Complaint, Town defendants repeat and reallege their responses in paragraphs 1 through 54 of this Answer, incorporated by reference in this paragraph as if fully set forth herein.

56.  Town Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 107 and 108 of the Amended Complaint.

57.  Town defendants deny each and every allegation set forth in paragraphs 109, 110 and 112 of the Amended Complaint.

58.  Town defendants admit the allegations contained in paragraph 111 of the Amended Complaint.

## SEVENTH COUNT

59.  In response to paragraph 113 of plaintiff's Amended Complaint, Town defendants repeat and reallege their responses in paragraphs 1 through 58 of this Answer, incorporated by reference in this paragraph as if fully set forth herein

60.  Town defendants admit only that criminal proceedings alleged in paragraph

114 of the Amended Complaint were commenced against plaintiff and refer all questions of law to the Court.

61.  Town defendants deny each and every allegation set forth in paragraphs 115, 116, 117 and 118 of the Amended Complaint.

### EIGHTH COUNT

62.  In response to paragraph 119 of plaintiff's Amended Complaint, Town defendants repeat and reallege their responses in paragraphs 1 through 61 of this Answer, incorporated by reference in this paragraph as if fully set forth herein

63.  Town defendants deny each and every allegation set forth in paragraphs 120, 121 of the Amended Complaint.

64.  Town defendants admit only under paragraph 122 and 123 of the Amended Complaint that the Town of Greenburgh is a municipality within the state of New York and refer all questions of law to the Court.

### NINTH COUNT

65.  In response to paragraph 124 of plaintiff's Amended Complaint, Town defendants repeat and reallege their responses in paragraphs 1 through 64 of this Answer, incorporated by reference in this paragraph as if fully set forth herein.

66.  Town Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 125, 126, 127, 132 and 133 of the Amended Complaint.

67  Town defendants admit the allegations contained in paragraph 130 of the Amended Complaint.

68.  Town defendants deny each and every allegation set forth in paragraphs 128,129, 131 and 134 of the Amended Complaint.

## TENTH COUNT

69.  In response to paragraph 135 of the Amended Complaint, Town defendants repeat and reallege their responses in paragraphs 1 through 68 of this Answer, incorporated by reference in this paragraph as if fully set forth herein.

70.  Town defendants deny each and every allegation set forth in paragraphs 136, 137 and 138 of the Amended Complaint.

## PRAYER FOR RELIEF

71.  Town defendants deny that plaintiff is entitled to any of the relief requested in the prayer for relief in the Amended Complaint

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

72.  The Amended Complaint fails to state facts sufficient to constitute a claim in whole or in part, upon which relief may be granted against the Town Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

73.  At all times relevant to this action Town Defendants acted lawfully and in

good faith, and in a non-reckless manner and, although they deny the allegations of unlawful conduct as set forth in the Amended Complaint, had reasonable grounds for believing that the acts or omissions alleged in the Amended Complaint were not violative of any law.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

74.     At all times relevant to this action Town Defendants acted lawfully and in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, and interpretations of appropriate agencies of the United States.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

75.     Defendant JOHN KAPICA at all relevant time periods alleged in this Amended Complaint acted in good faith in the performance of his duties, and in accordance with all applicable statutes, laws, codes, rules, agreements and regulations and pursuant to their statutory authority is entitled to qualified immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

76.     Plaintiff is not entitled to punitive damages against Town Defendants for acts undertaken in their official capacities.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

77	In the event that a verdict or decision is determined in favor of plaintiff against defendants, no punitive damages may be properly awarded if the conduct upon which the verdict was rendered occurred while defendants were acting within the scope of their employment and did not constitute intentional wrongdoing or recklessness, because defendants would be entitled to indemnification from a municipal corporation, against which punitive damages may not be awarded.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

78.	Defendant JOHN KAPICA at no time acted willfully or maliciously in disregard of Plaintiff's constitutional rights.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

