# THOMAS J. TROETTI
ATTORNEY-AT-LAW
305 OLD TARRYTOWN ROAD
WHITE PLAINS, NEW YORK 10603
(914) 946-1875

FAX
(914) 949-1342

Docket in case # 07 CV/CR 3216 —BY FACSIMILE
As: Letter
Date: 8/8/08　LMS/USMJ

August 15, 2008

United States Magistrate
Judge Lisa Smith
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150



RECEIVED
AUG 15 2008
HON. LISA MARGARET SMITH
U.S.M.J.

　　Re:　Pane v. Greenburgh, et al
　　　　 07 CV 3216 (WP4) (LMS)

Dear Judge Smith:

　　This is submitted in opposition to the application of Ravi Batra, Esq., dated August 11, 2008 for leave to amend the Complaint *nun pro tunc* to add as defendants Police Officers Edward Olsen and Daniel Massett.

　　In pertinent part, at paragraphs 42 to 45 of the proposed Amended Complaint it is alleged as follows:

### Police Officer Daniel Massett

While detained in the police processing area, Ms. Pane was taken to the fingerprinting room, wherein ...defendant Police Officer Daniel Massett subjected her to ... sexual improprieties, specifically asking her about "spanking" and "medical role play...."

### Police Officer Edward Olsen

....Police Officer Edward Olsen took various Polaroid pictures of various parts of Ms. Pane's body - without her consent - and without her ability to protest, while she was detained in the fingerprinting room. Defendant Olsen then used his cellular telephone's camera to video record Ms. Pane whilst she was in the fingerprinting room.

1

Defendant Olsen then handed the photographs to various John Doe Greenburgh police officers who each inquired of Ms. Pane to identify her internet website address and her "dominatrix-name." ... Sergeant Pumillo, then interrupted the misconduct – not for disciplinary or security purposes, but instead to warn his subordinates and colleagues that there were security video cameras in operation which could capture their wrongdoing ....

For purposes of this letter Brief, I accept as true the allegations of the proposed Amended Complaint that while Ms. Pane was in the fingerprinting room at Greenburgh Police Headquarters – an area within the view of departmental security video cameras – where she was fingerprinted and photographed as part of her arrest, Police Officer Edward Olsen took Polaroid pictures of her and used his cellular telephone camera to video record Ms. Pane, which additional images were "not taken or disseminated to other police officers as part of arrest processing procedures."

At paragraph 91 of the proposed Amended Complaint, Ms. Pane further alleges, as relevant to Police Officer Edward Olsen, that he participated "in a pattern of harassment against her based on her status as a woman" subjecting her "to demeaning and denigrating sex based speech, comments and actions... in violation of the Equal Protection Clause of the Fourteenth Amendment...."

While a party may amend a complaint by leave of court pursuant to Fed. R. Civ. P. 15, such application should be denied "when the proposed amendment is legally insufficient and it would be futile to grant leave to amend" *Jones v. New York State Div. of Military & Naval Affairs*, 166 F. 3d 45, 55 (2d Cir. 1999); *Ruffolo v. Oppenheimer & Co.*, 987 F. 2d 129, 131 (2d Cir. 1993). The determination whether a proposed claim is futile is made under the same standards that govern a motion to dismiss under Fed. R. Civ.P. 12(b)(6) See *A.V. by Versace, Inc. v. Gianni Versace*, 160 F. Supp. 2d 657, 666 (S.D.N.Y. 2001). Thus, an amendment is futile "if the proposed amended complaint would be subject to 'immediate dismissal' for failure to state a claim or on some other ground" *Randolph-Rand Corp. of New York v. Tidy Handbags, Inc.*, 2001 WL 1286989 (S.D.N.Y. Oct. 24, 2001). Where the amended portion of the Complaint fails to state a cause of action the court may deny that part of the party's request to amend See *S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F. 2d 28, 42 (2d Cir. 1979).

The defendants accept as true the factual allegations at paragraphs 42 to 45 of the proposed Amended Complaint, which set forth causes of action pursuant to 42 U.S.C. section 1983.