79.	Punitive damages can not be assessed against Defendant Town of Greenburgh

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

80.	Plaintiff is not entitled to attorney's fees.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

81. Any conduct which is alleged by plaintiff is <u>de minimis</u> and insubstantial and, as such, the allegations fail to establish a claim under 42 U.S.C. Section 1983.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

82. Plaintiff has failed to adequately plead and/or prove that the Town defendants instituted a "practice, policy or custom" of inadequate training and/or supervision so as to justify the claims of municipal liability.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

83. Defendant Town of Greenburgh cannot be held liable based upon a theory of <u>respondeat superior</u> for the alleged violations of the plaintiff's civil rights by its employees.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

84. At all times mentioned the Town defendants acted in accordance with the Constitution of the United States of America and the Constitution of the State of New York, and all state and local laws relative thereto.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

85.   All actions taken by the Town defendants were justified, proper and/or lawful under the circumstances.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

86.   The Amended Complaint has not established that the plaintiff has actual and ascertainable damages.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

87.   Town defendants did not violate plaintiff's constitutional rights to equal protection under the Fourteenth Amendment of the United States Constitution because the Town defendants did not discriminate against plaintiff on the basis of her gender.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

88.   If the plaintiff sustained damages as alleged in the Amended Complaint, which is expressly denied by the Town defendants, then such damages were caused in whole or in part by reason of the plaintiff's failure to mitigate her damages and the amount of damages otherwise recoverable shall be reduced by such amounts as is attributable to plaintiff's failure to mitigate.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

89.    If the plaintiff sustained damages as alleged in the Amended Complaint, which is expressly denied by the Town defendants, then such damages were caused in whole or in part by the culpable conduct of the plaintiff. The amount of damages recoverable, if any, shall therefore, be diminished in proportion to which said culpable conduct, attributable to plaintiff, bears to the culpable conduct which caused such injuries.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

90.    Punitive damages are not available as against answering defendant JOHN KAPICA when answering defendant is sued in his official capacity.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

91.    Upon information and belief on or about February 21, 2007 plaintiff accepted an Adjournment in Contemplation of Dismissal ("ACD") in connection with her arrest for possession of marijuana. This ACD does not represent a termination of a criminal action in favor of plaintiff, and effectively precludes an action for false imprisonment and malicious prosecution.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

92.   The plaintiff waived any right to sue the defendants for any claim arising out of her arrest, the prosecution of which did not terminate in her favor.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

93.   Any acts which form the basis of plaintiffs claim for false arrest against Town defendants were committed by law enforcement officers in the employ of the Town of Greenburgh in the scope of their employment were justified as being reasonably necessary, and were committed in good faith without malice and with probable cause, and in the performance of discretionary functions for which the defendant are qualifiedly privileged under the laws of this State and of the United States.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

94.   Plaintiff has failed to adequately plead a cause of action under New York Civil Rights Law §40-c and 40-d.

WHEREFORE, Town Defendants deny that plaintiff is entitled to any relief and request that the Amended Complaint be dismissed in its entirety with prejudice and for such other and further relief as the Court may deem just and proper.

Dated:     Tarrytown, New York
            May 31, 2008

                           **MURPHY STECICH & POWELL, L.L.P.**
                           Attorneys for the Town of Greenburgh
                           and John Kapica

                                   _____S/_____
                           Brian D. Murphy (BDM 1017)
                           828 South Broadway, Suite 300
                           Tarrytown, New York 10591
                           (914) 674-4100

To:     Law Firm of Ravi Batra, P.C.
        Counsel for Plaintiff
        The Batra Building
        142 Lexington Avenue
        New York, New York 10016

        Thomas J. Troetti, Esq
        Attorney for Defendants Muesser, Gramaglia. Pumillo. Fertig Massett & Olson
        305 Old Tarrytown Road
        White Plains, New York 10603

        Quinn & Melea
        Attorney for Defendant Erik Ward
        399 Knollwood Road
        White Plains, New York 10603