The statute at 42 U.S. C. section 1983 "is not a source of substantive rights" but "merely provides a method for vindicating federal rights elsewhere conferred" *Patterson v. County of Oneida*, 375 F. 3d 206, 225 (2d Cir. 2004). The elements of a section 1983 action are that the acts alleged to have been committed by the defendants were under color of state law and (2) that the conduct in question deprived a person of a right,

2

privilege, or immunity secured by the United States Constitution or the laws of the Untied States See *Dwares v. New York*, 985 F. 2d 94, 98 (2d Cir. 1993).

Because Officer Olsen does not dispute that any actions taken by him were under of color of state law, the sole issue is whether the plaintiff has alleged in the proposed Amended Complaint sufficient facts of a violation of a constitutional or federal right so as to survive a motion to dismiss See *Dahlberg v. Becker*, 748 F. 2d 85, 88 (2d Court. 1984) *cert denied* 470 U.S. 1084 (on a dismissal motion for failure to state a claim the rule is that the allegations of the complaint are deemed true and must be viewed in a light most favorable to the plaintiff); See also *Kramer v. Time Warner*, Inc., 937 F. 2d 767, 773 (2d Cir. 1991) (a motion to dismiss for failure to state a claim a court should limit itself to the facts stated in the complaint).

There is not a single case decided in the Second Circuit which provides that the taking of a person's image by use of a camera and/or a video recorder, without such person's consent, rises to the level of a violation of a right secured by the provisions of the United States Constitution and/or any federal statute. Nowhere in the proposed Amended Complaint does the plaintiff allege that Police Officer Edward Olsen had any physical contact with Ms. Pane, caused her any physical injury or even threatened her. To the extent that the proposed amendment is based upon the plaintiff's claim that, while she was in the fingerprinting room, Officer Olsen merely took a picture of her with use of a Polaroid camera and recorded her image on his cell phone video camera, the plaintiff's proposed amendment to the Complaint is futile.

There have been numerous section 1983 actions where the courts have held that outright verbal threats, the use of abusive language and even racial epithets, without more, do not rise to the level of a violation of any constitutional right See *Amaker v. Foley*, 2003 WL 21383010 (W.D. N.Y. 2003) *aff'd* 2005 WL 78798 (2d Cir. 2005); *Moncrieffe v. Witbeck*, 2000 WL 949457 (N.D.N.Y. 2000) ("threats do not amount to violations of constitutional rights" quoting *Malsh v. Austin*, 901 F. Supp. 757, 763 (S.D.N.Y. 1995). Without any showing of injury or damage , such claims of verbal harassment are insufficient to state a claim under section 1983 See *Purcell v. Couglin*, 790 F. 2d 263, 265 (2d Cir. 1986) See *Haussman v. Fergus*, 894 F. Supp. 142, 149 (S.D.N.Y. 1995) (taunts, insults and racial slurs do not constitute an infringement of constitution guarantees); *Wright v. Santoro*, 714 F. Supp. 665, 667 (S.D.N.Y. 1989) (discriminatory statements reflecting racial prejudice are not actionable under section 1983 when not connected to any physical injury); See also *Sumpter v. Town of Greenburgh*, 01 Civ. 5784 (S.D.N.Y. 2004, Hon. Charles L. Brieant) (police officer accused of making disrespectful remarks and offensive comments during fingerprinting not actionable under section 1983 except in connection with physical injury ) *affirmed by Summary Order* No,. 04-2139 (2d Cir. 2005).

Verbal harassment or profanity alone "unaccompanied by any injury no matter how inappropriate, unprofessional or reprehensible it might seem" cannot form the basis of a section 1983 claim and, as a result, is not actionable See *Okin, v. Village of Cornwall-On –Hudson*, 2006 WL 2997296 (S.D.N.Y. 2006); See *Shabazz v. Pico*, 994

3

F. Supp. 460 (S.D.N.Y. 1998); *Brown v. Croce*, 967 F. Supp. 101, 104 (S.D.N.Y. 1997); *Ramirez v. Holmes*, 921 F. Supp. 204, 210 (S.D.N.Y. 1996); *Hurdle v. Ackerhalt*, 1993 WL 71370 (N.D.N.Y. 1993 ) (allegations of threats and harassment do not rise to level of a constitutional violation). Neither harassment nor slander rises to the level of a constitutional claim, even if such action lies in state law *Garcia v. Torreggiani*, 1985 WL 3957 (S.D,.N.Y. 985) ("mere verbal abuse, slander, threats and harassment are not judicially cognizable injuries in a 1983 civil rights action."); *Johnson v. Glick*, 481 F. 2d 1028, 1033 n. 7 (2d Cir. 1973).

In short, to be free from having one's photograph taken, or image recorded, is not a right, privilege or immunity secured by the United States Constitution. While the claimed conduct of Officer Olsen might have been unprofessional and/or inappropriate, it violated no constitutional right of the plaintiff's.

As a result, the factual allegations of the proposed Amended Complaint fail to articulate a claim against Police Officer Olsen based on the violation of any constitutional right. While the plaintiff, generically, asserts a claim that there was a violation of her right to equal protection under the Fourteenth Amendment, she fails to allege any facts which provide a sufficient basis to survive a motion to dismiss.

An equal protection claim requires "purposeful discrimination, directed at an individual or suspect class" *Giano v. Senkowski*, 54 F. 3d 1050, 1057 (2d Cir. 1995). Under the "class of one" theory of equal protection a plaintiff must allege that he/she has been intentionally treated differently from others in similar situations and that there is no rational basis for the difference in treatment *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To state "a class of one" claim under *Olech* a plaintiff must allege (i) that he/she was treated differently from others similarly situated individuals and (2) such disparate treatment was irrational, wholly arbitrary or motivated by animus *Harlen Associates. v. Village of Mineola*, 273 F. 3d 494, 499-500 (2d Cir. 2001); *Colandro v. Town of Orangeburg*, 490 F. Supp. 2d 342, 349 (S.D.N.Y. 2007) (defendant's motion to dismiss plaintiff's equal protection claim granted because "complaint failed to allege any similarly situated class of persons with respect to whom she was treated differently").

Here, there is no allegation in the proposed Amended Complaint that any similarly situated class of persons as the plaintiff was treated differently. Because the plaintiff has failed to allege any conduct engaged in by Police Officer Olsen which infringed upon any of the plaintiff's rights under the United States Constitution, leave to amend that part of the Complaint which seeks to add Officer Olsen as a defendant must denied. Should this Court deny that aspect of the plaintiff's motion to amend because no federal claim has been alleged, there would be no independent basis for jurisdiction over plaintiff's state law claims asserted against Police Officer Olsen. As a result, the state law claims that Officer Olsen violated New York State Civil Rights Law section 40-c and that his conduct constituted intentional infliction of emotional distress should also be dismissed United Mine *Worker's v. Gibbs*, 383 U.S. 715, 726 (1966) (it is well settled that "if the federal claims are dismissed, ... the state claims should be dismissed as well"). ⁱⁱ

4

Respectfully Submitted,

THOMAS J. TROETTI

TJT/tbh
cc: Rava Batra, Esq.
    Brian Murphy, Esq.
    Andrew Quinn, Esq.

---

[i] The instant opposition to the plaintiff's request for leave to amend the Complaint is limited to those allegations asserted against Police Officer Edward Olsen. The factual allegation against Police Officer Daniel Massett that he "subjected [the plaintiff] to sexual improprieties" is, on its face, sufficiently broad that I concede such allegation would survive a motion to dismiss brought pursuant to Fed. R Civ. P. 12 (b) (6).

[ii] The mere taking of someone's photograph and/or a video tape of them provides no legal basis for any state law claim in New York State since Civil Rights Law section 51 only prohibits use of a living person's picture for "advertising" or "trade" purposes without prior written consent. Liability for intentional infliction of emotional distress only lies where "the conduct has been so outrageous in character, and so extreme in degree, as to be beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" See Howell v. New York Post Co., Inc., 81 N.Y. 2d 115 (1993) (claim by a patient whose image was taken by a New York Post photographer who trespassed onto the secluded grounds of a psychiatric facility where he took a photograph of the patient, later published on the front page of a newspaper, did not support a claim for invasion of privacy, intention infliction of emotional distress or any other civil claim for damages).